## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ADAM ANTHONY LUJANO

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

CITY OF CHICAGO

vs.

DET. EDWARD VILLALOBOS #21211

DOMINIQUE COLE

CEDRIC DARDEN

JUDGE THOMAS BYRNE

STATES ATTORNEY BRIAN BURKE

STATE ATTORNEY ANDREA WILLIAMS

24-cv-865
Judge Kendall
Magistrate Judge McShain
PC 6 RANDOM

Case No. _____
(To be supplied by the Clerk of this Court)

STATES ATTORNEY DOMENICA DEVITT
STATE ATTORNEY CHRISTINE CARLYON
STATE ATTORNEY KIMBERLY FOXX
STATE ATTORNEY CHRISTINA BREWER
FOX 32 NEWS PUBLISHER/JOHN DOE
DET. KEVIN KILROY #21056

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

[X] **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
    **U.S. Code** (state, county, or municipal defendants)

____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
    **28 SECTION 1331 U.S. Code** (federal defendants)

____ **OTHER** (cite statute, if known)

**BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR**
**FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.**

I. **Plaintiff(s):**

A. Name: ADAM LUJANO

B. List all aliases: ANGELOS LUJANO

C. Prisoner identification number: #R44373 / #56885

D. Place of present confinement: WISCONSIN JAIL

E. Address: 800 LANGE COURT BARABOO WI 53913

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: EDWARD VILLALOBOS

Title: DETECTIVE

Place of Employment: CHICAGO POLICE DEP. 51 AND WENTHWORTH

B. Defendant: DOMINIQUE COLE

Title: VICTIM ON MY CASE

Place of Employment: COMMISSARY IN COOK COUNTY JAIL C.B.M PREMIRE

C. Defendant: CEDRIC DARDEN

Title: VICTIM ON MY CASE

Place of Employment: N/A

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                              Revised 9/2007

(D) DEFEANT: THOMAS BYRNE

TITLE: JUDGE

PLACE OF EMPLOYMENT  2650 S CALIFORNIA CHICAGO IL 60608


(E) DEFEANT: BRIAN BURKE

TITLE: STATES ATTORNEY

PLACE OF EMPLOYMENT  2650 S, CALIFORNIA CHICAGO IL 60608


(F) DEFEANT: ANDREA WILLIAMS

TITLE: STATE ATTORNEY

PLACE OF EMPLOYMENT  2650 S, CALIFORNIA CHICAGO IL 60608


(G) DEFEANT: DOMENICA DEVITT

TITLE: STATES ATTORNEY

PLACE OF EMPLOYMENT  2650 S, CALIFORNIA CHICAGO IL 60608

(H) DEFEANT: CHRISTINE CARLYON

TITLE: STATES ATTORNEY

PLACE OF EMPLOYMENT 2650 S CALIFORNIA CHICAGO IL 60608

(I) DEFEANT: KIMBERLY FOXX

TITLE: STATES ATTORNEY

PLACE OF EMPLOYMENT 2650 SO CALIFORNIA CHICAGO IL 60608

(J) DEFEANT: CHRISTINA BREWER

TITLE: STATES ATTORNEY

PLACE OF EMPLOYMENT 2650 S CALIFORNIA CHICAGO IL 60608

(2)

(K) DEFEANT: KEVIN KILROY
    TITLE: DETECTIVE
    PLACE OF EMPLOYMENT: CHICAGO POLICE DEP 51 WENTWORTH CHICAGO
(L) DEFEANT: FOX 32 NEWS PUBLISHER(S) ETC/JOHN DOE
    TITLE: NEWS
    PLACE OF EMPLOYMENT: 205 N MICHIGAN CHICAGO IL 60601
(M) DEFEANT: CITY OF CHICAGO
    TITLE   CITY OF CHICAGO
    PLACE OF EMPLOYMENT CITY OF CHICAGO

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

**A.** Name of case and docket number: LUJANO V. TILDEN
LUJANO V. AARON CARRANZA  LUJANO V. MATTHEW HEAVEN

**B.** Approximate date of filing lawsuit: 2020 SOME TIME 2010/2015.

**C.** List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

**D.** List all defendants: TILDEN / CARRANZA / MATTHEW
HEAVEN (ETC)

**E.** Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): NORTHERN DISTRICT (ONE IN CHAMPAGNE IL

**F.** Name of judge to whom case was assigned: DON'T NO. N/A

**G.** Basic claim made: COPS BEAT ME UP /
MEDICAL IN IL, DOC.

**H.** Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): ONE CASE WAS DISMISSED
(2) TWO OF THE CASE(S) I GOT PAID

**I.** Approximate date of disposition: 2010  2015  2020 SOME TIME

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

ON FEB. 15, 2022 DOMINIQUE COLE AND CEDRIC DARDEN SAID I SHOT AT THEM BY ASHLAND DOWN TO ARCHER FROM 36ST ATABOUT 8:00(PM).9:00PM (911) DISPACH SAID FEMALE VICTIM IS NT SHOT JUST CUT "NO ONE SHOT ON SCENE, EMT(S)/EMS THAT WAS ON THE SCENE SAID IN THE REPORTS NO BULLETS HIT ANYONE NO SIGNS OF GUN SHOT WOUNDS ON HER AND THERES "BODY CAM "AS WELL EMT SAYING "SHES NOT SHOOT" SHE GOT A CUT ON HER ARM BUT I DONT KNOW WERE IT CAME FROM BUT SHES NOT SHOT. THE EMERGENCY ROOM SAID PATIENT PRESENTS WITH "LACERATION FROM MOTOR VEHICLE CRASH". ON 2-23-22 SHE WENT TO FOR A CHECK UP WITH DOCTOR IT SAID PATIENT SUSTAINED LACERATION IN A MOTOR VEHICLE ACCIDENT PATIENT DENIES FURTHER INJURY SINCE THE MOTOR VEHICLE ACCIDENT. ON FEB 16 2022 THE NEXT DAY

Revised 9/2007

DOMINIQUE COLE "CALLED" AREA (1) AND RELATED
THAT MEDICAL PERSONAL AT THE HOSPITAL WHERE
SHE WAS RECEIVING TREATMENT INFORMED HER
THAT SHE WAS SHOT IN THE LOWER LEFT
ARM DURING THIS INCIDENT. SEE EXHIBIT (17A)
CEDRIC DARDEN MADE A REPORT AS WELL
TO THE COPS THAT I WAS SHOOTING AT
THEM FEB 15, 2022 DOWN ASHLAND AV
AND HE DID A PHOTO LINE UP AND SAID
THATS THAT MOTHER FUCKER THAT "SHOT"
MY GIRL," THE OFFICER (S) REPORT FROM
THAT DAY/SAID INJURY VICTIM CAUSED
BY ACCIDENT #JF145715 IT GOT OFFICER
LIANG NAME ON THIS, FORENSIC SERVICES
DIVISION SAID ON REPORT (S) FORENSIC HAS
"NO" RECORD ON FILE OF "ANY" PHOTOGRAPHS
NEGATIVES OR DIGITL PHOTOGRAPHIC UNDER
# JF145715 FORENSIC NEVER WENT OUT THEIR
AT ALL THEY NEVER NEW A SHOTING HAPPEN.
DETECTIVE EDWARD VILLALOBOS # 21211
WAS THE PRIMARY DETECTIVE ASSIGNED ON
THE CASE THIS DETECTIVE VILLALOBOS
SEE: EXHIBIT (19), (27A)(XX)(3A)(3A)(9A) ECT

Revised 9/2007

NEVER INVESTGED THIS CASE AS YOU
WILL SEE ALL REPORT(S) I'M SENDING.
IN MARCH 24, 2022 THIS PHOTO LINEUP
WAS DONE THIS (DET) MADE THE
LINEUP FROM PEOPLE NOT NO WERE
FROM THAT AR AREA I WAS NOT
CHARGED TILL OCT 7, 2022 I
WAS INDITER AUG, 2022.
THIS DET DID NOT GO TO THE
INPOUND AT 103RD AND DOUTY AND
HE DID NOT PUT A HOLD ON THIS
CAR IF HE WOULD OF WENT
OUT HE WOULD OF SEEN NO
BULLET HOLES IN THIS CAR BUT
HE DID NOT. HE STATED HE DID
NOT THING THERE WAS "EVIDENTIARY
VALUE" HE SAID THIS ON TRIAL
JULY 17, 2023. HE SAID HE NEVER
BEING SHOT OR SHOT AT ON VIDEO(S)
HE SAID HE TOOK THE WORD OF
THE VICTIM(S) NOT "NO" REPORTS
SAY SHE WAS SHOT AT ALL
AND THIS DET VILLALOBOS
MADE HIS OWN REPORT UP MONTH(S)
LATER SAYING THAT DOMINIQUE COLE

SUSTAINED A "(G.S.W.)" TO THE LOWER
LEFT ARM. ON JULY 16, 2022 THIS
DET WENT TO THE VICTIM'S HOUSE
THEN HE SAID HE TALKED TO
THE STATE(S) ATTORNEY DOMENICA
DEVITT. SEE EXHIBIT (XX), (22A), (21A), (6), (E) (19A), (20A), (5), "ETC"

I SUED OFFICER(S) AND SGT(S) FROM
THIS POLICE DEPARTMENT IN (2015)
"51ST AND WENTHWORTH" THIS IS
WERE THIS DET VILLALOBOS IS
FROM. ONE WAS NAMED ON MY CASE KILROY SEE
EXHIBIT (3), (8)

ON JULY 19, 2022 AT ABOUT 12:11 HRS
(A.S.A.) STATE ATTORNEY DEVITT WENT TO
51ST AND THE (DET) VILLALOBOS
PRESENTED THE "EVIDENCE" OF THE
CASE TO THE STATE ATTORNEY DEVITT
"FOR REVIEW" THIS STATE'S ATTORNEY
SAID SHE APPROVED FELONY CHARGES
ON ME BUT NOT "ONE" REPORT
SAID "ANYONE" WAS SHOT AT
ALL. THEN THIS DET, VILLALOBOS
WENT TO THE GRAND JURY AND
"TESTIFIED" THAT THE VICTIM COLE
GOT SHOT" ... ,, SEE:EXHIBIT (8 A), (9A), (3A), (10),
(12A), (38), (24A), (27A), (1A), (22A), (B2) ETC, (7)

STATE(S) ATTORNEY(S) BRIAN BURKE AND
ANDRAEA WILLIAMS, CHRISTINE CARLYON
AND CHRISTINA BREWER KNEW THAT
NO ONE WAS SHOT I SHOWED THEM
TOLD THEM EVERY TIME IN COURT AND
THEY HADE "THERE INVESTIGATOR"
"WATCH ALL VIDEO(S)" WITH ME. SEE EXHIBIT(VV)1-3) ETC
EXHIBIT® (WHY) (88) (1) (8A) (9A),(1A) (22A) SEE ALL "EXHIBITS)
✱ HER NAME WAS JILL BURKE #431 SHE
✱ SEE AMBULACE VIDEO(S) WITH THE
FEMALE "CFD" STATE SHE IS NOT
SHOT .. SEE EXHIBIT (VV)(1-2)
AND SHE SEEN BODY CAM ON CHICAGO
POLICE #X6039ATIK AND #X6039ABE 3
SHOWING "NO" BULLET HOLES IN THERE
CAR AND THE WINDOWS WAS
UP I KEPT TELLING THEM
ABOUT THIS BUT THEY SEE
EXHIBIT (VV) (88) AND (WHY).
THE STATE(S) ATTORNEY(S) KNEW THIS
WAS NOT A CASE BUT STILL
TOOK ME TO TRIAL NOING
THEIR NOT SUPPOSE TO DO
THIS AFTER SEEING ALL
THIS IN THE "LIGHT"

AS YOU LOOK AT ALL MY EXHIBIT(S)
YOU WILL SEE THERE WAS
NO EVIDENCE ON THIS
CASE BUT THEY STILL
TOOK ME TO TRIAL
BECAUSE I DID MY OWN
CASE AND THEY VIOLATED
"ALL MY RIGHTS".

I' WROTE ALL SO STATE(S) ATTORNEY
KIMBERLY FOXX AND SENT
HER MY DISCOVERY TO SHOW
HER WHAT "HER" ASSISTANT(S)
STATE(S) ATTORNEY WAS DOING
BUT SHE STILL NEVER DID
ANYTHING ON THIS MATTER
SEE EXHIBIT (1 B) THAT LETTER HAD
A NOTARY AND AFFIDAVIT WITH IT".
JUDGE THOMAS BYRNE, DENIED
MY RIGHTS AND I TOLD HIM UNDER
(U.C.C. 1-103.6) WHICH STATE(S)
YOU MAYBE OPEN TO A LIABLE SUIT
FOR VIOLATING MY RIGHS UNDER
COMMON LAW BY USING THE WRON
STATUTES AGAINST "ME",, SEE
EXHIBIT(S)(2) AND EXHIBIT (FREE)

I WAS FOUND "NOT GUILTY"
OF AGGRAVATED DISCHARGE
OF A FIREARM ON DOMINIQUE
COLE AND CEDRIC DARDEN
SEE EXHIBIT (FREE)/(BB).
AND SEE: EXHIBIT (100) MY SUPPLEMENTAL
MOTION FOR NEW TRIAL PAGE (1)

WHICH STATE[S] UCC 1-103:6 THAT
STATE[S]: A JUDGE MAY EVEN BE OPEN T
A LIABLE SUIT FOR VIOLATING MY RIGHT
UNDER COMMON LAW BY USING THE
"WRONG STATUTE[S]"

EXHIBIT (2) IS THE COUNT[S] WHICH
STATE[S]: "ATTEMPT FIRST DEGREE
MURDER" THAT I "SHOT" DOMINIQUE
COLE WHILL ARMED WITH A FIREARM
AND I "SHOT" AT CEDREC DARDEN
WHILE ARMED WITH A FIREARM
UNDER 9-1 (A)(1) AND 8-4 (A) WHICH
STATES,

SEE EXHIBIT (FREE) PAGE (63) I.
ASKED FOR DIRECTED VERDICT/
DIRECT FINDING

ON (45) (10-13) THE JUDGE DENIED
THIS HE SAID MY FINDING THAT
ANY RATIONAL TRIER OF FACT
"COULD HAVE FOUND" THE ESSENTIAL
ELEMENTS OF THE CRIME BEYOND
A REASONABLE DOUBT",,,,
SEE PAGE 174 (14-19) STATE

THE JURY FIND DEFENDANT NOT GUILTY
of "AGGRAVATED DISCHARGE OF A
FIREARM",,

ON PAGE 168 (21-24) AT 4:42ᵃᵐ THE JURY
SEND A NOTE ASKING IN THE
ATTEMPT FIRST-DEGREE MURDER CHARGE
DEPENDENT UPON A GUN "BEING FIRED"?

ON PAGE 170 (1-3) THE JUDGE
STATED: IF YOU THINK ABOUT IT, THAT
IS NOT NECESSARILY TRUE IN ALL
SITUATIONS, "YOU CAN TRY TO KILL
SOMEONE WITH A KNIFE, A BASEBALL
BAT, A CAR",,,

THIS STATEMENT HERE SHOWS

(12)

THAT HE(S) "AWARE" THAT UNDER
A (9-1 AND A 8-4) YOU NEED SOME
KIND OF "WEAPON" OFF HIS STATEMENT
BUT HE STILL CONVICTED ME
"UNDER THE WRONG STATUTE",,,
ALSO SEE : EXHIBIT (D T) AND EXHIBIT (3)

THE JUDGE T.HOMAS BYRNE
ORDER OF SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTION(S)

FOX PUBLISHER / JOHN DOE PUT ME
ALL OVER THE NEWS SAYING I
DID SOME SHOTTING GRAZD A
WOMAN SEE EXHIBIT (26 A),
EXHIBIT (1)/(2A), (9A) (1A),(8A) ECT

DETECTIVE KEVIN KILROY #21054
HE SEEN A PICTURE ON A
OFFICER SAFFY ALERT SEE
EXHIBIT (3) THIS POLICE DEPARTMENT

(13)

# FACT(S)

THE DETECTIVE FABRICATED EVIDENCE,
FALSE REPORT(S) MISCONDUCT PURSUANT
TO THE POLICY AND PRACTICE OF CHICAGO
POLICE DEPARTMENT VIOLATION OF MY
DUE PROCESS TO A FAIR TRIAL
IN VIOLATION OF THE FOURTEENTH
AMENDMENT SEE GENERALLY MONELL 436
U.S. 658. BRADY CLAIM THE
GOVERNMENT VIOLATED MY DUE PROCESS
THE STATE ATTORNEY'S FAILS TO DISCLOSE
EVIDENCE MATERIALLY FAVORABLE TO
THE ACCUSED MOSLEY V. CITY OF CHI
614 F.3d 391 397 (7TH Cir 2010)
YOUNGBLOOD V. WEST VIRGINIA 547 US 867
869 (2006) WHITLOCK V. BRUEGGEMANN
682 F.3d 567 (7TH Cir 2012)
MALICIOUS PROSECUTION I AM
INNOCENCE OF THE CRIME THE
FOURTH AMENDMENT AND FALSE
IMPRISONMENT, FABRICATION OF EVIDENCE
SEE, SAUNDERS V. CITY OF CHI NOS.
12 C 9158 12 C 9170 12 C 9184 2013 WL
6009933, CIHAK V. CITY OF CHI NO 12 C 10418
2013, CRUZ V. CITY OF CHI NO 8 C 2087
2013 PADILLA V CITY OF CHI 932 FSupp 907

(14)

926-27 (N.D. Ill, 2013)

THEIR WAS NO PHYSICAL
EVIDENCE ON ME AT ALL SEE
EXHIBIT(S)

THE WITNESS GAVE FALSE TESTIMONY
THEIR WAS NO PROBABLE CAUSE
I WAS POINTED OUT BY A OFFICER
THAT I SUED IN 2015
KEVIN KILROY THE DETECTIVE
USED A OFFICER SAFETY
ALERT

THERE WAS NO EVIDENCE
ON MY BUT THE DETECTIVE
VILLALOBOS STILL TOOK IT
UPON HIS SELF TO CHARGE
ME SEE ALL EXHIBIT(S) IM
SENDING I GOT MORE
BUT THIS COUNTY JAIL WONT
SEND MY LEGAL MAIL FOR
"FREE" I DONT HAVE NO
MONEY THEY MAKE IT HARD
FOR ME DO DO ANY THIS ON
MY LEGAL STUFF ..

**V.  Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

TO BE COMPENSATED $50 MILLION DOLLARS PUNITIVE
DAMAGES COMPENSATORY DAMAGES "ETC" TO BE
FREED FOR EVERY ONE ON MY CASE
THAT DID SOMETHING WRONG PAY FOR
THERE ACCTION

**VI.** The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20____

(Signature of plaintiff or plaintiffs)

ADAM LU JANO

(Print name)

(I.D. Number) 56886

1300 LANGE CT BARABOO
WINCONSIN 53913

(Address)

Revised 9/2007

(EXHIBIT 3)

| ISSUE DATE: | 14 January 2019 | EFFECTIVE DATE: | 14 January 2019 |
|---|---|---|---|
| RESCINDS: | 16 January 2015 version and S04-02 06 November 2014 version | | |
| INDEX CATEGORY: | 04 - Preliminary Investigations | | |
| CALEA: | | | |

I. **PURPOSE**

This directive continues:

A. the duties, _procedures_ and responsibilities of Department members assigned to the protection, _processing,_ and investigation of crime scenes.

B. the concept of forming inner perimeters, outer perimeters, staging areas and mobilization areas at crime scenes.

C. the use of red barrier tape for creating inner perimeters.

D. _the use of yellow barrier tape for creating outer perimeters._

E. the use of the Crime Scene Weapon Recovery Kit.

F. the use of crime scene evidence markers.

G. _satisfies CALEA Law Enforcement Standard in Chapters 42 and 83._

II. **POLICY**

It is the policy of the Chicago Police Department to secure and protect crime scenes, when appropriate, and to collect, preserve, and submit evidence for analysis in a manner consistent with Department directives and legal requirements.

III. **GENERAL INFORMATION**

A. A crime scene can contain physical evidence that may be relevant to a successful investigation. Therefore, every crime scene will be evaluated for the presence of physical evidence.

B. A supervisor will immediately be notified when a preliminary investigator determines that physical evidence is present at a crime scene that requires processing by the Forensic Services Division.

C. When feasible, a supervisor will respond to the scene and determine if Forensic Services Division personnel are required for crime scene processing. If a supervisor is unable to respond, the preliminary investigator will make the request.

D. In the absence of exigent circumstances, a crime scene will be protected until it is completely processed for physical evidence. **Evidence will NOT be disturbed prior to processing, unless it is absolutely necessary to preserve life or to protect the evidence from loss or damage.**

E. When a Department member determines there is a compelling reason to handle evidence before the crime scene has been evaluated by Forensic Services Division personnel or a detective, he or she will wear fresh rubber gloves for each item of evidence touched, or firearm. _Furthermore:_

1. each item of evidence that has been touched prior to the processing of the scene will be inventoried following the procedures _delineated in the Department directive entitled_ "Processing Property Under Department Control" and outlined in Item III-F of this directive.

2. *each firearm and/or property directly related to a firearm that has been touched prior to the processing of the scene including recovered firearms that require fingerprint or DNA processing will be processed in accordance with the Department directive entitled "Firearms Taken Into Custody or Turned In" and Item III-F of this directive. Each recovered firearm will be placed in a fresh Firearm Evidence Envelope (CPD-33.404) during the inventory process.*

**NOTE:** Rubber gloves and Firearm Evidence Envelope (CPD-33.404) are contained within the Crime Scene Weapon Recovery Kit. These kits will be carried in the trunk of field supervisors vehicles and can be obtained from the Equipment and Supply Section. Additional Crime Scene Weapon Recovery Kits may be carried by any member of the Department.

F. Whenever physical evidence is moved or disturbed prior to the scene being processed by the Bureau of Detectives or Forensic Services Division personnel, the involved member will:

1. immediately notify the Bureau of Patrol supervisor assigned to supervise the preliminary investigation;

2. immediately notify responding Bureau of Detectives and/or Forensic Services Division personnel;

3. inventory the evidence, unless relieved of this responsibility by the assigned Bureau of Detectives and/or Forensic Services Division personnel;

4. if the member is the assigned preliminary investigator, detail the circumstances in the narrative of the appropriate case report; and

5. if the member is not the assigned preliminary investigator, detail the circumstances in a Supplementary Report.



G. Access to a crime scene will **only be permitted** to personnel who are responsible for:

1. rendering aid to the injured;

2. supervising the investigation;

3. protecting the crime scene;

4. investigating the crime;

5. processing the crime scene for evidence; or

6. processing deceased persons.

**NOTE:** All other personnel must receive authorization from the highest ranking Department member on the scene to access a crime scene.

H. Bureau of Patrol supervisors will be responsible for overseeing the investigation, protection, and processing of the entire crime scene, including the inner and outer perimeters and the staging area, until such time as a member of the Bureau of Detectives arrives on the scene.

I. After the arrival of a detective assigned to the investigation, responsibility for overseeing the crime scene will be as follows:

1. The highest ranking Bureau of Patrol supervisor on the scene will be responsible for overseeing the protection of the outer perimeter formed by yellow barrier tape.

2. The highest ranking member of the Bureau of Detectives on the scene will be responsible for overseeing the protection and processing of the inner perimeter formed by red barrier tape. Once on the scene, the detective may create, alter, or discontinue the use of an inner perimeter to meet the needs of the investigation.

 J. The Bureau of Detectives will assign a detective to respond to and investigate all crime scenes involving any homicide, suicide, aggravated battery likely to cause death, _officer-involved death,_ when the discharge of a firearm (except animal destruction) by or at a Department member has occurred, or any incident in which the ranking Bureau of Patrol supervisor on the scene requests the assignment of a detective.

 K. The Forensic Services Division will assign personnel to all crime scenes involving any homicide, suicide, aggravated battery likely to cause death, _officer-involved death_, incident where the discharge of a firearm (except animal destruction) by or at a Department member has occurred, or any incident in which the ranking Bureau of Patrol supervisor on the scene requests the assignment of Forensic Services Division personnel.

## IV. PROCEDURES AND RESPONSIBILITIES

(Revised items are indicated by _italics/double underline_.)

A. At the beginning of the tour of duty, field supervisors will ensure that an adequate supply of the following is carried in their vehicles:

1. red crime scene barrier tape,

2. yellow crime scene barrier tape,

3. Crime Scene Weapon Recovery Kits,

4. crime scene evidence markers.

B. The first _Department member_ to arrive at a crime scene will:

1. follow all applicable procedures established in the Department directive entitled "Preliminary Investigations."

2. if the investigation indicates that a homicide, suicide, aggravated battery likely to cause death, _officer-involved death_, or a police-related shooting has occurred, request the assignment of:

a. a _ranking_ Bureau of Patrol supervisor.

b. a detective from the appropriate Bureau of Detectives.

c. Forensic Services Division personnel, if a Bureau of Patrol supervisor is unavailable.

**NOTE:** Notifications or requests for the assignment of a detective or a member of the Forensic Services Division **will not** be made from a telephone located within a crime scene. If a telephone is not available, requests may be made by an Office of Emergency Management and Communication (OEMC) dispatcher. Members will use caution when referring to the names and addresses of victims when making requests or notifications from personal cellular telephones.

 G. A Bureau of Patrol supervisor assigned to oversee the preliminary investigation _will determine if an inner and/or outer perimeter is needed for the protection of a crime scene,_ and ensure that:

1. the crime scene area or location is secured, and:

 a. yellow barrier tape is used to create an outer perimeter and _if necessary_, a staging or _mobilization area_ when determined appropriate.

 b. red barrier tape is used to create an inner perimeter when determined appropriate.

c. crime scene evidence markers are used only when:

G04-02 Crime Scene Protection and Processing
© Chicago Police Department, January 2019

Current as of 8 March 2023:1251 hrs
Page 3 of 6

 (1) evidence may be lost, stolen, or damaged prior to the arrival of Forensic Services Division personnel, and

 (2) an inner and outer perimeter is created by the use of red and yellow crime scene barrier tape, **or**

(3) when directed by a supervisor.

**NOTE:** The inner perimeter will be established to include all the known, observed evidence at that time. Once the inner perimeter is established, **Department members will not re-enter to place crime scene evidence markers.** If evidence is discovered outside the inner perimeter, a crime scene evidence marker will be placed, when necessary.

 2. the scene is protected, and:

    a. admittance to the outer perimeter, staging area and/or *mobilization area* formed by yellow barrier tape is allowed only when:

        (1) it is necessary to render aid to the injured.

        (2) the member is authorized to access the inner perimeter.


        (3) the member is directly responsible for collecting and/or processing evidence or investigating the crime.


     b. admittance to the inner perimeter formed by red barrier tape is permitted only when:

        (1) it is necessary to render aid to the injured.

        (2) the member is directly responsible for the investigation of the crime.

        (3) the member is directly responsible for the processing or the collection of evidence.

        (4) the crime scene has been evaluated and access has been approved by the Bureau of Detectives and/or Forensic Services Division personnel or a supervisor.

3. the appropriate Bureau of Detectives or Forensic Services Division personnel have been requested.

4. notifications are made in accordance with the provisions of the Department directive entitled "Preliminary Investigations."

 5. personnel specifically assigned to protect a crime scene are given thorough instructions regarding their duties and are fully informed of the circumstances of the incident.

 6. Summary Punishment or a Complaint Register (CR) investigation is initiated, consistent with the procedures established in the Department directives entitled "Summary Punishment" and "Complaint and Disciplinary Procedures," against any member who enters a crime scene or disturbs any evidence without authorization, as detailed in this directive.

 7. crime scene protection is terminated after the detective, Forensic Services Division personnel, and other authorized personnel have completed their crime scene investigation and processing.

 8. all crime scene barrier tape will be removed when crime scene protection is terminated. *The on-scene Bureau of Patrol supervisor will notify OEMC to request the Chicago Fire Department or another city agency (e.g. the Department of Streets and Sanitation) if the crime scene requires a washdown or cleaning and is located on public property.*

9. any contaminated set of crime scene evidence markers is replaced with a decontaminated set in a sealed plastic bag by either the Forensic Services Division supervisor or Forensic Services Division personnel. A complete set of ten contaminated markers must be submitted to receive a new decontaminated set of ten markers.

**NOTE:** If the exchange cannot be completed at the scene, replacement sets for decontaminated crime scene evidence markers may be obtained at the Forensics Services Division.

D. A *Department member* assigned to protect a crime scene will:

1. protect the scene as directed by the Bureau of Patrol supervisor until crime scene protection is terminated, and ensure that access is restricted consistent with Item IV-C-2.

: The Bureau of Patrol supervisor assigned to oversee the preliminary investigation will be immediately notified if the integrity of the crime scene is compromised.

2. complete a Supplementary Report. The report will contain the names, star numbers, and unit of assignment of all Department members and the names and organizational affiliation of all non-Department personnel who enter the crime scene, including paramedics and members from the Medical Examiner's Office.

**NOTE:** If the *Department member* assigned to protect the crime scene is also the preliminary investigator, a Supplementary Report **will not** be required. The information requested in Item IV-D-2 will be recorded on the appropriate case report.

E. A detective assigned to investigate a crime scene will:

1. report to the Bureau of Patrol supervisor assigned to oversee the preliminary investigation. The detective will investigate the scene for physical evidence and interview witnesses or persons having knowledge of the crime or incident.

2. consult with Forensic Services Division personnel and the Bureau of Patrol supervisor to coordinate and develop a plan for protecting, investigating, and processing the crime scene.

3. inform the Bureau of Patrol supervisor when the crime scene processing and investigation are completed and crime scene protection can be terminated.

4. access the boundaries of the inner perimeter and consult with the ranking Bureau of Patrol supervisor on scene to adjust, if necessary.

5. report any compromises of the integrity of the crime scene to the ranking Bureau of Patrol supervisor on scene, who will ensure the appropriate action is taken, as outlined in Items IV-C-6 and IV-D-2.

F. Forensic Services Division personnel assigned to process a crime scene will:

1. report to the Bureau of Patrol supervisor assigned to oversee the preliminary investigation. Forensic Services Division personnel, in cooperation with the assigned detective, will process the scene and examine, preserve, collect, package, and inventory physical evidence.

2. consult with the detective and the Bureau of Patrol supervisor to coordinate and develop a plan for protecting, investigating, and processing the crime scene.

3. create and submit a Crime Scene Processing Report using the eTrack system.

4. be responsible for:

a. the collection of any contaminated crime scene evidence markers at the crime scene.

b.   ensuring that any contaminated crime scene evidence markers are submitted to the Forensics Services Division for decontamination and redistribution.

NOTE:   If a Forensic Services Division supervisor or Forensic Services Division personnel are unable to replace the contaminated markers on the scene, the contaminated markers will be returned to the unit that used them with instructions relative to making the exchange at the Forensic Services Division.

Authenticated by KC

18-067 VM

Eddie T. Johnson
Superintendent of Police

EXHIBIT ~~##~~ (12)A

JF145715
DETECTIVE SUP. APPROVAL COMPLETE

Bt. 912 (Paper)
P.O. ~~TRAN~~ #7527
P.O. LIANG #18125

WITNESSES:
None identified

INTERVIEWED:
COLE
DARDEN

TO BE INTERVIEWED:
N/A

INVESTIGATION:

R/D Learned that the Offender, Adam LUJANO was in the custody of the IDOC. LUJANO was arrested on multiple warrants and his parole was violated. R/D learned he was currently being held at the Danville Correctional Center.

R/D contacted the IDOC Intel Center to request an interview with LUJANO. The IDOC Intel Center contacted R/D on 27 JUN 2022 and approved a face to face interview to take place on 06 JUL 2022.

On 06 JUL 2022, R/D along with Det. DINGLE #20890 traveled to Danville Correctional Center to interview the offender, Adam LUJANO. Upon arrival R/Ds spoke with Lt. CAMPBELL who arranged for R/Ds to interview Adam LUJANO. When LUJANO arrived for the interview, R/D advised him of his Miranda rights at 10:00 Hrs. in the presence of Det. DINGLE #20890. LUJANO requested a lawyer and did not wish to answer questions and the interview was terminated. This interview was documented on a BWC.

On 16 JUL 2022 R/D went the victim's residence and spoke with Victim Cedric DARDEN. DARDEN related that he and the other victim Dominique COLE would be willing to aid in this investigation and come to Area 1 to meet with Cook County States Attorneys. R/D spoke with COLE and arranged for the victims to come to Area 1 on 19 JUL 2022.

On 19 JUL 2022, the victims, Dominique COLE and Cedric DARDEN came to Area 1 Detective Division. R/D contacted Felony Review at 10:49 Hrs. to request charges in this case. ASA DEVITT called R/D at 11:15 Hrs. and related that she would be responding to Area 1.

On 19 JUL 2022 at 12:11 Hrs. ASA DEVITT arrived in Area 1. R/D presented the facts and evidence of the case to ASA DEVITT for review. ASA DEVITT interviewed the victims, Dominique COLE and Cedric DARDEN. COLE and DARDEN's statements were memorialized on ERI video. After reviewing the facts of the case, the evidence and interviewing the victims, ASA DEVITT approved felony charges at 14:17 Hrs. for:

720 ILCS 5/12-3.05-E-1 Aggravated Battery Handgun

EXHIBIT 38

| GENERAL PROGRESS REPORT | DATE OF ORIGINAL CASE REPORT | | | DATE OF THIS REPORT | | |
| BUREAU OF DETECTIVES | DAY | MONTH | YEAR | DAY | MONTH | YEAR |
| CHICAGO POLICE DEPARTMENT | 15 | FEB | 22 | 19 | JUL | 22 |

| OFFENSE CLASSIFICATION - LAST PREVIOUS REPORT | VICTIM'S NAME AS SHOWN ON CASE REPORT | BEAT/UNIT ASSIGNED |
| 041A | Cole / DARDEN | 5145 |

This form is designed for recording handwritten notes and memoranda which are made during the conduct of investigation including: inter-watch memoranda (handwritten or typewritten), witness and suspect interview notes, on-scene canvas notes, and any handwritten personal notes made by personnel assigned or detailed to the Bureau of Detectives during the course of their investigations which are used to prepare official Department case reports.

CONTACT FELONY REVIEW @ 1049 hrs, will call BACK

ASA DEVITT called BACK @ 1115 - will RESPOND to AREA.

ASA DEVITT IN AREA @ 1211 hrs.

@ 1417 hrs CHARGES APPROVED FOR
   AGG BATT FIREARM
   AGG DISCHARGE FIREARM

S/L SHIFT

| REPORTING OFFICER'S SIGNATURE - STAR NO. | RECEIVED BY: SUPERVISOR'S SIGNATURE-STAR NO. | DAY-MO.-YR. | TIME |
| 21211 | K Will | 847 | 26 SEP 22 | 1200 |

720 ILCS 5/24-1.2-A-2 Aggravated Discharge of a Firearm

ASA DEVITT related that since the Offender, Adam LUJANO, was in IDOC custody, that she would arrange for a direct indictment.                    L I I/ED

ON 09 Aug 2022, R/D appeared before the Grand Jury and testified to the facts of the case and Adam LUJANO was indicted on charges of Aggravated Battery, Aggravated Discharge and Attempted Murder.

On 07 Sep 2022 Adam LUJANO was brought to the Cook County Courthouse and he was processed under CB# 30175385 by P.O Ryan #12351 and P.O. Caldwell #16952 of the Area 1 HIST Team.

R/D requests that this case be classified as CLEARED CLOSED ARREST AND PROSECTION.

Report of:
Det. Edward VILLALOBOS #21211
Area One Detective Division
HGS

EXHIBIT

6



# OFFICE OF THE STATE'S ATTORNEY
## KIMBERLY FOXX
## COOK COUNTY, ILLINOIS

**George N. Leighton Criminal Courthouse**
2650 S California ave.
Chicago, Illinois 60608

DATE: 4/24/23

TO:    Adam Lujano

Cook County Department of Corrections
2600 S. California Ave.
Div11-CA-203-1
Chicago, IL 60608
Inmate #: 20221007110

RE:    People v. Adam Lujano
       Case No.: 22CR0918101

Mr. Lujano, I received your voicemail this afternoon, Monday April 24th, 2023. I did inquire with the court and the clerk's office about motioning your case up this week for you to file your appeal. However, at this time I am unable to motion the case up. Please refer to the Illinois Supreme Court Rules 306, 307, and 308 governing appeals. You may file any motions you wish to with the clerk's office. If you do decide to file any motions between now and the next court date, please send me a copy of the motions. I will do my best to be prepared to argue the motion at the next court date to avoid any delay. Currently the next court date is set for May 31, 2023.

**Discovery update**: I wanted to let you know that I received the correct tow report for the victim's vehicle. I have included it in this letter. I have also reached out to Mr. Loftus, pursuant to the court's order, and am waiting to hear back.

If you have any other questions, you can reach me at 773-674-3421,

Sincerely,

Assistant State's Attorney
Andrea Williams

SC RULE 615

J. 4. 23
GOT RULE 403

UNFAIR
TRIAL
MISHANDLING
EVID

S-C
RULE
408

ASSAULT
DEN

36 yrs

JACKIE
WILLSON

$8.60

*EXHIBIT*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS
_____

                        v.                              **No.**  22CR0918101
                                                        _____

ADAM LUJANO
_____

**ORDER**

IT IS HEREBY ORDERED: That the defendant's motion labeled Defendants motion to reconsider to dismiss
based on a violation of the Defendants Speedy Trial Right is denied.

Attorney No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

```
  E N T E R E D
Judge Thomas Byrne -1997

  APR 20 2023

CLERK OF THE CIRCUIT COURT
    OF COOK COUNTY, IL
```

**ENTERED:**

Dated: _____ , _____

_____

Judge                          Judge's No.

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT (2)

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about February 15, 2022 at and within the County of Cook

Adam Lujano

committed the offense of        ATTEMPT FIRST DEGREE MURDER

in that HE, WITHOUT LAWFUL JUSTIFICATION, WITH INTENT TO KILL, DID AN ACT, TO WIT: SHOT DOMINIQUE COLE WHILE ARMED WITH A FIREARM, WHICH CONSTITUTED A SUBSTANTIAL STEP TOWARDS THE COMMISSION OF FIRST DEGREE MURDER, AND DURING THE COMMISSION OF THE OFFENSE HE PERSONALLY DISCHARGED A FIREARM THAT PROXIMATELY CAUSED PERMANENT DISFIGUREMENT TO DOMINIQUE COLE,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 8-4(a)(720-5\9-1(a)(1)) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

                              COUNT NUMBER 4
                              CASE NUMBER 22CR0918101
                              CHARGE ID CODE: A0735000

EXHIBIT (2)

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about February 15, 2022 at and within the County of Cook

Adam Lujano

committed the offense of     ATTEMPT FIRST DEGREE MURDER

in that HE, WITHOUT LAWFUL JUSTIFICATION, WITH INTENT TO KILL, DID AN ACT, TO WIT: SHOT DOMINIQUE COLE WHILE ARMED WITH A FIREARM, WHICH CONSTITUTED A SUBSTANTIAL STEP TOWARDS THE COMMISSION OF FIRST DEGREE MURDER, AND DURING THE COMMISSION OF THE OFFENSE HE PERSONALLY DISCHARGED A FIREARM,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 8-4(a)(720-5\9-1(a)(1)) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

COUNT NUMBER 2
CASE NUMBER 22CR0918101
CHARGE ID CODE: A0735000

EXHIBIT (2)

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about February 15, 2022 at and within the County of Cook

Adam Lujano

committed the offense of          ATTEMPT FIRST DEGREE MURDER

in that HE, WITHOUT LAWFUL JUSTIFICATION, WITH INTENT TO KILL, DID AN ACT, TO WIT: SHOT AT CEDREC DARDEN WHILE ARMED WITH A FIREARM, WHICH CONSTITUTED A SUBSTANTIAL STEP TOWARDS THE COMMISSION OF FIRST DEGREE MURDER,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 8-4(a)(720-5\9-1(a)(1)) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.


COUNT NUMBER 5
CASE NUMBER 22CR0918101
CHARGE ID CODE: A0735000

EXHIBIT

(V V) 3

HCVR ch 11 inside gas station

HCVR ch 13 Outside gas station BP
HCVR ch 13 Inside gas station BP
HCVR ch 14 Outside gas station different view BP
HCVR ch 14 inside gas station BP
HCVR ch 14 inside gas station BP
HCVR ch 14 inside gas station BP
HCVR ch 5 Inside gas station looking outdoor.
HCVR ch 5 Inside gas station looking outdoor.
HCVR ch 6 inside gas station looking down middle isle.
HCVR ch 6 inside gas station looking down middle isle.
HCVR ch 6 inside gas station looking down middle isle.
HCVR ch 6 inside gas station looking down middle isle.
HCVR ch 9 inside gas station view by register Adam talking to clerk.
HCVR ch 9 inside gas station view by register
HCVR ch 9 inside gas station view by register
HCVR ch 9 inside gas station view by register
HCVR ch 9 inside gas station view by register
HCVR ch 9 inside gas station view by register

**Sub folder 3269 S. Archer (2)**
Smart player 9 screens gas station
Ch 1,2,3,13,14

**Sub folder 3269 S. Archer (3)**
Smart player 9 screens gas station
Ch 1,2,3 4,5,6, 9,,13, 14

**Sub folder Converted videos.**
Ch 11,13,5,9  gas station video

**Inventory 15051475 converted videos**
Ch 1,4,5,7,8 Inside gas station

**Axon Body 3 Video paper car / scene and inside ambulance (24:09)**
**Axon Body 3 Video /scene (17:07)**

**Axon interview Area 1 Witness lineup male (13:30)**
**Axon interview Area 1 Witness lineup female (16:43)**

**Re watched**
- Ambulance video inside with female CFD stating she is not shot.

EXHIBIT
( V V ) 2

Clip 8 Pod camera footage (30 seconds) Squad cars responding car on fire.
Clip 9 Pod camera footage (30 seconds) Squad cars responding car on fire.
Clip 10 Pod camera footage (6:35) Inside gas station CAM 11
Clip 11 (9 seconds) inside gas station CAM 5
Clip 12 (1:24) inside gas station CAM 9
Clip 13 Outside gas station (40 seconds) CAM 13
Clip 14 Outside gas station (37 seconds) CAM 13
Clip 15 Outside gas station (22 seconds) CAM 13
Clip 16 Outside gas (1:25)
Clip 17 Outside gas station (35 seconds)
Clip 18 Outside gas station (37 seconds)
Sub folder (2) 3100 Ashland 090816-090824 Clean mp4 (9 Seconds) Truck in intersection.
Sub folder (3) 3100 Ashland 090816-09082 (9 Seconds) Truck in intersection
Sub folder (4) 3100 Ashland 091253-09132(30 seconds) squads and car on fire
Sub folder (5) 3100 Ashland 091253-09132 (30 seconds) Squads and car on fire.
Sub folder (6) 3299 Ashland 090755-090816 clean MP4(22 seconds) Truck in traffic
Sub folder (7) 3299 Ashland 090755-090816(22 seconds) Truck in traffic
Sub folder (8) BP-ch11 000 205035-205710 CAM 11 (6:35) Inside gas station.
Sub folder (9) BP2-ch 5 5729 205537 (9 seconds) CAM 5 inside gas station.
Sub folder (10) BP3 (1:24) Inside gas station
Sub folder (11) BP4 (40 seconds) CAM 9 Outside gas station
Sub folder (12) BP5 (37 seconds) CAM 13 Outside gas station
Sub folder (13) BP5 (22 seconds) CAM 13 Outside gas station
Sub folder (14) Shell 210427-210220 (1:25) Outside gas station
Sub folder (15) Shell 210427-210501 (35 seconds) outside gas station
Sub folder (16) Shell 210550-210627 (37 seconds) outside gas station

**Folder Adam Lujano Pod video inv #15071648**
**FF=Fast Forward at request of defendant.**

1901 S. Wentworth (6:01) cars driving Lujano said irrelevant FF.
3100 S. Ashland Ave (6:02) cars driving Lujano said irrelevant FF.
3154 S. Ashland Ave (6:03) cars driving Lujano said irrelevant FF
322 W 18th Bridge House (6:02) cars driving Lujano said irrelevant FF.
3299 S Ashland Ave (36:00) cars driving Lujano said irrelevant FF.
3500 S. Ashland Av (36:00) cars driving Lujano said irrelevant FF.
650 W. 18th St (6:03) cars driving Lujano said irrelevant FF

**Folder Adam Lujano video Surveliance Inv#1505148**
**Sub folder 3269 S. Archer (1)**
HCVR ch 11 inside gas station
HCVR ch 11 inside gas station
HCVR ch 11 inside gas station


| IB FILE / CONTROL #:<br>23B0202 | DOCKET #:<br>22CR0918101 | REPORT #:<br>1 |
|---|---|---|
| SUBJECT(s) OF INVESTIGATION:<br>Adam Lujano | CRIMES #/CL NUMBER:<br>SA-2022-14321 | DATE DRAFTED:<br>2/16/2023 |
| SYNOPSIS OF REPORT:<br>Evidence Review | PERIOD COVERED:<br>02/03-16/2023 | INVESTIGATOR(S):<br>INV. Jill Burke 431 |

02/03/2023 Inv. Jill Burke 431 received an assignment to conduct a Zoom video evidence review with defendant Adam Lujano Inmate ID#0314854. Under control number 23B-020.

02/06/2014 R/I received an email with the Zoom meeting link for Inmate Adam Lujano for Feb 14, 2023. at 10:00AM from IB zoom coordinator Tanesha Brown. (Cc Steven Wilensky; Christine Carlyon; Brian Burke, Paul Hagemann).

02/14/2023 R/I along with IB Zoom Host Tanesha Brown joined the scheduled Zoom meeting at 09:45 AM.

02/14/2023 at of 11:00 AM the in-custody defendant was not yet delivered to the zoom meeting by the Cook County Jail Personnel. The CCSAO Investigation's Bureau personnel emailed 1st. Assistant Executive Director-Administration and Program Services of the Cook County Sheriff's Office to check on the status of the previously scheduled zoom meeting.
Sgt. Paul Hagemann contacted 1st Assistant Executive Director-Administration and Program Services of the Cook County Sheriff's Office via telephone at 11:17 AM to inform him that defendant had not yet been delivered to the scheduled zoom meeting. Director Wilensky advised he would check on the status of the defendant and would call back.

11:34 AM Director Wilensky called Sgt. Hagemann back and advised that the defendant would be delivered to the Zoom meeting by 12:00PM. In summary Director Wilensky advised that due to multiple incidents that occurred in the division that the defendant is housed in, he/defendant would be late to the meeting.

11:55 AM R/I Burke 431 began the zoom evidence review with defendant LUJANO to show LUJANO video evidence reference case JF145715. LUJANO identified himself by name and D.O.B.

Video evidence consists of 8 folders with sub folders as follows:
12:00 PM started viewing folder named **Clips for Trial.** (18) clips.
Sub folder (1) 22CR0918101 Lujano Clips
Clip 1 Black screen.
Clip 2 Blue screen stating the People of the State of Illinois Vs. Adam Lujano.
Clip 3 Blue screen
Clip 4 Pod camera footage (22 seconds) Viewing Pod camera footage of the truck in traffic.
Clip 5 Pod camera footage (22 seconds) Truck
Clip 6 Pod camera footage (9 seconds) truck in intersection.
Clip 7 Pod camera footage ( 9 seconds) truck in intersection



CPD-31903C (REV. 7/04)

**COLE, DOMINIQUE R** Victim

CPD photo

SID #

FBI #

IDOC #

Current Arrest Information:

Date of Birth:
Age:
Place of Birth:

Drivers License #:
Drivers Lic. State:

**FEMALE**

**BLACK**

**5'05"**

**120 lbs**

EYES : BRO

HAIR : BLK

HAIR STYLE : MED

COMPLEXION : MED

**Other Nv on Other**

Scars, Marks &Tattoos:

Key Historical Identifiers:

Alias or AKA used          Date Used          Dates of Birth Used
**COLE, DOMINIQUE R**

Criminal Justice Summary: Total arrests: **1** (1 Felony, 0 Misdemeanor)          Total convictions: **0**

=========== JUVENILE ======= ARREST ======== JUVENILE =======

| | |
|---|---|
| Arrest Name: **COLE, DOMINIQUE R** | |
| Date of Birth: **21-APR-1985** | Arrest Date: **13-MAR-2000**    Holding Facility: DISTRICT 005 JUVENILE HOLDING |
| DCN or CB: **014430501** | Arrest Address: **10250 S VERNON AV CHICAGO, IL 60628** |
| Officer: **STANFORD** | Residence: **15 E 102 ST CHICAGO, IL 60628** |
| | Officer Badge#: **10992**    Arresting Agency: **CPD** |

Count Class Type Statute ............................ Arrest Charge Description
[1]    1    F    720 ILCS 570.0/402       **Poss. Control Subst-Cocaine**                               Inchoate ...........

## ***End of Report***

This Chicago Police Department IR rap-sheet should not replace the use of the Illinois State Police statewide criminal history transcript, which may contain additional criminal history data and can be obtained by performing a CQR1 inquiry via your LEADS terminal.

20-MAR-2022 14:17

Requested by: PC0W126

chris.chicagopolice.org/pls/clear/law_rapsheet_cpd_show_html?o=iPcsGTx4GOmvll4TTDP+DDk9RDWG+kNnl

Disposition:**BAIL BOND FORFEITURE - STRICKEN WITH LEAVE TO REINSTATE**     Disposition Date:**29-OCT-1999**
Sentence:     Sentence Date:

──────────────────── ARREST ────────────────────

Arrest Name: **DARDEN, CEDRIC**     Arrest Date: **30-SEP-1998**     Holding Facility: **CPD - DISTRICT 005 MALE**
Date of Birth:     Arrest Address: 9801 S COTTAGE GROVE CHICAGO, IL 60628
DCN or CB:
Officer: **DAREY**     Officer Badge#: **5694**     Arresting Agency: CPD

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|-------|-------|------|---------|---------------------------|----------|
| [1] | C | M | 720 ILCS 5.0/26-1-A-1 | Disorderly Conduct - Breach Of Peace | |

**COURT CHARGES/DISPOSITION**

| Statute | Charge | Class | Case# |
|---------|--------|-------|-------|
| 720 ILCS 5.0/26-1-A-1 | DISORDERLY CONDUCT | | 98391556 |

Disposition:**SOL**     Disposition Date:**27-OCT-1998**
Sentence:     Sentence Date:

***End of Report***

This Chicago Police Department IR rap-sheet should not replace the use of the Illinois State Police statewide criminal history transcript, which may contain additional criminal history data and can be obtained by performing a CQR1 inquiry via your LEADS terminal.

Disposition:**BAIL BOND FORFEITURE - STRICKEN WITH LEAVE TO REINSTATE**          Disposition Date:**29-OCT-1999**
Sentence:                                                                      Sentence Date:

=========================== ARREST ===========================

Arrest Name:  **DARDEN, CEDRIC**          Arrest Date:     **30-SEP-1998**     Holding Facility: **CPD - DISTRICT 005 MALE**
Date of Birth:                            Arrest Address:  9801 S COTTAGE GROVE CHICAGO, IL 60628
DCN or CB:
Officer:       **DAREY**                  Officer Badge#:  **5694**            Arresting Agency: **CPD**

Count  Class  Type  Statute                Arrest Charge Description                                    Inchoate
[1]    C      M     720 ILCS 5.0/26-1-A-1  Disorderly Conduct - Breach Of Peace

**COURT CHARGES/DISPOSITION**

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 720 ILCS 5.0/26-1-A-1 | **DISORDERLY CONDUCT** | | 98391556 |

Disposition:**SOL**                       Disposition Date:**27-OCT-1998**
Sentence:                                  Sentence Date:

***End of Report***

This Chicago Police Department IR rap-sheet should not replace the use of the Illinois State Police statewide criminal history transcript, which may contain additional criminal history data and can be obtained by performing a CQR1 inquiry via your LEADS terminal.

Disposition: PLEA/GUILTY - FINDING OF GUILTY
Sentence: PROBATION 2 YEARS



Disposition Date: 02-JAN-2001
Sentence Date: 02-JAN-2001

**CONVICTED**

---

## ARREST

Arrest Name: **DARDEN, CEDRIC**  
Date of Birth:  
DCN or CB:  
Officer: **RAEHL**

Arrest Date: 12-FEB-2000  Holding Facility: **CPD - DISTRICT 005 MALE**  
Arrest Address: **10226 S VERNON AV CHICAGO, IL**  

Officer Badge#: **8754**  Arresting Agency: **CPD**

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | 2 | F | 625 ILCS 5.0/4-103-A-1 | **Receive/Possess/Sell Stolen Vehicle** | |

### COURT CHARGES/DISPOSITION

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 625 ILCS 5/4-103(A)(1) | **RECEIVE/POSS/SELL STOLEN VEH** | | 00CR-7535 |

Disposition: **INDICTMENT/INFORMATION FILED & SET FOR ASSIGNMENT (CRIMINAL DIVISION)**  Disposition Date: **09-MAR-2000**  
Sentence:  Sentence Date:  
Disposition: **BAIL BOND FORFEITURE - WARRANT**  Disposition Date: **13-JUN-2000**  
Sentence:  Sentence Date:

---

## ARREST

Arrest Name: **DARDEN, CEDRIC**  
Date of Birth:  
DCN or CB:  
Officer: **COYNE**

Arrest Date: 07-AUG-1999  Holding Facility: **CPD - DISTRICT 005 MALE**  
Arrest Address: **10258 S EBERHART AV CHICAGO, IL 60628**  

Officer Badge#: **15069**  Arresting Agency: **CPD**

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | | A | M | 720 ILCS 5.0/21-2 | **Criminal Trespass To Vehicles** |

### COURT CHARGES/DISPOSITION

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 720 5.0/21-2 | **CRIMINAL TRESPASS TO V** | 1 | 19991294593 |

Disposition: **BAIL BOND FORFEITURE**  Disposition Date: **22-SEP-1999**  
Sentence: **NO SENTENCE 000 YEARS 00 MONTHS 000 DAYS**  Sentence Date:

### COURT CHARGES/DISPOSITION

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 720 ILCS 5.0/21-2 | **CRIMINAL TRESPASS TO VEHICLES** | | 99294593 |

Disposition: **BAIL BOND FORFEITURE - STRICKEN WITH LEAVE TO REINSTATE**  Disposition Date: **22-SEP-1999**  
Sentence:  Sentence Date:

---

## ARREST

Arrest Name: DARDEN, CEDRIC  
Date of Birth:  
DCN or CB:  
Officer: **WATSON JR**

Arrest Date: 01-OCT-1998  Holding Facility: **CPD - DISTRICT 006**  
Arrest Address: **14 W 95 ST CHICAGO, IL 60619**  

Officer Badge#: **6358**  Arresting Agency: **CPD**

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | | C | M | 720 ILCS 5.0/26-1-A-1 | **Disorderly Conduct - Breach Of Peace** |

### COURT CHARGES/DISPOSITION

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 720 5/26-1A1 | - | 1 | 19981363540 |

Disposition: **BAIL BOND FORFEITURE**  Disposition Date: **29-OCT-1998**  
Sentence: **NO SENTENCE 000 YEARS 00 MONTHS 000 DAYS**  Sentence Date:

### COURT CHARGES/DISPOSITION

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 720 ILCS 5.0/26-1-A-1 | **DISORDERLY CONDUCT** | | 98363540 |

**COURT CHARGES/DISPOSITION**

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 625 ILCS 5.0/4-103-A-1 | RECEIVE/POSSESS/SELL STOLEN VEHICLE | | 03114723901 |

Disposition:NOLLE PROSEQUI
Sentence:                                    Disposition Date:14-NOV-2003
                                         Sentence Date:

══════════════════════ ARREST ══════════════════════

| Arrest Name: | DARDEN, CEDRICK | Arrest Date: | 14-JUN-2002 | Holding Facility: CPD - DISTRICT 006 |
|---|---|---|---|---|
| Date of Birth: | | Arrest Address: | 8119 S COTTAGE GROVE AVE CHICAGO, IL | |
| DCN or CB: | | | | |
| Officer: | THIGPEN | Officer Badge#: | 12920 | Arresting Agency: CPD |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | L | | 8-16-050 | Minor Drinking - Intoxication | |

**COURT CHARGES/DISPOSITION**

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 8-16-050 | MINOR DRINKING - INTOXICATION | | 02123759101 |

Disposition:NON-SUIT
Sentence:                                    Disposition Date:22-JUL-2002
                                         Sentence Date:

══════════════════════ ARREST ══════════════════════

| Arrest Name: | DARDEN, CEDRIC | Arrest Date: | 23-FEB-2002 | Holding Facility: CPD - DISTRICT 005 MALE |
|---|---|---|---|---|
| Date of Birth: | | Arrest Address: | 10000 S COTTAGE GROVE CHICAGO, IL 00000 | |
| DCN or CB: | | | | |
| Officer: | JOHNSON | Officer Badge#: | 17501 | Arresting Agency: CPD |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | 4 | F | 720 ILCS 570.0/402-C | Pcs - Possession - Less Than 15 Grms - Cocaine | |
| [1] | 2 | F | 720 ILCS 570.0/401-D | Pcs - Mfg/Del - Less Than 1 Grm - Cocaine | |

**COURT CHARGES/DISPOSITION**

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 720 ILCS 570.0/401-D | PCS - MFG/DEL - LESS THAN 1 GRM - COCAINE | | 02-112858 |

Disposition:NOLLE PROSEQUI
Sentence:                                    Disposition Date:19-MAR-2002
                                         Sentence Date:

**COURT CHARGES/DISPOSITION**

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 720 ILCS 570.0/402-C | PCS - POSSESSION - LESS THAN 15 GRMS - COCAINE | | 02-112858 |

Disposition:NOLLE PROSEQUI
Sentence:                                    Disposition Date:19-MAR-2002
                                         Sentence Date:

══════════════════════ ARREST ══════════════════════

| Arrest Name: | DARDEN, CEDRIC | Arrest Date: | 20-NOV-2000 | Holding Facility: CPD - CENTRAL MALE |
|---|---|---|---|---|
| Date of Birth: | | Arrest Address: | 10653 S MICHIGAN AV CHICAGO, IL 60628 | |
| DCN or CB: | | | | |
| Officer: | PENDARVIS | Officer Badge#: | 19370 | Arresting Agency: CPD |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | 2 | F | 625 ILCS 5.0/4-103-A-1 | Receive/Possess/Sell Stolen Vehicle | |

**COURT CHARGES/DISPOSITION**

| Statute | Charge | Class | Case# |
|---|---|---|---|
| 625 ILCS 5.0/4-103-A-1 | RECEIVE/POSSESS/SELL STOLEN VEHICLE | | 00CR-7535 |

| Arrest Name: | **DARDEN, CEDRIC** | | Arrest Date: | **29-MAR-2004** | Holding Facility: **CPD - DISTRICT 005 MALE** |
| Date of Birth: | | | Arrest Address: | **441 E 103RD ST CHICAGO, IL 60628** | |
| DCN or CB: | | | | | |
| Officer: | **JACKSON** | | Officer Badge#: | **3284** | Arresting Agency: **CPD** |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|-------|-------|------|---------|---------------------------|----------|
| [1] | C | M | 720 ILCS 550.0/4-A | Cannabis - Possess Less Than 2.5 Grms | |

### COURT CHARGES/DISPOSITION

| Statute | Charge | Class | Case# |
|---------|--------|-------|-------|
| 720-550/4-A | CANNABIS - POSSESS LESS T | 1 | 20041222125 |

Disposition: **STRICKEN FROM DOCKET WITH LEAVE TO REINSTATE**     Disposition Date: 27-APR-2004
Sentence: **NO SENTENCE 000 YEARS 00 MONTHS 000 DAYS**     Sentence Date:

═══ ARREST ═══

| Arrest Name: | **DARDEN, CEDRIC** | | Arrest Date: | **10-MAR-2004** | Holding Facility: **CPD - DISTRICT 002 MALE** |
| Date of Birth: | | | Arrest Address: | **6425 S LOWE AVE # 1310 CHICAGO, IL 60621** | |
| DCN or CB: | | | | | |
| Officer: | **BOLEN JR** | | Officer Badge#: | **7229** | Arresting Agency: **CPD** |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|-------|-------|------|---------|---------------------------|----------|
| [1] | A | M | 720 ILCS 5.0/12-3.2-A-1 | Domestic Battery - Bodily Harm | |
| [1] | A | M | 720 ILCS 5.0/12-2-A-1 | Agg Assault - Gun,Knife,Othr Dangr Wpn | |
| [1] | A | M | 720 ILCS 5.0/21-1-1-A | Crim Damage Prop-Knowingly Damage <$300 | |
| [1] | 4 | F | 720 ILCS 5.0/10-3 | Unlawful Restraint | |

### COURT CHARGES/DISPOSITION

| Statute | Charge | Class | Case# |
|---------|--------|-------|-------|
| 720-5/21-1-1-A | CRIM DAMAGE PROP-KNOWINGL | 1 | 20041437417 |

Disposition: **STRICKEN FROM DOCKET WITH LEAVE TO REINSTATE**     Disposition Date: 25-MAR-2004
Sentence: **CONDITIONAL DISCHARGE / SPECIAL CONDITIONS 000 YEARS 18 MONTHS 000 DAYS**     Sentence Date: 25-MAR-2004

═══ ARREST ═══

| Arrest Name: | **DARDEN, CEDRIC** | | Arrest Date: | **15-JAN-2004** | Holding Facility: **CPD - DISTRICT 005 MALE** |
| Date of Birth: | | | Arrest Address: | **446 E 103RD ST CHICAGO, IL 60628** | |
| DCN or CB: | | | | | |
| Officer: | **CARSON** | | Officer Badge#: | **18505** | Arresting Agency: **CPD** |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|-------|-------|------|---------|---------------------------|----------|
| [1] | C | M | 720 ILCS 550.0/4-A | Cannabis - Possess Less Than 2.5 Grms | |

### COURT CHARGES/DISPOSITION

| Statute | Charge | Class | Case# |
|---------|--------|-------|-------|
| 720-550/4-A | CANNABIS - POSSESS LESS T | | 04118622601 |

Disposition: **NON-SUIT**     Disposition Date: 26-FEB-2004
Sentence:     Sentence Date:

═══ ARREST ═══

| Arrest Name: | **DARDEN, CEDRIC** | | Arrest Date: | **21-OCT-2003** | Holding Facility: **CPD - DISTRICT 005 MALE** |
| Date of Birth: | | | Arrest Address: | **10234 S VERNON AVE CHICAGO, IL 60628** | |
| DCN or CB: | | | | | |
| Officer: | **BACHELDER** | | Officer Badge#: | **12680** | Arresting Agency: **CPD** |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|-------|-------|------|---------|---------------------------|----------|
| [1] | 2 | F | 625 ILCS 5.0/4-103-A-1 | Receive/Possess/Sell Stolen Vehicle | |

| Statute | Charge | | Class | Case# |
|---|---|---|---|---|
| 625 ILCS 5.0/12-208-D | IVC - TURN SIGNAL NOT VISIBLE- | | F | 21110202301 |
| Disposition:SUPERCEDED BY INDICTMENT | | Disposition Date:05-MAR-2021 | | |
| Sentence: | | Sentence Date: | | |

## COURT CHARGES/DISPOSITION

| Statute | Charge | | Class | Case# |
|---|---|---|---|---|
| 625 ILCS 5.0/6-303-A | DRIVING ON SUSPENDED LICENSE- | | F | 21110202301 |
| Disposition:SUPERCEDED BY INDICTMENT | | Disposition Date:05-MAR-2021 | | |
| Sentence: | | Sentence Date: | | |

## COURT CHARGES/DISPOSITION

| Statute | Charge | | Class | Case# |
|---|---|---|---|---|
| 720 ILCS 5.0/24-1.1-A | UUW - WEAPON - FELON, POSSESS/ | | F | 21110202301 |
| Disposition:SUPERCEDED BY INDICTMENT | | Disposition Date:05-MAR-2021 | | |
| Sentence: | | Sentence Date: | | |

## COURT CHARGES/DISPOSITION

| Statute | Charge | | Class | Case# |
|---|---|---|---|---|
| 720 ILCS 5.0/24-1.6-A-1 | AGG UUW/VEH/PREV CONVICTION | | F | 21110202301 |
| Disposition:SUPERCEDED BY INDICTMENT | | Disposition Date:05-MAR-2021 | | |
| Sentence: | | Sentence Date: | | |

## COURT CHARGES/DISPOSITION

| Statute | Charge | | Class | Case# |
|---|---|---|---|---|
| 720 ILCS 5/24-1.1(a) | FELON POSS/USE WEAPON/FIREARM | | F | 21CR0339001 |
| Disposition:FINDING OF GUILTY | | Disposition Date:14-JAN-2022 | | |
| Sentence: DOC 000 YEARS 00 MONTHS 000 DAYS | | Sentence Date: 14-JAN-2022 | | |
| Disposition:FINDING OF GUILTY | | Disposition Date:14-JAN-2022 | | |
| Sentence: CREDIT TIME SERVED 000 YEARS 00 MONTHS 365 DAYS | | Sentence Date: 14-JAN-2022 | | |

═══════════════════════ ARREST ═══════════════════════

| Arrest Name: | **DARDEN, CEDRIC** | Arrest Date: | **09-MAY-2013** | Holding Facility: **CPD - DISTRICT 005 MALE** |
|---|---|---|---|---|
| Date of Birth: | | Arrest Address: | **55 E 111TH ST CHICAGO, IL 60628** | |
| DCN or CB: | | | | |
| Officer: | **SIMMONS-WILLIAMS** | Officer Badge#: **13466** | | Arresting Agency: **CPD** |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | - | | 725 ILCS 225.0/13 | Fugitive From Justice Out Of State Warrant | OFFENSE AS CITED |

## COURT CHARGES/DISPOSITION

| Statute | Charge | | Class | Case# |
|---|---|---|---|---|
| 725 ILCS 225.0/13 | FUGITIVE FROM JUSTICE - OUT OF STATE WARRANT | | | |
| Disposition:ARRESTED ON WARRANT | | Disposition Date:13-JAN-2021 | | |
| Sentence: | | Sentence Date: | | |

═══════════════════════ ARREST ═══════════════════════

| Arrest Name: | **DARDEN, CEDRIC** | Arrest Date: | **21-APR-2013** | Holding Facility: **CPD - DISTRICT 005 MALE** |
|---|---|---|---|---|
| Date of Birth: | | Arrest Address: | **10100 S FOREST AVE CHICAGO, IL 60628** | |
| DCN or CB: | | | | |
| Officer: | **HUSIC** | Officer Badge#: **10408** | | Arresting Agency: **CPD** |

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|---|---|---|---|---|---|
| [1] | - | | 725 ILCS 5.0/110-3 | Issuance Of Warrant | OFFENSE AS CITED |

## COURT CHARGES/DISPOSITION

| Statute | Charge | | Class | Case# |
|---|---|---|---|---|
| SEE CB#15754509 | ISSUE OF WARRANT | | | 04143741701 |
| Disposition:ARRESTED ON WARRANT | | Disposition Date:21-APR-2013 | | |
| Sentence: | | Sentence Date: | | |

═══════════════════════ ARREST ═══════════════════════



# CHICAGO POLICE DEPARTMENT
### 3510 South Michigan Avenue/Chicago, Illinois 60653
### Identification Section

## CRIMINAL HISTORY REPORT



CPD-31903C (REV. 7/04)

>>> CONVICTED <<<

**DARDEN, CEDRIC**



CPD photo

MALE

BLACK

5'11"

250 lbs

EYES : BRO

HAIR : BLK

HAIR STYLE : SHORT

COMPLEXION : MBR

**IDOC #**

Current Arrest Information:

Date of Birth:
Age:
Place of Birth:

Drivers License #:
Drivers Lic. State:




Scars, Marks &Tattoos:

**REGISTERED GUN OFFENDER**

**Tattoo 'Mob' on Right Hand**

Key Historical Identifiers:

Alias or AKA used
**DARDEN, CEDRIC**
**DARDEN, CEDRIC**
**DARDEN, CEDRICK**
**DARDEN, CEDRIC**
**DARDEN, CEDRIC**
**DARDEN, CEDRIC**
**DARDEN, CEDRIC**
**DARDEN, CEDRIC**

Criminal Justice Summary: Total arrests: 14 (6 Felony, 5 Misdemeanor)          Total convictions: 1

═══ CRIMINAL OFFENDER REGISTRATION ═══

Arrest Name: DARDEN, CEDRIC
Date of Birth: 03-MAR-1982
CR #:       030113249

Event Date: 25-JAN-2022
Residence: 3133 S  ARCHER AVE  # 2 CHICAGO, IL  60608

Officer:

Officer
Badge#:

Arresting Agency:

═══ ARREST ═══

Arrest Name: DARDEN, CEDRIC
Date of Birth:
DCN or CB:
Officer:       ZEIGER

Arrest Date:    13-JAN-2021    Holding Facility: CPD - DISTRICT 004
Arrest Address:  8724 S  BUFFALO AVE  CHICAGO, IL  60617

Officer Badge#:   18559     Arresting Agency: CPD

| Count | Class | Type | Statute | Arrest Charge Description | Inchoate |
|-------|-------|------|---------|---------------------------|----------|
| [1] | P |   | 625 ILCS 5.0/12-208-D | Ivc - Turn Signal Not Visible 300 Ft | OFFENSE AS CITED |
| [1] | 2 | F | 720 ILCS 5.0/24-1.6-A-1 | Agg Uuw/Veh/Prev Conviction | OFFENSE AS CITED |
| [1] | A | M | 625 ILCS 5.0/6-303-A | Driving On Suspended License | OFFENSE AS CITED |
| [1] | 3 | F | 720 ILCS 5.0/24-1.1-A | Uuw - Weapon - Felon, Possess/Use Firearm | OFFENSE AS CITED |

**COURT CHARGES/DISPOSITION**
Statute                          Charge                                         Class     Case#



# Cook County State's Attorney's Office
# Investigations Bureau

## INVESTIGATIVE REPORT

*EXHIBIT (WHY)*

| IB FILE / CONTROL #:<br>23B-0169 | DOCKET #:<br>22CR0918101 | REPORT #:<br>1 |
|---|---|---|
| SUBJECT(s) OF INVESTIGATION:<br>Adam LUJANO (defendant) | CRIMES #/CL NUMBER:<br>SA-2022-14321 | DATE DRAFTED:<br>2/3/2023 |
| SYNOPSIS OF REPORT:<br>Assist ASA with video | PERIOD COVERED:<br>02/03/23 | INVESTIGATOR(S):<br>S. Pryor #541, G. Cruz #562 |

**SUMMARY OF THIS INVESTIGATION:**     The Reporting Investigator (R/I), S. Pryor #541, was assigned to assist ASA B. Burke, while Burke showed two victims video from a pending criminal case pending in Cook County.

The victims were Dominique Cole and Cedric Darden.

The viewing of the video was done by ASA Burke on 02/03/23, starting at about 0934 hours, in the jury room of courtroom 604. The R/I and Inv. Cruz #562 were also present for the viewing.

ASA Burke showed numerous videos to the victims and the identifications made by the victims are documented in the attached case notes sheet, which was completed by the R/I.

Report concluded.

_____
Investigator's Signature

_____
Supervisor's Signature

_____
Date  2/3/23

_____
Date

This document is the property of the Cook County State's Attorney's Office Investigations Bureau.
It and its contents are confidential and may not be disseminated outside your agency without authorization



# Cook County State's Attorney's Office
# Investigations Bureau

## INVESTIGATIVE REPORT



*EXHIBIT (88)*

| IB FILE / CONTROL #: | DOCKET #: | REPORT #: |
|---|---|---|
| 23B-0240 | 22CR0918101 | 1 |

| SUBJECT(s) OF INVESTIGATION: | CRIMES #/CL NUMBER: | DATE DRAFTED: |
|---|---|---|
| Adam Lujano | SA-2022-14321 | 2/28/2023 |

| SYNOPSIS OF REPORT: | PERIOD COVERED: | INVESTIGATOR(S): |
|---|---|---|
| Transport Evidence (video review) | 02/15-27/2023 | REQUIRED |

02/15/2023 Inv. Jill Burke 431 scheduled a Zoom meeting evidence review with in custody defendant Adam Lujano with the CCSAO IB Zoom Coordinator for 02/27/2023 at 10:00 AM

0945 02/27/2023 R/I joined scheduled zoom meeting with CCSAO IB Zoom Monitor Tanesha Brown.

1030 the in-custody defendant Adam Lujano was not yet delivered to the zoom meeting by the Cook County Jail Personnel.

1035 Sgt. Hagemann contacted the 1st Assistant Executive Director Administration and Program Services of the Cook County Sheriff's Office Steven Wilensky to check the status of the previously scheduled zoom meeting.

1040 Director Wilensky called Sgt. Hagemann and stated that Adam Lujano will not be attending the scheduled Zoom meting due to Adam Lujano currently being admitted to Cook County Cermak Health Services for medical treatment.

1100 R/I and Zoom Monitor Tanesha Brown concluded the scheduled Zoom meeting.

R/I notified ASA Christine Carlyon of the Zoom cancelation and confirmed that there was no more video evidence for the Defendant to review, all video evidence was viewed on previous Zoom on 02/14/2023. It was also determined that the Defendant was previously tendered all photographic evidence. Therefore, there is no necessity for an additional Zoom meeting.

| INV. Qui Burke 431 | 02/28/2023 |
|---|---|
| Investigator's Signature | Date |
| | 07/28/2023 |
| Supervisor's Signature | Date |

This document is the property of the Cook County State's Attorney's Office Investigations Bureau.
It and its contents are confidential and may not be disseminated outside your agency without authorization

EXHIBIT B-1

STATE OF ILLINOIS    )
                     )   SS.
COUNTY OF COOK    )

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DIVISION, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS  )
                              )
          vs.            )   No.  22CR0918101
                              )
Adam Lujano             )
                              )

**Assistant States Attorneys:**
Andrea Williams
Brian Burke

**Defendant:**
Adam Lujano

**Law Enforcement:**
X ✶ Detective Edward Villalobos #21211
X ✕ Detective Jennifer Daguanno #20550
   Detective Chris Dingle #20890
X Detective Kevin Kilroy #21054
  Officer Sang Tran #7527
  Officer Eric Liang #18125
  Officer Matthew Rogers #18166
  Officer Christian Martinez #18233

**Civilian Witnesses:**
Dominique Cole
Cedric Darden
Mohamad Ali
Alicia Sandoval
George Urbieta
Dr. Timothy Meehan
Javanni Esteves
Sergio Gomez



EXHIBITS (T Q)

# Trial Exhibit List

## People v. _Adam Lujano_  #_22_ CR _0918101_

| Exh. # | Description | Witness | Off'd Y/N | Admit Y/N | ASA | Date |
|---|---|---|---|---|---|---|
| 1 | Google maps | Darden | Y | Y | Burke | 7/13 |
| 2 | photo of Shell gas station (35th Ashland) | Darden | Y | Y | Burke | 7/13 |
| 3 | video @ Shell (21:00:55) | Darden | Y | Y | Burke | 7/13 |
| 4 | POD video 35th & Ashland (9:07:43) | Darden | Y | Y | Burke | 7/13 |
| 5 | POD video Ashland - (9:07:55) | Darden | Y | Y | Burke | 7/13 |
| 6 | POD video (9:08:00) | Darden | Y | Y | Burke | 7/13 |
| 7 | POD video 31st & Ashland (9:08:15) | Darden | Y | Y | Burke | 7/13 |
| 8 | POD video (9:12:53) | Darden | Y | Y | Burke | 7/13 |
| 9 | a. Advisory form  b. Photo array | Darden | Y | Y | Burke | 7/13 |
| 10 | video-exterior of BP gas station | Cole | Y | Y | Williams | 7/13 |
| 11 | video-interior of BP (cam 11) | Cole | Y | Y | Williams | 7/13 |
| 12 | video-interior of BP (cam 9) | Cole | Y | Y | Williams | 7/13 |
| 13 | video-interior of BP (cam 5) | Cole | Y | Y | Williams | 7/13 |
| 14 | still image | Cole | Y | Y | Williams | 7/13 |
| 15 | still image | Cole | Y | Y | Williams | 7/13 |
| 16 | still image | Cole | Y | Y | Williams | 7/13 |
| 17 | still image | Cole | Y | Y | Williams | 7/13 |
| 18 | BWC video clip 1 | Cole | Y | Y | Williams | 7/13 |
| 19 | BWC video clip 2 | Cole | Y | Y | Williams | 7/13 |
| 20 | photo of jacket | Cole | Y | Y | Williams | 7/13 |
| 21 | advisory form - Dominique Cole | Cole | Y | Y | Williams | 7/13 |
| 22 | photo array viewed by Dominique Cole | Cole | Y | Y | Williams | 7/13 |
| 23 | photo of scar | Cole | Y | Y | Williams | 7/13 |
| Δ1 | clip of photo array (3:32-6:44) | Cole | Y | Y | Δ | 7/13 |
| Δ2 | jacket | Cole | Y | Y | Δ | 7/13 |
| 24 | Inv. sheet # 15050d0d4 | AO Rogers | N | N | Burke | 7/14 |

EXHIBIT (T Q)

# Trial Exhibit List

People v. Adam Lujano  #22 CR 0918101

| Exh. # | Description | Witness | Off'd Y/N | Admit Y/N | ASA | Date |
|---|---|---|---|---|---|---|
| 25 | Shell casing # 15050664 | AO Rogers | Y | Y | Burke | 7/14 |
| 26 | POD video 35th & Ashland (9:07:03) | Villalobos | Y | Y | Williams | 7/17 |
| 27 | Seeking to identify bulletin (redacted) | Villalobos | Y | Y | Williams | 7/17 |
| 28 | Buc clip (Liang Buc clip Darden) | Liang | Y | Y | Burke | 7/17 |
| 29 | Shell video camera 1 (21:00:54-21:07:01) | Villalobos | Y | Y | Williams | 7/17 |
| 30 | Shell video camera 4 (21:02:03-21:02:54) | Villalobos | Y | Y | Williams | 7/17 |
| 31 | certified copy conv.-15CR130440 | — | N | N | Williams | 7/17 |
| 32 | certified copy conv.-18CF1176 | — | N | N | Williams | 7/17 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |


EXHIBIT (I I)

L. That the Defendant be prohibited from commenting on unrelated cases overturned by courts of review where the defendants have been "exonerated' because they were "wrongfully" accused, convicted and sentenced.

M. That the Defendant be prohibited from making any reference to news articles, media broadcasts, and documentaries regarding the Chicago Police Department and how it investigates cases and/or obtains confessions from defendants.

N. That the defendant be precluded from making any reference to or comment on any pre-trial offers made by the Cook County State's Attorney's Office.

O. This Honorable Court should properly grant the People's Motion in Limine, as any mention of the matters set out above in numbers A-N would unduly and unnecessarily prejudice the People.

2. That this Honorable Court order the parties to disclose all anticipated witnesses to the opposing party.

3. That this Honorable Court order the defendant to produce any defense witness statements. The defendant is required to disclose a prior statement by a witness regardless of whether it was recorded, written, or oral. *People v. Mullen*, 313 Ill. App. 3d 718 (Ill. App. Ct. 1st Dist. 2000 (The defendant had a duty to disclose a prior statement by a witness, notwithstanding that it was oral, rather than written, statement and that it was a prior statement of a prosecution witness).

4. That this Honorable Court order the defendant to provide notice to the state of any affirmative defenses prior to trial.

5. That this Honorable Court enter a Motion to Exclude all parties that will be testifying upon commencement of the trial.   STATE ONLY

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: _____
Andrea Williams
Assistant State's Attorney

*EXHIBIT (I I)*

statement to support his own position at trial. People v. Pasch, 152 Ill. 2d 133, 604 N.E.2d 294, 321 (1992). "Under the hearsay rule, a party is excluded from proving his own out-of-court statement, and such statements may not be used by a defendant as substantive evidence". People v. Visnack, 135 Ill. App.3d 113, 481, N.E.2d 744, 753 (1st Dist. 1985). The defendant should be precluded from attempting to introduce his own statements at trial and should be barred from commenting upon any such evidence in opening statement.

D. That the defense be prohibited from making any and all references about the discovery process, the disclosure of evidence, or references to what materials are in the possession of the defense at trial, including but not limited to during objections.

E. That the defense be prohibited from making any and all references or arguments that speaks to the defendant's lack of violent behavior at any time in the past. Such evidence is improper acts of good character and should not be admitted.

F. That the defense be prohibited from making any and all references to the any opinions of witnesses or counsel that the defendant is non-violent. It is axiomatic that a witness's testimony as to a defendant's character cannot be based on their personal opinion of the defendant. People v. Moretti, 6 Ill. 2d 494, 129 N.E.2d 709 (1955). It is well established that the only character evidence that can be properly admitted is that which is based on the general reputation of the defendant in the community.

G. Making any reference to or improper comments about the Cook County State's Attorney or the Cook County State's Attorney's Office before the jury including but not limited to any alleged violation of the defendants constitutional rights, due process rights and/or any speedy trial violations, any alleged prosecutorial misconduct, as this court has previously ruled on this matter on . It addition it would be improper as those are matters of law for the court and not for the jury to decide or consider.

H. Making any reference to or improper comments about the Cook County Public Defender or the Cook County Public Defender's Office before the jury including but not limited to any alleged violation of the defendants' constitutional rights, due process rights and/or any speedy trial, misconduct, as this court has previously ruled on or addressed that matter on multiple prior court dates and it would be improper and inappropriate as those are matters of law for the court and not for the jury to decide or consider.

I. Many any reference to or comments before the jury about this Honorable Court's previous rulings including but not limited to any prior rulings on the defendants' motions, the People's motions, any alleged violation of the defendants' constitutional rights, due process rights and/or any speedy trial violations, misconduct.

J. Defining reasonable doubt to the jury.

K. That the Defendant be prohibited from arguing personal opinions or telling personal stories as such arguments are not based upon the evidence introduced at trial. People v. Hayes, 183 Ill.App.3d 752, 539 N.E.2d 355 (First Dist. 1989); People v. Barraza, 303 Ill.App.3d 794, 708 N.E.2d 1256 (Second Dist. 1999).

STATE OF ILLINOIS )
                 ) SS.
COUNTY OF COOK )

$EXHIBIT (I,I)$

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
             Plaintiff )
                        )
              VS. )     Case No. 22CR0918101
                        )
Adam Lujano               )
            Defendant(s) )

**FILED**
JUN 3 0 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### MOTION IN LIMINE

      NOW COME the People of the State of Illinois, by and through their Attorney, State's Attorney

of Cook County, KIMBERLY M. FOXX, through her assistant, Andrea Williams, and move that this

Honorable Court enter an order in limine as follows:

1. That this Honorable Court preclude the defendant from introducing irrelevant evidence and from making certain comments during voir dire, opening statements and closing arguments before the jury including but not limited to the following:

    A. Excess verbiage in conjunction with any defense objections beyond the objection itself, and the basis thereof.

    B. Making any reference to possible sentencing or punishment options available to the Court if the Defendant is convicted. People v. Galloway, 28 Ill.2d 355, 192 N.E.2d 370 (1963). The Illinois Supreme court long ago stated that "where the jury has nothing to do with fixing punishment, we have held that it is improper for either side in a criminal case to argue the punitive effect of the jury's verdict". People v. Galloway. 28 Ill. 2d 355, 192 N.E.2d 370, 374 (1963).

    C. Commenting in opening statement about any of his hearsay statements that he may attempt to introduce during trial and prohibited from attempting to introduce his own hearsay statements during trial. The hearsay rule prevents a defendant from introducing his prior statement at trial since the testimony is not offered as a statement against a party, but is offered by the defendant to prove the truth of his own statement. People v. Berry, 172 Ill. App.3d 256, 526 N.E.2d 502, 506 (1st Dist. 1988). The defendant cannot offer his prior

EXHIBIT
(B) X 3

IN THE CIRCUIT COURT OF COOK
COUNTY CRIMINAL DIVISION

EXHIBIT
(A L)

PEOPLE OF THE STATE OF
ILLINOIS                        )
                                )
                                )
V.                              )   # 22 CR 0918107
                                )
ADAM ANTHONY LUJANO             )
    (PRO PER)                   )
                                )
                                )

FILED
JUN 30 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ANSWER-TO-DISCOVERY

NOW COME(S) DEFENDANT ADAM ANTHONY LUJANO
BY AND THROUGH HIM SELF IN PROPRIA PERSONA (PROPER)
NOT AS A LAWYER (OR) ATTORNEY AND/OR (PROSE)

(1) I ASKED THE ASSISTANT(S) STATE(S) ATTORNEY
ANDREA WILLIAMS AND CHRISTINE CARLYON
FOR "ALL DISCOVERY UNREDACTED" AND A BILL
OF PARTICULARS IN MY MOTION FOR DISCOVERY IF THE STATES
ATTORNEY(S) TURNED OVER ALL DISCOVERY I ASKED FOR
IN MY MOTION FOR DISCOVERY.

(2) THE DEFENSE MAY CALL THE FOLLOWING
WITNESSES TO TESTIFY IN TRIAL
THE EMT/EMS, PARAMEDIC(S) NAME IS REDACTED DONT NO NAME
                                        PARAMEDIC(S)

① JAVANNI MURJIN ESTEVES  )  (6)
X ② KIMBERLY M. FOXX HEAD STATE(S) ATTORNEY )  (7) SAMIR YASSIN  DOCTOR M.D.
③ DOMENICA DEVITT ASSISTANT STATE(S) ATTORNEY )  (8) ERIC LIANG
④ TIMOTHY MEEHAN MD/MPH DOCTOR )  (9) EDWARD VILLALOBOS
⑤ DR GEOFFREY LOFTUS  )  (10) SANG TRAN
    NO SUBPENS

MOTION REQUESTING ORDER
FOR TRANSCRIPTS
THIS HONORABLE COURT TO ENTER ORDER

REQUIRING COURT REPORTERS PROVIDE
DEFENDANT WITH HEARING AND TRIAL
TRANSCRIPTS FOR REASON HERE IN STATED.

THAT THE DEFENDANT REQUEST THAT SUCH
TRANSCRIPTS BE PROVIDED TO DEFENDANT
WITH NO COST
THE DEFENDANT HAS BEEN IN CUSTODY
FOR ?

2 DEFENDANT IS NOW PROPER AND INDIGENT

3 HEARING AND TRIAL TRANSCRIPTS IS
ESSENTIAL AND MATERIAL TO THE
PREPARATION OF THE DEFENSE

DEFENDANT REQUESTS THAT
ORDER INCLUDS BUT NOT LIMITED
TO THE FOLLOWING TRICE

(11) K KILROY | (12) DET CHRIS DINGLE

(3) THE ACCUSED INTEND TO USE AS EVIDENCE
BOOKS, PAPERS DOCUMENTS, PHOTOGRAPHS, (OR) TANGIBLE
OBJECTS IDENTIFICATION AND ALL AND ANY
THING IN DISCOVERY STATEMENT(S) ALL VIDEO(S)
BODY CAM(S) 911 DISBACH, KEY PARTS OF BODY
WORNCAMERA VIDEO(S) (OR) POD CAMERA(S) AS WELL 911 CAL(S)
MEDICAL REPORTS EMT REPORTS/EMS PARAMEDIC REPORT
LABORATORY REPORTS, GRAND JURY TRANSCRIPTS
COPIE(S) OF ALL CONVICTION(S) OF THE VICTIM(S)/WITENESS
ANY BALLISTIC REPORT(S) FINGER PRINT TEST.

(4) ANY WARRANT(S) PROBABLE CAUSE, ALL PHOTO ARRAY
REPORT(S)/VIDEO(S). THE STATE NEED TO MAKE
AVAILABLE FOR INSPECTION(S) I NEED TO BE
ENSURED COMPLETE DISCLOSURE FROM THE
STATE(S) ATTORNEY TO GO THROUGH A COMPLETE
FILE INSPECTION THIS IS A REQUEST MADE
FROM THE DEFENSE AS WELL ALL CHAIN OF
CUSTODY ON THIS MATTER AS WELL FOR THE STATE TO
SUPPRESS ALL EVIDENCE FAVORABLE TO THE DEFENSE WHICH HE
IS ENTITLED TO

(5) VIDEO(S) OF GAS STATIONS ALL AND ANY REPORTS
THAT I CAN USE TO IMPEACH THE VICTIM/WITENESS,
ANY AND ALL NEWS REPORT(S). UNDER ILLINOIS
SUPREME COURT RULES 412, 413, 414, 415
AND ANY OTHER SUPREME COURT THAT APPLY(S) AND
ILLINOIS RULE(S) OF EVIDENCE FAVORABLE TO THE
ACCUSED DO TO THE FACT I CANT GO (OR) USE

# AFFIDAVIT OF ADAM ANTHONY LUJANO

FNT

**FILED**

MAR 03 2023

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

TO THE CLERK OF
THE COURT(S)

ADAM ANTHONY LUJANO
2700 S, CALIFORNIA
CHICAGO IL 60608

ON THIS DAY CAME BEFORE ME THE AFFIANT A LIVING FLESH AND BLOOD MAN TO OATH THE UNDERSIGNED ADAM ANTHONY LUJANO A NATIVE STATE CITIZEN AND NATURAL PERSON, HERE IN AFFER AFFIANT DOES HEREWITH ASSERT AND DECLARE ON AFFIANTS UNLIMITED LIABILITY THAT AFFIANT ISSUES THAT AFFIDAVIT OF ADAM ANTHONY LUJANO WITH SINCERE INTENT, THAT AFFIANT IS COMPETENT TO TESTIFY AND STATE THE MATTER(S) SET FORTH HEREIN AND IS WILLING TO TESTIFY WITH FIRST HAND KNOWLEDGE, ALL CONTENT(S) HEREIN ARE TRUE CORRECT AND COMPLETE IN ACCORDANCE WITH AFFIANT(S) KNOWLEDGE UNDERSTANDING AND INTENT AFFIANT IS OF SOUND MIND, AND OVER THE AGE OF TWENTY ONE AFFIANT RESERVES ALL RIGHT(S) AFFIANT BEING UNSCHOOLED IN LAW AND WHO HAS NO BAR ATTORNEY WITHOUT WILLINGLY DECLARE(S) AND DULY AFFIANT

VERIFICATION BY CERIFICAION

PURSUANTION BY CERTIFICATION
TO 735 ILCS 5/1-109

UNDER PENALTIES PROSCRIBED
BY LAW ALL HEREIN IS TRUE

ADAM LUJANO

RESPECTFULLY
SUBMITTED

WITHOUT PREJUDICE
U.C.C. 1-308

IN THE CIRCUIT COURT OF COOK
COUNTY CRIMINAL DIVISION.

EXHIBIT (JAS)

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | |
| | ) | 2022 CR 0918101 |
| V. | ) | |
| ADAM LUJANO | ) | **FILED** JUL 14 2023 IRIS Y. MARTINEZ CLERK OF THE CIRCUIT COURT OF COOK COUNTY IL |

## MOTION TO DISMISS
### FOR BRADY VIOLATION

— — — — — — —

NOW COME(S) DEFENDANT ADAM ANTHONY LUJANO BY
AND THROUGH HIMSELF IN PROPRIA PERSONA (PROPER)
NOT AS A LAWYER OR ATTORNEY AND (OR) PRO SE
RESPECTFULLY MOVES THIS COURT TO DISMISS
UNDER SUPREME COURT RULE 412(C):

(1) VIOLATION DISCOVERY 412(C) FOR ALL
DISCOVERY UNDER BRADY V. MARYLAND
A COAT WAS NEVER IN DISCOVERY PRIOR TO
TRIAL THAT(S) INSCULPOTORY EVIDENCE

(2) IM REQUESTING TO BE HEARD UNDER SUPREME
COURT RULE(S) 412(C) AND "63 CANNON 3" THIS
IS A "DUE PROCESS" VIOLATION THIS PREJUDICE
ME VIOLATE(S) THE UNITED STATE(S)

CONSTITUTION OF ILLINOIS I MOVE
THIS COURT TO DISMISS ALL CHARGE(S)
WITH PREJUDICE AGAINST ME BY
LAW OF THE COURT

(3) THIS IS OFFICIAL MISCONDUCT
FORENSIC SERICES DIVISON HAD NO
PHOTO(S) ON FILES UNDER #JF145715
BUT THE STATE SHOWED THE JURY
PHOTO(S) WHICH IS A VIOLATION TO
SUPREME COURT RULE 412(C) AND A
VIOLATION OF MY DUE PROCESS OF
THE CONSTITUTION OF ILLINOIS
SEE EXHIBIT (A) FORENSIC RECORD(S)
SUBPOENAS FOR REPORTS PHOTOGRAPH/S AND/OR
CRIME SCENE VIDEO AND STATE(S) NO
RECORD ON FILE.

I RESPECTFULLY MOVE THIS HONORABLE
COURT TO DISMISS WITH PREJUDICE.

ADAM ANTHONY KUTANO

UCC 1-308
WITHOUT PREJUDICE

CONSTITUTION OF ILLINOIS I MOVE
THIS COURT TO DISMISS ALL CHARGE(S)
WITH PREJUDICE. AGAINST ME BY
LAW OF THE COURT

(3) THIS IS OFFICIAL MISCONDUCT
FORENSIC SERICES DIVISION HAD NO
PHOTO(S) ON FILES UNDER #JF145715
BUT THE STATE, SHOWED THE JURY
PHOTO(S) WHICH IS A VIOLATION TO
SUPREME COURT RULE 412(C) AND A
VIOLATION OF MY DUE PROCESS OF
THE CONSTITUTION OF ILLINOIS
SEE EXHIBIT (A) FORENSIC RECORD(S)
SUBPOENAS FOR REPORTS PHOTOGRAPH/S AND/OR
CRIME SCENE VIDEO AND STATE(S) NO
RECORD ON FILE.

I RESPECTFULLY MOVE THIS HONORABLE
COURT TO DISMISS WITH PREJUDICE.

ADAM ANTHONY LUZANO

UCC 1-308
WITHOUT PREJUDICE

EXHIBIT (JAS)

IN THE CIRCUIT COURT
OF COOK COUNTY ILLINOIS

EOPLE OF THE STATE
OF
ILLINOIS )

V )            22 CR 0918101

ADAM LUJANO )
(PROPER) )

**FILED**
JUL 17 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

)

/

## MOTION FOR RECONSIDERATION TO DISMISS FOR BRADY VIOLATION AND SUPPLEMENT

NOW COME(S) DEFENDANT ADAM LUJANO BY AND THROUGH HIMSELF IN PROPRIA PERSONA (PROPER) NOT AS A LAWYER (OR) ATTORNEY AND (OR) PRO'SE RESPECTFULLY MOVE(S) THIS COURT TO DISMISS UNDER SUPREME COURT RULE 412 (C) ; AND THE JUDGE VIOLATING "63 CANNON 3". (OR) ANY RULE(S) (OR) CANNON THAT APPLY.

1) THE VIOLATION UNDER BRADY V. MARYLAND DISCOVERY RULE 412 (C), A "COAT AND A PHOTOGRAPHIC" THAT WAS NEVER IN DISCOVERY PRIOR TO TRIAL THAT(S) EX CULPATORY EVIDENCE DERIVATIVE EVIDENCE AND TAINTED EVIDENCE BECAUSE THIS WAS DIRECTLY (OR) INDIRECTLY OBTAINED BY ILLEGAL MEANS IF I WAS A LAWYER/ATTORNEY THIS COURT WOULD NEVER LET THIS HAPPEN

(2) IM REQUESTING THIS TO BE DISMISSED FOR THE VIOLATION(S) UNDER SUPREME COURT RULE(S) 412(c) AND THE COURT VIOLATING "63 CANNON 3" THIS IS A DUE PROCESS VIOLATION THIS PREJUDICE THE ACCUSED UNDER THE UNITED STATE(S) CONSTITUTION AND THE ILLINOIS CONSTITION THIS EVIDENCE IS INADMISSIBLE

(3) THIS IS OFFICIAL MISCONDUCT ILLEGALY OBTAINED EVIDENCE BY THE STATE(S) ATTORNEY(S), THIS IS MISLEADING EVIDENCE TO THE JURY,,

(4) FORENSIC SERICE(S) DIVISION "HAS NOT SEEN ANY PHOTOGRAPHIC NEGATIVES OR DIGITAL PHOTOGRAPHS OF A "COAT (OR) VICTIM(S) ARM" AS WELL IT NEVER BEEN IN DISCOVERY BUT THE COURT STILL ALLOWED IT IN AS EVIDENCE THE VICTIM CAME TO COURT WITH THIS COAT AND THE STATE(S) ATTORNEY "ILLEGALITY" PUT IT IN TO EVIDENCE KNOWING THIS IS A "VIOLATION OF THE LAW" JUST TO OBTAINE A CONVICTION ON THE DEFENDANT WHEN THE

# AFFIDAVIT OF FACT ADAM ANTHONY LUJAN

ON THIS DAY CAME BEFORE ME THE AFFIANT
A LIVING FLESH AND BLOOD MAN TO OATH
THE UNDERSIGNED ADAM ANTHONY LUJANO
A NATIVE STATE CITIZEN AND NATURAL
PERSON HEREIN AFTER AFFIANT DOES
HERE WITH ASSERT AND DECLARE ON
AFFIANT(S) UNLIMITED LIABILITY
THAT AFFIANT ISSUES THIS AFFIDAVIT
OF ADAM ANTHONY LUJANO WITH SINCERE
INTENT THAT AFFIANT IS COMPETENT TO
TESTIFY AND STATE THE MATTER(S) SET
FORTH HEREIN AND IS WILLING TO
TESTIFY WITH FIRST HAND KNOWLEDGE
ALL CONTENTS HEREIN ARE TRUE CORRECT
AND COMPLETE IN ACCORDANCE WITH
AFFIANT(S) KNOWLEDGE UNDERSTANDING
AND INTENT AFFIANT IS OF SOUND
MIND AND OVER THE AGE OF TWENTY ONE
AFFIANT RESERVES ALL RIGHT(S) AFFIANT
BEING UNSCHOOLED IN LAW AND WHO
HAS NO BAR ATTORNEY WITHOUT COUNSEL
KNOWINGLY AND DOES NOT WAIVE COUNSEL
WILLINGLY DECLARES AND DULY AFFIAN

UNDER PENALTIES PROSCRIBED
BY LAW ALL HEREIN IS TRUE
UNDER 735 ILCS/1-109

UCC 1-308
WITHOUT PREJUDICE

STATE(S) ATTORNEY(S) KNOWING THIS
IS BRAKING THE LAW WHEN
THE STATE(S) ATTORNEY(S) SHOULD
BE DISMISSING THIS CASE BECAUSE
THEY SEE NO ONE WAS EVER SHOT
OR SHOT AT... THIS IS PROSECUTOR
MISCONDUCT ON BEHALF OF THE STATE(S)
ATTORNEY(S) OFFICE (EVIDENCE INTRODUCED IS SO UNDULY
=JUDICIAL THAT IT RENDERS THE TRIAL FUNDAMENTALLY UNFAIR...
(5) THE STATE(S) ATTORNEY(S) ALSO SHOWED THE JURY
A SHELL CASING THAT WAS ILLEGALITY
OBTAINED BY CHICAGO POLICE OFFICER
FORENSIC HAS NO PHOTOGRAPHS OF THIS
SHELL CASING UNDER # JF11571S OR NEVER
BEEN CALLED OUT FOR A CRIME SCENE
PROTECTION· SUPERVISOR NEVER NOTIFIED FORENSIC
ABOUT A CRIME AT ALL ON THIS CASE
   SEE EXHIBIT (A)
   I RESPECTFULLY MOVE THIS HONORABLE
COURT TO DISMISS WITH PREJUDICE

                        ADAM ANTHONY LUZANO

                UCC 1-308
                WITHOUT PREJUDICE

| Incident Number: | 220462348 | | Unit Notified by Dispatch Date/Time: | 02/15/2022 21:11:38 | EMS Unit Call Sign: | A19 | | Crew Member Completing this Report: | GOMEZ, SERGIO (001074129) | |
|---|---|---|---|---|---|---|---|---|---|---|
| 21:28:00 | 85 | 22 | 99 | 126 | 74 | 15 | Unable to Complete | 4- Opens Eyes spontaneously (All Age Groups) | 5- Oriented (>2 Years); Smiles, oriented to sounds, follows objects, interacts | 6- Obeys commands (>2Years); Appropriate response to stimulation |

## Narrative

**Patient Care Report Narrative:** Dispatched to the scene of a car fire that happened about 15 minutes prior to EMS arrival. Crew found a 36 year old female a Ox4, ambulating on the scene after she was driving her car and being followed by an assailant who was firing bullets at her boyfriend. No bullets hit anyone and the pt drove into an embankment grassy field. The pt walked out of her car and the vehicle started on fire. She only sustained a 1 and a half inch laceration to her left forearm and some small lacerations to her smallest right finger. The pt was very shaky, hyperventilating from being scared of what just happened. No LOC, the pt states that she was wearing her seatbelt. No drug use was suspected or reported. The pt is currently on her period. She has a hx. of anxiety that is being managed with unknown medications. Since the pt's phone was left inside the car on fire, the pt's 14 year old daughter (Tatiana) offered her cell phone number for any contact with the pt's boyfriend Cedric Darden) who refused transport to the hospital. The pt was coached into slowing her breathing and she did. No signs of gun shot wounds X noted on the pt. Rush telemetry was contacted with findings and no further questions were given. No name was given to EMS from the even. The pt was transported BLS to University of Illinois and her care was released with ER staff without incident. All times approximate.

## Assessment Exam

### Exams

| Date/Time of Assessment | Mental Status Assessment | Neurological Assessment | Eye Exam Summary | Head Assessment | Face Assessment | Skin Assessment | Neck Assessment | Chest/Lungs Assessment | Abdomen Exam Summary | Extremities Exam Summary | Back and Spine Exam Summary |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 21:20:00 Baseline for Patient | Normal | Cerebellar Function- Normal; Gait-Normal | Eye - Bilateral: PERRL | Norm al | Norm al | Norm al | Norm al | Normal; Breath Sounds-Equal and Clear Bilateral | | **Lower Leg - Leg-Lower-Left:** Tenderness; Right side lower leg tenderness as well from hitting dashboard. **Forearm - Forearm-Left:** Laceration, Bleeding Controlled **Hand - Finger-5th (Smallest)-Right:** Laceration | |

## Procedures

### Procedures

| Date/Time Procedure Performed | Procedure Performed Prior to this Units EMS Care | Procedure | Number of Procedure Attempts | Procedure Successful | Procedure Complication | Procedure Crew Members ID | Role/Type of Person Performing the Procedure |
|---|---|---|---|---|---|---|---|
| 21:22:00 | No | Bleeding Control | 1 | Yes | None | WOOD, KATELYN (60351021) | Paramedic |

EXHIBIT (S 4)



| Incident Number: 220462348 | Unit Notified by Dispatch Date/Time: 02/15/2022 21:11:38 | EMS Unit Call Sign: A19 | Crew Member Completing this Report: GOMEZ, SERGIO (001074129) |
|---|---|---|---|



**Chicago Fire Department Patient Care Report**

City of Chicago Fire Department
3510 Michigan Ave
2nd Floor
Chicago, IL 60653
Work: (312) 745-4222

## Scene

**Incident Number:** 220462348  **Complaint Reported by Dispatch:** ACCIDENT WITH AUTO FIRE

**Response:** A19 EMS 2 Single Quarters

**Incident Address:** S ARCHER AV / S ASHLAND AV CHICAGO IL 60608

| **Type of Response Delay:** None/No Delay | **Type of Scene Delay:** None/No Delay | **Type of Transport Delay:** None/No Delay | **Type of Turn-Around Delay:** None/No Delay |
|---|---|---|---|
| **EMD Card Number:** ACCAU | **EMS Response Number:** 220207814 | | |
| | **Number:** 6 | | |

**Additional Responding Units**

**Additional CFD Responding Units**

E39

## Patient Information

**Last name, First name:** Dominique Cole

**Age / DOB:** 36Years

**Gender:** Female

**Estimated Body Weight in Kilograms:** 61.2

**Patient's home address:**

**Social Security Number:**

**Race:** Black or African American

**Billing Insurances**

## CARES

**Cardiac Arrest:** No or DOA

## Situation

**Chief Complaint Organ System:** Musculoske letal/Skin

**Chief Complaint Anatomic Location:** Extremity-Upper

**Possible Injury:** Yes

**Provider's Primary Impression:** Injury - Forearm

**Special Event/Situation Related?:** Not Special Event/Situation Related

## Vital Signs

### Vitals

| Date/Time Vital Signs Taken | Heart Rate | Respiratory Rate | Pulse Oximetry | SBP (Systolic Blood Pressure) | DBP (Diastolic Blood Pressure) | Total Glasgow Coma Score | Pain Scale Score | Glasgow Coma Score-Eye | Glasgow Coma Score-Verbal | Glasgow Coma Score-Motor |
|---|---|---|---|---|---|---|---|---|---|---|

**Incident Number:** 220462348

**Unit Notified by Dispatch Date/Time:** 02/15/2022 21:11:38

**EMS Unit Call Sign:** A19

**Crew Member Completing this Report:** GOMEZ, SERGIO (001074129)

**How was Patient conveyed on scene to stretcher or stair chair ?:** PT was assisted by crew

**How Patient Was Moved to Ambulance:** Assisted/Walk

**Position of Patient During Transport:** Sitting

**How Patient Was Transported From Ambulance:** Wheelchair

EXHIBIT (8A)

**Medical Devices**

**Stemis**

**Crew / Times**

**Dispatch Date/Time:** 02/15/2022 21:11:38
**Unit En Route :** 02/15/2022 21:13:42
**Arrived Scene:** 02/15/2022 21:17:33
**Arrive Patient :** 02/15/2022 21:19:00
**Left Scene :** 02/15/2022 21:31:55
**Pt at Destination :** 02/15/2022 21:39:21
**Pt Transfer of Care :** 02/15/2022 21:42:00
**Back in Service :** 02/15/2022 22:21:12

**Crew Members**

| Crew Member ID | Crew Member Level | Crew Member Response Role |
|---|---|---|
| GOMEZ, SERGIO (001074129) | Paramedic | AC/PIC |
| WOOD, KATELYN (60351021) | Paramedic | FPM |

**Signatures**

**Type of Person Signing:** Patient

**Signature Graphic:**

**Date/Time of Signature:** 02/15/2022 21:40:01

**Signature Last Name:** Cole

**Signature First Name:** Dominique

**Type of Person Signing:** Crew Signature

**Signature Graphic:**

**Date/Time of Signature:** 02/15/2022 22:20:41

EXHIBIT (84)



| Incident Number: | 220462348 | Unit Notified by Dispatch Date/Time: | 02/15/2022 21:11:38 | EMS Unit Call Sign: | A19 | Crew Member Completing this Report: | GOMEZ, SERGIO (001074129) |
|---|---|---|---|---|---|---|---|
| 21:22:00 | No | Patient Assessment | 1 | Yes | None | WOOD, KATELYN (60351021) | Paramedic |
| 21:32:00 | No | Contact Medical Control | 1 | Yes | None | GOMEZ, SERGIO (001074129) | Paramedic |

## Medications

### Airway Confirmations

## Medications

## History

### Current Medications

**Current Medications**

None Reported

### Environment Allergies

**Medical/Surgical History:** Anxiety disorder, unspecified; Blood - Anemia

**Alcohol/Drug Use Indicators:** None Reported

**Medical History Obtained From:** Patient

**Barriers to Patient Care:** State of Emotional Distress

## Disposition

**Incident/Patient Disposition:** Treated, Transported by this EMS Unit

**Reason for Choosing Destination:** Closest Facility; Requested by Patient

**Transport Hospital Data:** University of Illinois 1740 W Taylor St. Chicago IL 60612

**Hospital Communication:** Contact Medical Control

**Hospital Contacted:** RUSH UNIVERSITY MEDICAL CENTER

**Hospital Communication Date/Time:** 02/15/2022 21:32:00

**Tape/Log #:** 220810

**Patient Belongings:** Clothing

**Patient Belongings Left With:** At Destination with Patient

**Final Patient Acuity:** Lower Acuity (Green)

**Police Beat/Star #:** Cpd 912, 932

**Would you like to refer this patient to the MIH Unit for services?:**

**Is the patient willing to be contacted by the CFD MIH Unit.:**

**Does the patient have a complaint related to any of the following chronic health conditions: Asthma/:**

## Conveyance

**Incident Number:** 220462348

**Unit Notified by Dispatch Date/Time:** 02/15/2022 21:11:38

**EMS Unit Call Sign:** A19

**Crew Member Completing this Report:** GOMEZ, SERGIO (001074129)

**Signature Last Name:** GOMEZ

**Signature First Name:** SERGIO

EXHIBIT (80)

**Type of Person Signing:** Crew Signature

**Signature Graphic:**



**Date/Time of Signature:** 02/15/2022 22:20:49

**Signature Last Name:** WOOD

**Signature First Name:** KATELYN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

*EXHIBIT (D 1)*

PEOPLE OF THE STATE OF ILLINOIS

v.

ADAM LUJANO

Defendant

| | |
|---|---|
| Case Number | 22CR0918101 |
| Date of Birth | 03/05/1983 |
| Date of Arrest | |
| IR Number | 1293602 |

SID Number 37424670

## ORDER OF COMMITMENT AND SENTENCE TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Years | Months | Class | Consecutive | Concurrent |
|---|---|---|---|---|---|---|---|
| 002 | 720 ILCS 5/8-4(a)(720-5/9-1(a)(1)) | ATTEMPT MURDER/INTENT TO KILL/INJURE | 15 | | X | | X |
| 005 | 720 ILCS 5/8-4(a)(720-5/9-1(a)(1)) | ATTEMPT MURDER/INTENT TO KILL/INJURE | 15 | | X | | X |

On Count _____ defendant having been convicted of a class _____ offense is sentenced as a class _____ offender pursuant to 730 ILCS 5/5-4.5-95(b).

On Count _____ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of _____ 359 days, as of the date of this order. Defendant is ordered to serve 3 years Mandatory Supervised Release.

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case numbers(s) _____

AND: consecutive to the sentence imposed under case number(s) _____

IT IS FURTHER ORDERED THAT COUNT 4 MERGE INTO COUNT 2 AND SENTENCE TO BE SERVED AT 85%

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

Dated August 31, 2023
Certified by:

Deputy Clerk T. Redmond

Verified by:

Judge Byrne, Thomas J

1997
Judge's No.

```
ENTERED
8/31/2023
Iris Y Martinez
Clerk of the Circuit Court
of Cook County, IL
DEPUTY CLERK  T. Redmond
```

```
ENTERED
Judge Thomas Byrne - 1997

AUG 31 2023

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
```

IRIS Y MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# CCSAOIB CASE NOTES

INVESTIGATIONS BUREAU
COOK COUNTY STATE'S ATTORNEY'S OFFICE

DATE OF ORIGINAL INCIDENT
DAY | MONTH | YEAR

DATE OF ACTIVITY
DAY 03 | MONTH FEB | YEAR 23

| ORIGINAL OFFENSE | DOCKET# / CASE# | DEFENDANT'S NAME | UNIT ASSIGNED |
|---|---|---|---|
| Att murder | 22 CR 09(8101 | LUJANO | 214/B |

This form is to be used for recording any and all notes during the course of CCSAOIB investigations. CCSAOIB members may use these notes to prepare official reports. CCSAOIB members will include all form(s) with the CCSAOIB case file and will ensure that all notes are tendered to the appropriate prosecuting authority (ASA).

23B 010 0934 3 FEB 23

ASA B. BURKE

WIT COLE

WIT DARDEN

1 ST — CAM #13 G.F. COLE REC SELF.

2 ND — REC SELF COLE — DEF PAL COLE

3 RD CAM 13 DEF DARDEN

4 TH COLE AME TWO IN GAS STATION. COLE

5 TH PICKS VIC CAR — BOTH PICK G.F./GIRL, MALE PICKS SELF THE SAYS THATS WHEN DEF GET GUN.

6 TH PICKS MALE SELF OUT — DARDE

7 TH PICK OUT HIMSELF WALKING DARDEN

8 TH EXIT LOT DARDEN

9 TH PICK OWN CAR & OFF TRUCK DARDEN

10 TH PICK OUT CAR ON WRONG SIDE — DEFS CAR TRUCK

11 CRASH SCENE PICK THER CRASH SCENE BOTH.

DOMINIQUE COLE        CEDRIC DARDEN

4/21/85                3/5/82

SA NO.
TASK# CR#
2 8 4 0 3

PRYOR

| INVESTIGATOR'S SIGNATURE - STAR# | SUPERVISOR'S SIGNATURE - STAR# | DATE | TIME |
|---|---|---|---|
| ASH1 | | | |

**PROPERTY INVENTORY - I.N.C.**
**CHICAGO POLICE DEPARTMENT**
CPD-34.523 (REV. 11/09)

INV NO **15140397**

PKG NO. **6023011**

RD **JF145715**

RE-INVENTORY OF:

UNIT **610**

**15140397**

EXHIBIT #1

DATE RECOVERED
**23-JUL-2022**

| ITEM ID | QUANTITY | DESCRIPTION OF PROPERTY |
|---|---|---|
| 11971685 | 1 | OTHER : PACKET OF MEDICAL RECORDS |

COPY 1

COMMENTS:

MY SIGNATURE HEREON ACKNOWLEDGES
RECEIVING ALL PROPERTY DESCRIBED
IN THIS INVENTORY

RECIPIENTS SIGNATURE
X

ADDRESS - STREET

CITY          STATE          ZIP

DATE RECEIVED

OFFICER'S SIGNATURE -   STAR - UNIT
X

WATCH COMDR'S APPROVAL SIGNATURE
(EXEMPT RANK REQUIRED FOR FIREARMS)
X

COURT ORDER - DISPOSAL INSTRUCTIONS

Court Date

Court Branch

CURRENCY:

$ DEPOSITED AMT          $ INVENTORY AMT

**EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY**

IUCR: **041A**          CHARGE TYPE:          INCHOATE:

STATE CHARGES:   BATTERY AGGRAVATED - HANDGUN

RECOVERED/SEIZED FROM - NAME   [ ] DECEASED  [ ] ARRESTED

OWNER'S NAME

AT **1740 W TAYLOR ST**
**CHICAGO, IL 60612**

BEAT OF RECOVERY **1231**

TELEPHONE NO.

FOUND BY - NAME   VILLALOBOS, EDWARD    Star: 21211

ADDRESS          STAR NO. **21211**   UNIT **610**

TELEPHONE NO

SEE COPY 4 FOR NOTICE TO FINDER

ADDRESS

[X] CHECK IF - C.P.D.

[X] HOLD FOR INVESTIGATION   INVESTIGATING OFFICER -
AND/OR EVIDENCE                VILLALOBOS, EDWARD
(IF NOT NEEDED FOR INVESTIGATION/EVIDENCE, LEAVE BLANK)

1st OFFICER'S NAME
VILLALOBOS, EDWARD

STAR NO. **21211**   UNIT **610**

[ ] PROPERTY AVAILABLE FOR RETURN TO
    OWNER

SIGNATURE
Electronic Approval

2nd OFFICER'S NAME          STAR NO.

[ ] TO BE DISPOSED OF BY CUSTODIAN (NOT TO BE RETURNED)
(THIS APPLIES IF PROPERTY IS NOT EVIDENCE, NOT RETURNABLE AND/OR OWNER IS UNKNOWN)

SIGNATURE
Electronic Approval          UNIT

INITIAL DESTINATION OF PROPERTY:
ERPS

RECOVERING UNIT PERSONNEL          APPROVING DESK SERGEANT
BUTLER, MICHAEL

STAR NO. **1428**

DATE **23-JUL-2022**   TIME **10:49**

VIA   [ ] POLICE MAIL  [X] E & RPS PICKUP   [X] EVID./LAB TECHNICIAN

E. & R.P.S USE ONLY

OFFICER'S SIGNATURE -   STAR   UNIT
X

**COPY 1 - KEEP WITH PROPERTY**

Created by: PCDW126

Printed by: ILO16SABIX   28-AUG-2022 20:09

EXHIBIT-A 16)

| OFFENSE CLASSIFICATION - LAST PREVIOUS REPORT | VICTIM'S NAME AS SHOWN ON CASE REPORT | BEAT/UNIT ASSIGNED |
|---|---|---|
| 041A | COLE | 5145 |

DATE OF ORIGINAL CASE REPORT — DAY 15  MONTH FEB  YEAR 22
DATE OF THIS REPORT — DAY 16  MONTH FEB  YEAR 2

This form is designed for recording handwritten notes and memoranda which are made during the conduct of investigatio including: inter-watch memoranda (handwritten or typewritten), witness and suspect interview notes, on-scene canvas notes, and any handwritten personal notes made by personnel assigned or detailed to the Bureau of Detectives during th course of their investigations which are used to prepare official Department case reports.

35 WOOD        73 SEC APART ?

ISAiAH 708 577 9960  close        20145 - 2100

CAM 11              13              LOOK AJ (2)
      9              14
      5         1, 2, 3, (4)       THEY SAN
      6              11            THEY GOT AAS ?

ARCHUR EAS

MOHAMMD ALI   OWNOR  (708) 983 9620

"SAM"   708 539 2210   DAY 7-10

| REPORTING OFFICER'S SIGNATURE - STAR NO. | RECEIVED BY: SUPERVISOR'S SIGNATURE-STAR NO. | DAY- MO.-YR.  TIME |
|---|---|---|
| 21211 | K. Will  8xm | 26 SEP 22  1201 |

*EXHIBIT (14A)*

# DIGITAL EVIDENCE RECOVERY REPORT
**BUREAU OF DETECTIVES**
**CHICAGO POLICE DEPARTMENT**

| DATE OF ORIGINAL CASE REPORT | | | DATE OF THIS REPORT | | | |
|---|---|---|---|---|---|---|
| DAY | MONTH | YEAR | DAY | MONTH | YEAR | WAT |
| 15 | FEB | 22 | 17 | FEB | 22 | 2 |

| OFFENSE CLASSIFICATION - LAST PREVIOUS REPORT | VICTIM'S NAME AS SHOWN ON THE CASE REPORT | BEAT/UNIT ASSIGNED |
|---|---|---|
| 051A | Cole | 5/61A |

THIS FORM IS DESIGNED FOR RECORDING HANDWRITTEN NOTES AND MEMORANDA WHICH ARE MADE DURING THE CONDUCT OF INVESTIGATIONS, INCLUDING: ON-SCENE CANVASS NOTES; DIGITAL EVIDENCE IDENTIFIERS, DEVICE ACCESS PERMISSIONS, AND ANY HANDWRITTEN PERSONAL NOTES MADE BY BUREAU OF DETECTIVE PERSONNEL DURING FIELD INVESTIGATIONS WHICH ARE USED TO PREPARE OFFICIAL DEPARTMENT REPORTS.

**LOCATION OF DIGITAL EVIDENCE RECOVERY**

3510 S Ashland Ave

| CONTACT PERSON | | TIME OF INCIDENT |
|---|---|---|
| Alicia Sandoval | 773 823 9457 | 2108 |

**IDENTIFIERS**

Assisted: R Clay 18695

**ACCESS PROVIDED BY (Check all that apply.)**
- [X] A LICENSED BUSINESS    [X] CONTACT PERSON (ABOVE)
- [ ] SEARCH WARRANT/WARRANT NUMBER _____
- [ ] OTHER _____

| VIDEO SYSTEM RETENTION TIME | VIDEO SYSTEM MAKE |
|---|---|
| 05FEB22 | LTS |

| TIME SYNC: CAMERA SYSTEM TIME | VIDEO SYSTEM MODEL |
|---|---|
| 09:46:01 | LTD 8316K ET |

| ACTUAL TIME | | NUMBER OF CHANN |
|---|---|---|
| 09:46:00 | | 16 |

| DVR TIME OFFSET | MOBILE DEVICE BRAND | MOBILE DEVICE MODEL | SERIAL NUMBER (IF ACCESSI |
|---|---|---|---|
| 00:00:01 fast | | | |

| CAMERA VIEWS | | DATA RECOVERED |
|---|---|---|
| CH. 1 | lot/pumps | 15FEB22 2054 - 2115 hrs DVR time |
| CH. 2 | interior | Ch 1,4,5,7,8,13 |
| CH. 3 | interior | |
| CH. 4 | interior | 35 ASHLAND |
| CH. 5 | interior | |
| CH. 6 | interior | |
| CH. 7 | interior | |
| CH. 8 | entrance interior | NOTES |
| CH. 9 | interior | |
| CH. 10 | interior | |
| CH. 11 | Stock | Ticket #2259 |
| CH. 12 | interior | Det Villalobos #21211 |
| CH. 13 | pumps | Clay #18695  Riley #8589 |
| CH. 14 | entrance exterior | MP4  Blue USB |
| CH. 15 | dumpster/Alley | Inventory # 15051475 |
| CH. 16 | subway interior | |

**RECOVERY METHOD**
- [X] USB   [ ] OPTICAL DISC   [ ] REMOTE ACCESS   [ ] PROVIDED BY CONTACT PERSON

| REPORTING OFFICER'S SIGNATURE - STAR NO. | RECEIVED BY: SUPERVISOR'S SIGNATURE - STAR NO. | DAY-MO.-YR. | TIME |
|---|---|---|---|
| 8C89 | 8/7 | 26 SEP 22 | 1305 |

INJURIES:
COLE, Dominique
(1) GSW to the lower left arm

TAKEN TO:
UIC Hospital

WEAPON:
Unk firearm capable of firing .40 Cal ammunition

LOCATION:
3617 S Ashland Ave.

DATE & TIME:
15 FEB 2022 at 21:07 Hrs.

WEATHER & LIGHTING:
Cold, clear with artificial lighting.

MANNER / MOTIVE:
The offender fired in the victim?s direction striking her as she was driving. The motive is unknown.

VEHICLE USED:
Dark pickup truck

EVIDENCE:
CPD Inventory #15050664
(1) YELLOW METAL 40 S&W EXPENDED SHELL CASING

PODS:
2408H
2407H
2406H
2405H
7707W
6316W
6236W

*HE MADED THIS FALSE REPORT*

PERSONNEL ASSIGNED:
Bt. 912 (Paper)
P.O. TRAN #7527
P.O. LIANG #18125

WITNESSES:
None identified

INTERVIEWED:
COLE

15 FEB 2022 at 21:07 Hrs.

WEATHER & LIGHTING:
Cold, clear with artificial lighting.

MANNER / MOTIVE:
The offender fired in the victim?s direction striking her as she was driving.  The motive is unknown.

VEHICLE USED:
Dark pickup truck

EVIDENCE:
CPD Inventory #15050664    *WHERE*
(1) YELLOW METAL 40 S&W EXPENDED SHELL CASING

CPD Inventory #15051475
(1) OPTICAL DISC (3510 S. ASHLAND)

CPD Inventory #15051485
(3) OPTICAL DISC (3269 ARCHER AVE)

CPD Inventory #15070557
(1) SIX PACK PHOTO ARRAY
(1) PHOTO/LIVE LINEUP ADVISORY FORM
(1) LINEUP DEMOGRAPHIC SHEET

CPD Inventory #15071646
(1) PHOTO ARRAY
(1) DEMOGRAPHIC PAGE
(1) PHOTO ADVISORY FORM SIGNED BY DOMINIQUE COLE

CPD Inventory #15071648
(1) DVD CONTAINING POD VIDEO

CPD Inventory #15140397
(1) Packet of medical records

PODS:
2408H
2407H
2406H
2405H
7707W
6316W
6236W

PERSONNEL ASSIGNED:

EXHIBIT (19 A)

STAR #: 20411

EMP #: 38236

**INCIDENT NOTIFICATION:**   NOTIFICATION DATE & TIME: 02/15/2022:224000

REQUEST TYPE: Notification

PERSON NAME: Alex,Aguas

STAR #: 8039

EMP #: 112612

**REPORT DISTRIBUTIONS:**   No Distribution

**INVESTIGATION:**

This is a Reclassification Supplementary Report.

Further investigation, revealed that the victim, Dominique COLE, sustained a GSW to the lower left arm. R/D requests that this case be classified as an ███████████Handgun.

Report of:
Det. Edward VILLALOBOS #21211
Area One Detective Division
HGS

HE MADE
THEM
LIYUUME
WHY?

CHICAGO POLICE DEPARTMENT
## CASE SUPPLEMENTARY REPORT
3570 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police - Bureau of Investigative Services Personnel Only)

*EXHIBIT - 25A*  JF145715

Case id : 12619050
Sup id : 14640110    CASR339

| PROGRESS-LINE UP | | | | DETECTIVE SUP. APPROVAL COMPLETE | | |
|---|---|---|---|---|---|---|
| Last Offense Classification/Re-Classification | | IUCR Code | Original Offense Classification | | | IUCR Code |
| BATTERY / Aggravated - Handgun | | 041A | ASSAULT / Aggravated - Handgun | | | 051A |
| Address of Occurrence | | Beat of Occur | No of Victims | No of Offenders | No of Arrested | SCR No |
| 3617 S ASHLAND AVE | | 912 | 2 | | 0 | |
| Location Type | | Location Code | Secondary Location | | | Hate Crime |
| Street | | 304 | | | | No |
| Date of Occurrence | | Unit Assigned | Date RO Arrived | Fire Related? | Gang Related? | Domestic Related? |
| 15-FEB-2022 21:08 | | 0912 | 15-FEB-2022 21:12 | NO | NO | NO |

| Reporting Officer | Star No | Approving Supervisor | Star No | Primary Detective Assigned | Star No |
|---|---|---|---|---|---|
| DAGUANNO, Jennifer | 20550 | WILLIAMS, Kelvin | 847 | VILLALOBOS, Edward | 21211 |
| Date Submitted | | Date Approved | | Assignment Type | |
| 24-MAR-2022 12:10 | | 24-MAR-2022 12:17 | | FIELD | |

## THIS IS A FIELD INVESTIGATION PROGRESS-LINE UP REPORT

VICTIM(S):      **DARDEN, Cedric**        TYPE:   Individual
            Male / Black / ▓▓▓▓

            **SOBRIETY:**   Unknown

            **COLE, Dominique**        TYPE:   Individual
            Female / Black / ▓▓▓▓

            **SOBRIETY:**   Unknown
            **OTHER COMMUNICATIONS:**
            Other: ▓▓▓▓

SUSPECT(S)      **UNKNOWN, Unknown**
            Unknown / Unknown / Refused
            **DESCRIPTION:**    Unknown Hair, Unknown Hair Style, Unknown Eyes, Unknown ComplexionFacial Hair Unknown
            **SCAR MARKS:**   Unknown Tattoo on Neck
            **WEARING:**   Top - Black Hooded Sweatshirt, Top - Red Shirt
            **RELATIONSHIP OF VICTIM TO OFFENDER:**
               COLE, Dominique                - Unknown

CHICAGO POLICE DEPARTMENT

**EXHIBIT — E**

**JF145715**

## CASE SUPPLEMENTARY REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police - Bureau of Investigative Services Personnel Only)

Case id 12619090
Sup id 14592486    CASR339

| RECLASSIFY | | DETECTIVE SUP. APPROVAL COMPLETE | |
|---|---|---|---|
| Last Offense Classification/Re-Classification | IUCR Code | Original Offense Classification | IUCR Code |
| **BATTERY / Aggravated - Handgun** | **041A** | ASSAULT / Aggravated - Handgun | 051A |
| Address of Occurrence | Beat of Occur | No of Victims / No of Offenders / No of Arrested | SCR No |
| **3617 S ASHLAND AVE** | **912** | 2 / 0 | |
| Location Type | Location Code | Secondary Location | Hate Crime |
| **Street** | **304** | | No |
| Date of Occurrence | Unit Assigned | Date RO Arrived | Fire Related? / Gang Related? / Domestic Related? |
| **15-FEB-2022 21:08** | **0912** | 15-FEB-2022 21:12 | NO / NO / NO |

| Reporting Officer | Star No | Approving Supervisor | Star No | Primary Detective Assigned | Star No |
|---|---|---|---|---|---|
| VILLALOBOS, Edward | 21211 | BUTLER, Michael | 1428 | VILLALOBOS, Edward | 21211 |
| Date Submitted | | Date Approved | | Assignment Type | |
| 16-FEB-2022 15:07 | | 20-FEB-2022 08:05 | | FIELD | |

## THIS IS A FIELD INVESTIGATION RECLASSIFY REPORT

**VICTIM(S):**   **DARDEN, Cedric**                     TYPE:  Individual
                     Male / Black / ▉▉▉
                     **DOB:** ▉▉▉▉▉▉
                     **RES:** ▉▉▉▉▉▉▉

                     **SOBRIETY:**  Unknown

                     **COLE, Dominique**                TYPE:  Individual
                     Female / Black / ▉▉▉
                     **DOB:** ▉▉▉▉▉
                     **RES:** ▉▉▉▉▉▉▉

                     **SOBRIETY:**  Unknown
                     **OTHER COMMUNICATIONS:**
                          Other: ▉▉▉▉▉

**SUSPECT(S)**   **UNKNOWN, Unknown**
                     Unknown / Unknown / Refused
                     **DESCRIPTION:**  Unknown Hair, Unknown Hair Style, Unknown Eyes, Unknown Complexion Facial Hair Unknown
                     **SCAR MARKS:**  Unknown Tattoo on Neck
                     **WEARING:**  Top - Black Hooded Sweatshirt, Top - Red Shirt
                     **RELATIONSHIP OF VICTIM TO OFFENDER:**
                          COLE, Dominique                     - Unknown



DARDEN, Cedric        - Unknown

**VICTIM INJURIES**      <u>COLE, Dominique</u>

| Type | Weapon Used |
|------|-------------|
| Laceration | Unknown |

CAUSE: Cut

REASON: Other

EXTENT: Minor

Injury Attempted by Offender

**HOSPITAL:** Univ. Of Illinois Hospital

**AUTHORIZED BY:** Cfd

**PHYSICIAN NAME:** Dr Meehan

**TRANSPORTED TO:**      <u>COLE, Dominique</u>        (Victim)

Transported To Univ. Of Illinois Hospital

Transport Was Authorized By Amb 19

**LOCATION OF INCIDENT:**      3617 S Ashland Ave
Chicago IL 60609
304 - Street

**DATE & TIME OF INCIDENT:**      15-FEB-2022 21:08

**MOTIVE CODE(S):**      Altercation - Other

**CAUSE CODE(S):**      Dna

**METHOD CODE(S):**      Person(S) Shot    NOT SHOOT POLICE FALSE REPORT

**CAU CODE(S):**      Dna

**PERSONNEL ASSIGNED:**      <u>Detective / Investigator</u>

VILLALOBOS, Edward M      # 21211

<u>Reporting Officer</u>

| TRAN, Sang V | # 7527 | **BEAT:** 0912 |
| LIANG, Eric | # 18125 | **BEAT:** 0912 |

**CRIME CODE SUMMARY:**      041A - Battery - Aggravated - Handgun

**IUCR ASSOCIATIONS:**      <u>041A - Battery - Aggravated - Handgun</u>

| COLE, Dominique | ( Victim ) |
| UNKNOWN, Unknown | | ( Suspect ) |

<u>051A - Assault - Aggravated - Handgun</u>

| COLE, Dominique | ( Victim ) |
| UNKNOWN, Unknown | | ( Suspect ) |

**INCIDENT NOTIFICATION:**      **NOTIFICATION DATE & TIME:** 02/15/2022:214100

**REQUEST TYPE:** Notification

**PERSON NAME:** James,Butler Ii

*SHE CALLED THE COPS AND SAID SHE WAS SHOOT?* (handwritten)

DARDEN

TO BE INTERVIEWED:
N/A

INVESTIGATION:

On 16 FEB 2022 R/D was assigned a person shot investigation by the on duty Sergeant of this command. R/D learned that this incident took place on 15 FEB 2022 at approximately 21:08 Hrs. R/D also learned that this case was documented as an Aggravated Assault but the victim, Dominique COLE called Area 1 and related that medical personal at the hospital where she was receiving treatment informed her that she was shot in the lower left arm during this incident.

R/D contacted the victim Dominique COLE and she related that she had returned home from the hospital and was available to be interviewed. R/D relocated to 3133 S Archer Ave. in furtherance of this investigation. R/D met with COLE and interviewed her. She related in essence and not verbatim the following:

INTERVIEW
Dominique COLE

Dominique COLE related that she along with her boyfriend, Cedric DARDEN went to the gas station located at Archer Ave and Wood St. to get gas. She went into the gas station to buy some items and pay for gas. While she was waiting to pay for her items, an unknown female that was in front of her in line, began to argue with the store clerk. The female?s boyfriend, an unknown male Hispanic (Offender) with long dark hair in a ponytail, wearing a brown coat, came into the store and also began arguing with the store clerk. The unknown male and female left the gas station and COLE then paid for her items. COLE went outside and told her boyfriend, Cedric DARDEN, about the incident in the store and then she pumped her gas. The unknown male and female left in a Black/Dark pickup truck possibly a Ford F150.

COLE and DARDEN then drove to the Subway sandwich shop located inside the gas station at 3500 S Ashland Ave. to get food. When they pulled into the parking lot, they observed the same unknown male and the same Black/Dark pickup truck that they observed at the gas station located at Archer and Wood St. They exited their vehicle to go inside the store and the unknown male Hispanic (Offender) looked at them and said, ?You alright Nigga!? He flashed a gun and then took cover behind his truck. He then stated, ?I?ll light your bitch ass up!? COLE and DARDEN went into the store and ordered their food. When they got their food, they went to their vehicle and drove out of the parking lot southbound on Ashland Ave. When they got to the first traffic light COLE made a U-turn and drove north on Ashland Ave. She heard gun shots and observed the unknown male Hispanic (Offender) in the Black/Dark pickup truck driving south on Ashland Ave. shooting at her. She continued north on Ashland Ave. and the offender made a U-turn and chased her while continuing to shoot at her. She made a turn westbound when she reached Archer Ave. and she crashed into a light pole and her vehicle caught fire. An unmarked police vehicle was at that intersection and gave chase. COLE related that she believes that she would be able to identify the offender. COLE related that she sustained a GSW to the lower left arm.

R/D then interviewed Cedric DARDEN and he related in essence and not verbatim the following:

*EXHIBIT 7*

**Chicago Police Department - ARREST Report**

ARREST REPORTING

**WARRANT**

NO WARRANT IDENTIFIED

**NON-OFFENDER(S)**

VICTIM AND COMPLAINANT

Name: COLE, Dominique

Female
Black

Injured? No     Deceased? No

Hospitalized? No

Treated and Released? No

Comments:

**ARRESTEE VEHICLE**

NO ARRESTEE VEHICLE INFORMATION ENTERED

**PROPERTIES**

Confiscated Properties :
All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR     LUJANO, Adam,     NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

**INCIDENT NARRATIVE**

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)
Event#03901.
The above subject was processed on a signed Court Order for said charges per Direct Indictment Case# 22CR0918101.
Offender was positively identified as the subject who fired a handgun striking the victim casing great bodily harm documented under RD# JF145715. Fingerprinted by P.O. Saetia #19581 bt. 5836
Name check reveals warrant but subject was previously arrested for said warrant on 12Apr22.

*NO GUN
ACQUITTAL*

**COURT INFO**

Desired Court Date:
Branch:
Court Sgt Handle?  No
Initial Court Date:
Branch:        - Room
Docket #:

**BOND INFO**

BOND INFORMATION NOT AVAILABLE

EXHIBIT (XX)(2)

# PHOTO/LIVE LINEUP ADVISORY FORM
## CHICAGO POLICE DEPARTMENT

I, __Dominique Cole__ , agree to view a photo/live lineup at
    (Print Name)

███████████████████ on __24 MAR 22__
    (Location)                                    (Date)

INSTRUCTIONS TO WITNESS PURSUANT TO 725 ILCS 5/107A-2(e)(1)

I understand that I am not required to be recorded and may refuse to do so:

*   If recording the lineup is practical, an audio and video recording of myself and the persons in the lineup will be made for the purpose of accurately documenting all statements made by myself.

*   The perpetrator may or may not be presented in the lineup.

*   If an independent administrator is conducting the lineup, they do not know the perpetrator's identity; if an independent administrator is not being used, I should not assume the lineup administrator knows which person in the lineup is the perpetrator.

*   I should not feel compelled to make an identification.

*   It is as important to exclude innocent persons as it is to identify a perpetrator.

*   The investigation will continue whether or not an identification is made.

The photo/live lineup administrator has explained the above instructions, I have also read them and/or they have been read to me and I understand them.

__Dominique Cole__                __3/24/22__            __9:13 AM__
    Signature of witness                Date                Time

### AUDIO/VIDEO RECORDING

No police officer has suggested in any way that I should consent or refuse to have this lineup videotaped. The decision to have this lineup videotaped is my personal preference. Circle the word(s) "consent" or "do not consent" below.

+  (I consent)/do not consent to being videotaped.        Signature of Witness __Dominique Cole__

I understand that with or without a videotaped recording, state law requires an audio recording to be made, unless it is not possible to do so.        Signature of Witness __Dominique Cole__

NOTE: If an audio recording of the lineup is not possible, the independent administrator will state in the space below the specific conditions or exact statement(s) made by the witness which describes why an audio recording of the photo array/lineup was not possible.

_____
_____

### PHOTO/LIVE LINEUP RESULTS

The witness identified the following person(s) __#5__
The witness made the following statements during the photo/live lineup as to the perpetrator's identity:
    i'm gonna go with him,   he shot at me
    And then i crashed my car

_____
_____
_____

### SIGNATURES

__Dominique Cole__                __3/24/22__            __9:18__
Signature of person viewing photo/live lineup    Date                Time

_____        __24 MAR 22__          __20890__
Signature of photo/live lineup administrator    Date            Star No.

CPD-11.900 (Rev. 7/20) - English

RD No. JF145715

EXHIBIT 2

Page 1 of

| Attribute | Value | Attribute | Value | Attribute | Value |
|---|---|---|---|---|---|
| CB No.: | 30021785 | CB No.: | 30110333 | CB No.: | 30116979 |
| Arrest Date: | 17-Jan-2021 | Arrest Date: | 12-Jan-2022 | Arrest Date: | 09-Feb-2022 |
| Last Name: | RIVERA | Last Name: | MARTINEZ | Last Name: | MARQUEZ |
| First Name: | ANTHONY | First Name: | ALEJANDRO | First Name: | JOSE |
| Middle Name: | L | Middle Name: | | Middle Name: | L |
| Hair Color: | BLK | Hair Color: | BLK | Hair Color: | BLK |
| Eye Color: | BRO | Eye Color: | BRO | Eye Color: | BRO |
| Race: | WWH | Race: | WWH | Race: | WWH |
| Weight: | 185 | Weight: | 195 | Weight: | 180 |
| Height: | 511 | Height: | 511 | Height: | 511 |
| Sex: | M | Sex: | M | Sex: | M |
| Attribute | Value | Attribute | Value | Attribute | Value |
| CB No.: | 30041635 | CB No.: | 19156266 | CB No.: | 30058647 |
| Arrest Date: | 05-Apr-2021 | Arrest Date: | 22-Jul-2015 | Arrest Date: | 07-Jun-2021 |
| Last Name: | RIZO | Last Name: | LUJANO | Last Name: | SANNER |
| First Name: | JOSHUA | First Name: | ADAM | First Name: | RAY |
| Middle Name: | | Middle Name: | | Middle Name: | |
| Hair Color: | BLK | Hair Color: | BLK | Hair Color: | BLK |
| Eye Color: | BRO | Eye Color: | BRO | Eye Color: | BRO |
| Race: | WWH | Race: | WWH | Race: | WWH |
| Weight: | 190 | Weight: | 190 | Weight: | 180 |
| Height: | 600 | Height: | 511 | Height: | 600 |
| Sex: | M | Sex: | M | Sex: | M |

NO
LONG
HAIR

EXHIBIT XX

# PHOTO/LIVE LINEUP ADVISORY FORM
## CHICAGO POLICE DEPARTMENT

I, CEDRIC DARDEN , agree to view a photo/live lineup at
(Print Name)

~~(Location)~~ on 24 MAR 22
(Date)

### INSTRUCTIONS TO WITNESS PURSUANT TO 725 ILCS 5/107A-2(e)(1)

I understand that I am not required to be recorded and may refuse to do so:

* If recording the lineup is practical, an audio and video recording of myself and the persons in the lineup will be made for the purpose of accurately documenting all statements made by myself.

* The perpetrator may or may not be presented in the lineup.

* If an independent administrator is conducting the lineup, they do not know the perpetrator's identity; if an independent administrator is not being used, I should not assume the lineup administrator knows which person in the lineup is the perpetrator.

* I should not feel compelled to make an identification.

* It is as important to exclude innocent persons as it is to identify a perpetrator.

* The investigation will continue whether or not an identification is made.

The photo/live lineup administrator has explained the above instructions, I have also read them and/or they have been read to me and I understand them.

x _Cedric Darden_     24 MAR 22     0925
Signature of witness     Date     Time

### AUDIO/VIDEO RECORDING

No police officer has suggested in any way that I should consent or refuse to have this lineup videotaped. The decision to have this lineup videotaped is my personal preference. Circle the word(s) **"consent"** or **"do not consent"** below.

I **consent**/do not consent to being videotaped.     Signature of Witness x _Cedric Darden_

I understand that with or without a videotaped recording, state law requires an audio recording to be made, unless it is not possible to do so.     Signature of Witness x _Cedric Darden_

**NOTE:** If an audio recording of the lineup is not possible, the independent administrator will state in the space below the specific conditions or exact statement(s) made by the witness which describes why an audio recording of the photo array/lineup was not possible.

_____

### PHOTO/LIVE LINEUP RESULTS

The witness identified the following person(s): ___

The witness made the following statements during the photo/live lineup as to the perpetrator's identity:
"THAT'S THAT MOTHERFUCKER RIGHT THERE." I'LL NEVER FORGET THAT FACE " HE SHOT MY GIRL

RD No. JF 145 715

### SIGNATURES

x _Cedric Darden_     24 MAR 22     0925
Signature of person viewing photo/live lineup     Date     Time

Det. D'Agvanno     24 MAR 22     20550
Signature of photo/live lineup administrator     Date     Star No.

CPD-11.900 (Rev. 7/20) - English

EXHIBIT
(XX)



JUST ME
WITH
TATOO

24 (?)
MARCH
09:25 HOURS



This report is in summary and not a verbatim account unless punctuated with quotation marks. This report should be read in conjunction with all other reports generated under this RD# JF145715.

On 24MAR2022, R/D was assigned to act as an Independent Administrator and conduct a Photo Array with Dominique COLE. Detective Edward Villalobos#21211 generated and provided R/D with the Photo Array. R/D met with COLE at 5101 S Wentworth Area 1 Detective HQ. COLE consented to be video recorded but understood she was going to be audio recorded if she refused video recording. R/D recorded the array under ERI recording in the Area 1 witness room. R/D, having no knowledge of the suspect's identity presented COLE with a Photo/Live Advisory Form. R/D explained the photo array instructions to COLE. R/D also had COLE read and signed the form indicating she understood the instructions.

R/D provided COLE with the Photo Array. COLE carefully reviewed the array and took a few minutes and then pointed at the subject in box #5 box and said "I?m gonna go with this one, he shot at me" and then I crashed my car. COLE circled, initialed, and dated the subject in box #5, identifying Adam Lujano.

The Photo Array Advisory Form, Photo Array, Demographic Sheet were all subsequently inventoried under INV#15071646.

Report of:
Detective Chris Dingle #20890
Bureau of Detectives Area 1 (unit 610)
Violent Crimes

K, KILROY EXHIBIT 3



**Law Enforcement Sensitive (LES) For Official Use Only (FOUO)**

*This Officer Safety Alert can be viewed on the Deployment Operations Center Link via the Chicago Police Department Intranet*

February ████████                                      2022-OSA-101

**Crime Prevention
Information Center**

*Chicago Police
Department*

# O F F I C E R

# S A F E T Y

# A L E R T



SEEKING TO IDENTIFY-AREA ONE

Area One Detectives are seeking to identify the pictured subject and pictured vehicle in relation to an aggravated battery with a handgun that occurred at 3617 S Ashland Ave on 15 Feb 2022 at 2108 hrs. The following offending vehicle is described as a dark pickup truck, possibly a Ford F-150 with a truck tool box in the bed of the pickup. The vehicle was last observed bearing stolen IL. license plate #1440WX-B. Officers should use extreme caution when approaching the subject or a vehicle that matches this description.

**Make:** Ford
**Model:** Possible F150
**Year:** UNK
**Color:** Dark
**Plate:** 1440WX-B
*The plate is listed as STOLEN in LEADS at the time of this report

**THERE IS NO PROBABLE CAUSE TO ARREST AT THIS TIME.** Officers should document the suspects name and general description. Officers must develop their own reasonable, articulable suspicion for the stop or probable cause to arrest.

Anyone with information please contact Det. E. Villalobos #21211 at (312) 747-8380 or Edward.Villalobos@chicagopolice.org



Any further dissemination of this document or disclosure of its contents is prohibited without approval of the Chicago Police Department's Deployment Operations Center. Elements of this document may be subject to 28 CFR Part 23. Illinois driver's license or identification images are only for use as authorized by 625 ILCS 5/6-110.1 and 92 Ill. Admin. Code 1020.140. This information shall not be released to the media or general public. FAILURE TO ADHERE TO THESE POLICIES MAY RESULT IN CIVIL, CRIMINAL OR DISCIPLINARY ACTION
Crime Prevention Information Center (CPIC) / (Email) cpic@chicagopolice.org / (P) 312.745.5669 / (Pax) 0100 / (Fax) 312.745.6927

*[handwritten annotation: I DON'T HAVE TATTOO SIDE ON MY RIGHT NECK OF M]*

```
15-Feb-22/21:18:29     ASST      PD63                    1220
15-Feb-22/21:18:32     MISC      PD43                    912    FEMALE
15-Feb-22/21:18:35     ASST      PD63                    1214
15-Feb-22/21:18:38     ACK       PMDT2343                1214
15-Feb-22/21:18:53     MISC      PD42
6026d victim, m/hw long hair tattoo right side neck, close shell gas
station
15-Feb-22/21:19:01     MISC      PD42
go to shell gas station for a video
15-Feb-22/21:19:25     MISC      PD43
6026D    ONE VIC   OFF  M/HW  LONG HAIR  TAT ON RIGHT SIDE OF NECK   PULL
GUN IN PARKINGLOT
15-Feb-22/21:19:36     MISC      PD42
offender male and female in blue ford 150, male shooter
15-Feb-22/21:19:46     MISC      PD43
MALE AND FEMALE IN BLUE FORD F150  MALE WAS DOING THE SHOOTING
15-Feb-22/21:19:52     MISC      PD42
per 920 shots not fired at the police, police were in the area
15-Feb-22/21:20:12     CLEAR     PMDT2514                1061F
15-Feb-22/21:20:19     CLEAR     PMDT2895                1211
15-Feb-22/21:20:25     SUPP      PD42                    Remarks Added
15-Feb-22/21:20:34     MISC      PD43
SHOTS NOT FIRED AT POLICE    WAS IN THE AREA WHEN SHOTS WERE FIRED
15-Feb-22/21:20:35     MISC      PD62                    SLOWDOWN BCASTED Z3
15-Feb-22/21:20:38     MISC      PD43                    912 PC
15-Feb-22/21:20:48     ACK       PMDT3549                1220
15-Feb-22/21:20:57     ASST      PD42                    914
                                 PD42
per 920 female cut not shot
15-Feb-22/21:21:16     ASST      PDT101                  4734
15-Feb-22/21:21:21     SUPP      PD42                    Remarks Added
15-Feb-22/21:21:26     MISC      PD43
920    NO POLICE OFFICER SHOT
15-Feb-22/21:21:32     CLOCX     PDT101
4718 [2999 S ARCHER AV /3000 S LOCK ST]
15-Feb-22/21:21:32     CLOCX     PDT101
4730 [2999 S ARCHER AV /3000 S LOCK ST]
15-Feb-22/21:21:40     CLOC      PD43                    914 [ASH/ARCHER]
15-Feb-22/21:21:41     EVTMSG    PD42
 fyi.. walk in persho from hospital z13 from archer/ashland
15-Feb-22/21:22:12     ASST      PD42                    932
15-Feb-22/21:22:32     CLEAR     PMDT2034                1263A
15-Feb-22/21:22:40     AUTPRE    PD43                    932
15-Feb-22/21:22:40     ASST      PD43                    932
15-Feb-22/21:22:48     CLOC      PD42
932 [FOLLOW FEMALE VICTIM TO AMB]
15-Feb-22/21:23:20     REMINQ    PD42                    920 Veh->LIC/1440WX
15-Feb-22/21:23:21     REMINQ    PMDT5825
931 Veh->LIC/1440WX LIS/IL
15-Feb-22/21:23:28     MISC      PD43
```

*[handwritten annotation near "per 920 female cut not shot": RAN OUT ... when ...]*

EXHIBIT (9 A)

911 Dispatch

     15-Feb-22/21:29:33   D108854      PD43
     NO POLICE OFFICER WAS SHOT AT / SHOT
FEMALE CUT PER 920

     15-Feb-22/21:23:54   D119065      PD42
     OS   02152022   2123
STA/VALID  VAL/03222021   TTL/17271692582
1440WX-B   042022   ORIG PLT   LIC STX/2D9678007
MCELROY BERTRAM W
4280 W FORD CITY DR APT B2502 CHICAGO IL 60652-1487
M246-0794-7076
1FTEW1EG0HKD57145   BLK/BLK 2017 FORD            PICKUP
VEHICLE WEIGHT/08000
STATUS UNAVAILABLE  REF PLT/1440WX-B  EXP/042021
REC UPDATED 031821---
REGISTRATION IS FROM THE VEHICLE MASTER FILE

     15-Feb-22/21:21:21   D119065      PD42
     per 920 female victim isn't shot, just cut
no one shot on scene

     15-Feb-22/21:20:25   D119065      PD42
     per 920 shots not fired at the police, police were in the area and ov
incident
disregard over 10-1 button

     15-Feb-22/21:14:49   D119065      PD42
     OS   02152022   2111
STA/VALID  VAL/06042021   TTL/18191696157
AV48299   062022   ORIG PLT   LIC STX/2F9710385
COLE DOMINIQUE
8756 S BURLEY AVE CHICAGO IL 60617-3339
C400-1768-5714
2G1WG5E32D1110587   GRY/GRY 2013 CHEVROLET        SEDAN
STATUS UNAVAILABLE  REF PLT/AV48299  EXP/062021
REC UPDATED 060221---
REGISTRATION IS FROM THE VEHICLE MASTER FILE

     15-Feb-22/21:14:38   D119065      PD42
     Following remarks copied from DUP event #CPD2204616873
Type: SST - SHOT SPOTTER
Loc: 3617 S ASHLAND AV

     15-Feb-22/21:12:32   D119065      PD42
     Following remarks copied from DUP event #CPD2204616907
Type: SHOTSF - SHOTS FIRED
Loc: 3100 S ASHLAND AV

**BUREAU OF DETECTIVE**
Forensic Services Division

TO:    Subpoena Unit
        Administrative Services Division

FROM:   Forensic Records Section
        Forensic Services Division

SUBJECT:  **Subpoenas for Reports Photographs and/or Crime Scene Video**

When applicable, check appropriate box ☐

☐  The Forensic Records Section found no records of reports on file for RD#_____

☒  The Forensic Records Section has no record on file of any photographic negatives or digital photographic files under RD#JF145715.

☐  The Forensic Records Section attempted to locate crime scene video taken by a member of The Forensic Services Division associated with RD#_____. Crime Scene Processing Reports were researched and there is no indication of a crime scene video taken by Forensic Services personnel.

☐  A crime scene video does exist under RD#_____. Forensic Services does not have the capability to access the video and/or copy it. Please refer your request to The Field Services Section, Records Division.

☐  Photographic negatives prior to 2008 are stored at the bulk storage warehouse. A request was made to search for photographic negatives at the warehouse under RD#_____._____, assigned to Unit #166 related that no photographic negatives were located at the warehouse.

Our files were searched on_____by_____.

☐  Images Forwarded      ☐  Video Forwarded

*\* The search for photographic images and/or video documentation relative to this request is limited to the photographs and/or video taken by members of the Forensic Services Division stored at or under the control of The Forensic Services Division of the Chicago Police Department.*

*E. T. E. VERA #11421*

EXHIBIT (22A)

# MOTOR VEHICLE INVENTORY
## REPORT

| YEAR | MAKE | BODY STYLE | COLOR | V.I.N. |
|------|------|-----------|-------|--------|
| 0 | Chev | 4DR | BLK | UTO |

**ODOMETER READING**

**STATE LICENSE PLATE** | **STATE** IL | **MON/YR EXPIRE** 6 / 2022 | **PLATES** 1

**PROPERTY INVENTORY NUMBER** 2009739 | **UNIT**

**ARRIVED AT POUND** DAY 16 MONTH FEB YEAR 2022 | **CITY LICENSE NO.** NONE | **CITY** | **MO/YR EXP**

**RECOVERED BY - NAME** | **STAR NO.** 18125 | **UNIT**

**RECOVERED FROM** BEAT 9 ADDRESS 3127 S ARCHER

**NAME OF DRIVER** | **TRUCK NO.** 355 | **OWNER'S NAME** | **HOME TELEPHONE**

**ENTERED INTO COMPUTER BY** | **DELETED BY** | **OWNER'S ADDRESS**

**INVENTORY NO.** 2928450

**POST TOW HEARING** YES ☐ NO ☐ | **CITY** | **STATE** | **ZIP CODE** | **TIME RECEIVED** 12:07 AM

**DATE OF HEARING DAY - MO - YR** | **TIME** | **REASON TOWED** HAZARD | **POUND** 2 | **YARD LOCATION**

## VEHICLE INVENTORY

### EXTERIOR

| | NO | YES | |
|---|----|----|---|
| DOORS LOCKED | ☐ | ☒ | |
| EXTERIOR DAMAGED | ☐ | ☒ | (Explain in remarks) |
| GLASS BROKEN | ☒ | ☐ | (Explain in remarks) |
| HUB CAPS MISSING | ☐ | ☒ | No. 0 |
| TIRES MISSING | ☒ | ☐ | No. |
| APPARENT TIRE SWITCH | ☒ | ☐ | No. |
| WHEELS MISSING | ☒ | ☐ | No. |
| SUN ROOF MISSING | ☒ | ☐ | ☐ D.N.A. |
| T-TOP MISSING | ☒ | ☐ | ☐ D.N.A. |
| OTHER - SPECIFY | | | |

| | NO | YES | |
|---|----|----|---|
| TRUNK LOCKED | ☒ | ☐ | |
| TRUNK LOCK PUNCHED | ☒ | ☐ | |
| SPARE TIRE | ☒ | ☐ | ☐ Unknown |
| TOOLS IN VEHICLE | ☒ | ☐ | ☐ Unknown |
| OTHER - SPECIFY | | | |

### ENGINE COMPARTMENT

| | YES | NO |
|---|----|----|
| ENGINE MISSING | N/A ☐ | |
| BATTERIES MISSING | N/A ☐ | |
| CARBURATOR MISSING | N/A ☐ | |
| ALTERNATOR / GENERATOR MISSING | N/A ☐ | |
| AIR CLEANER MISSING | N/A ☐ | |
| RADIATOR MISSING | N/A ☐ | |
| TRANSMISSION MISSING | N/A ☐ | |
| AIR CONDITIONER COMPRESSOR MISSING | N/A ☐ | |
| OTHER - SPECIFY | | |

Impala

### INTERIOR

| | NO | YES | |
|---|----|----|---|
| KEYS IN CAR | ☒ | ☐ | No. 0 |
| IGNITION DAMAGED / PULLED | ☒ | ☐ | |
| SEATS MISSING | ☒ | ☐ | No. 0 |
| SEAT CUSHIONS MISSING | ☒ | ☐ | No. |
| REAR SEAT CUSHION PULLED | ☒ | ☐ | |
| RADIO MISSING | ☒ | ☐ | |
| CD PLAYER IN CAR | ☐ | ☒ | |
| TV / DVD IN CAR | ☒ | ☐ | |
| DASHBOARD DMGD / MISSING | ☒ | ☐ | |
| LAPTOP IN CAR | ☒ | ☐ | |
| CELLULAR PHONE IN CAR | ☒ | ☐ | |
| GPS UNIT IN CAR | ☒ | ☐ | |
| MP3 PLAYER IN CAR | ☒ | ☐ | |
| PDA IN CAR | ☒ | ☐ | |
| OTHER - SPECIFY | | | |

**INVENTORIED BY** ROY BENNETT | **DATE POUND CLERK RECEIVED FILE** 02/16/2022

### STOLEN VEHICLE / OWNER IDENTIFICATION

☐ DRIVABLE  ☒ NOT DRIVABLE | **R.D. NO.** JF145717 | **LOCAL OR FOREIGN STEAL**

**DATE NOTIFIED BY PHONE** | **TIME** | **PERSON NOTIFIED** | **NOTIFIED BY - NAME - STAR / EMPLOYEE NO.**

### TRANSFER OF VEHICLE

**DATE TRANSFERRED** | **CHARGES** | **FROM** | **TO** | **RECEIVED BY - NAME - STAR / EMPLOYEE NO.**

### REMARKS

**SPECIFY / DESCRIBE MISSING OR DAMAGED DOORS, FENDERS, HOOD, BUMPERS, ETC.**
Front Hood Burned,Front Hood Damaged,Front Grill Damaged,Front Light Damaged,Front Bumper Damaged,Back Trunk Damaged,Back Bumper Damaged,Passenger Door Burned,Passenger Fender Burned,Driver Door Burned,Driver Fender Burned

**HOLD** ☒ NO ☐ YES | **IF YES** ☐ 5 DAY ☐ EXTENDED | **REASON**

### DISPOSITION OF VEH. To be completed after veh. is sold or released

☐ SOLD | **DATE SOLD** | **PURCHASER NAME** | **ADDRESS**

☐ RELEASED | **RELEASED TO - NAME** | **ADDRESS**

**DRIVERS LICENSE NO.** | **INDENTIFICATION USED FOR RELEASE** | **RECEIPT NO.** | **AMOUNT**

**RELEASED BY - NAME** | **STAR / EMPLOYEE NO.** | **DATE RELEASED** | **TIME**

### STOLEN AUTO CHECK

**DATE MADE** | **MADE BY - NAME** | **SECRETARY OF STATE CHECK** | **MADE BY - NAME**

EXHIBIT (1A)

United Road Towing, Inc.

| | | |
|---|---|---|
| **1. BEAT OF ASSIGNMENT** 912 | **2. RD NO. / CITATION NO.** JF145717 ? | **3. STREETS & SANITATION NO.** 069738 |
| **4. BEAT OF OCCURRENCE** 913 | **5. LOCATION OF VEHICLE** 3127 S. ARCHER AV | |

**VEHICLE TOW CLASSIFICATION**

- [ ] STOLEN - TOW AUTHORIZED BY OWNER/COMPLAINANT, HAZARD, OR RECOVERED VEHICLE ILLEGALLY PARKED OR NEEDED FOR FURTHER INVESTIGATION.
- [ ] NO INSURANCE AND NO DRIVER'S LICENSE (625 ILCS 5/6-101) -TOW OF A VEHICLE BELONGING TO AN INDIVIDUAL WHO HAS NO INSURANCE FOR THE VEHICLE AND NO DRIVER'S LICENSE.
- [X] HAZARD - MOTOR VEHICLE OBSTRUCTING TRAFFIC FLOW OTHER THAN CRASH OR A CLEAR AND PRESENT DANGER TO THE SAFETY OF THE COMMUNITY.
- [ ] ARRESTEE'S PROPERTY - MOTOR VEHICLE CONTROLLED BY ARRESTEE.
- [ ] PUBLIC ADMINISTRATOR'S / MEDICAL EXAMINER'S CASES - MOTOR VEHICLE OF DECEASED PERSON INVOLVED IN AN ESTATE OR MEDICAL EXAMINER'S CASE.
- [ ] HIT & RUN - LEAVING THE SCENE OF A TRAFFIC CRASH, WHEN CONNECTED WITH AN ADDITIONAL OFFENSE, NOTIFY INVESTIGATING UNIT.

- [ ] TRAFFIC CRASH - VEHICLES WHICH CANNOT BE DRIVEN SAFELY FROM THE SCENE, ARE OBSTRUCTING THE FLOW OF TRAFFIC, OR CAUSING A HAZARDOUS CONDITION, AND THE OPERATOR IS UNWILLING/UNABLE TO OBTAIN TOW.
- [ ] PARKED ON PRIVATE PROPERTY - WITHOUT CONSENT OF PROPERTY OWNER/AGENT, VEHICLE OWNER UNKNOWN, AND A COMPLAINT (CPD-11,478) HAS BEEN SIGNED BY THE PROPERTY OWNER/AGENT.
- [ ] HOLD - CONFIDENTIAL VIN CHECK
- [ ] HOLD FOR INVESTIGATION - WANTED VEHICLE
- [ ] OTHER VIOLATION:
  DESCRIPTION:
  CHARGE:

**ADDRESS OF OFFENSE / LOCATION OF SELECTED VIOLATION(S)** 29

CITY OF CHICAGO, COUNTY OF COOK, STATE OF ILLINOIS

**DATE AND TIME OF VIOLATION**

| **7. YEAR** 2013 | **8. MAKE** CHEVROLET | **9. MODEL** IMPLA | **10. COLOR** BLACK | **11. BODY STYLE** 4 DOOR |
|---|---|---|---|---|

| **12. VEHICLE IDENTIFICATION NUMBER (VIN)** 2G11G5S32D911 6587 | **13. LICENSE PLATE / TRP NO.** IL | **STATE** | **MO/YR EXP** 08/21 | [X] PC [ ] TRP [ ] TK | [ ] NO PLATE AT TIME OF TOW |
|---|---|---|---|---|---|

| **14. NAME OF VEHICLE OWNER OF RECORD** COLE DOMINIQUE | **15. ADDRESS OF OWNER OF RECORD** | **16. OWNERSHIP VERIFIED?** [X] YES - BY COMPUTER INQUIRY [ ] YES - OTHER |
|---|---|---|
| **17. NAME OF DRIVER** COLE DOMINIQUE | **18. DRIVER'S LICENSE NO. OF DRIVER** | **STATE** IL | **EXP.** | **19. LICENSE SUSPENDED/REVOKED** [X] NO [ ] YES |
| **20. NAME OF VIOLATOR** [ ] CHECK IF OWNER OF RECORD UNK | **21. ADDRESS OF VIOLATOR** UNK | **22. IDENTITY VERIFIED?** [ ] YES - BY COMPUTER INQUIRY [ ] YES - OTHER [ ] NO |
| **23. PHONE NO. OF VIOLATOR** UNK | **24. DRIVER'S LICENSE NO. OF VIOLATOR** UNK | **STATE** | **EXP.** | **25. LICENSE SUSPENDED/REVOKED** [ ] NO [ ] YES |

**26. VEHICLE CONDITION**

| EXTERIOR | NO | YES | | NO | YES | | NO | YES |
|---|---|---|---|---|---|---|---|---|
| DOORS LOCKED | [X] | [ ] | HUB CAPS MISSING | [X] | [ ] NO. | SPARE TIRE WITH VEHICLE | [ ] | [ ] [X] UNK |
| DOOR LOCKS PUNCHED | [ ] | [ ] NO. | SUN ROOF MISSING | [ ] | [X] D.N.A. | TRUNK LOCKED | [X] | [ ] |
| EXTERIOR DAMAGED | [ ] | [X] NO. | TIRE(S) MISSING | [X] | [ ] NO. | TRUNK LOCK PUNCHED | [X] | [ ] |
| GLASS BROKEN | [ ] | [X] NO. | WHEELS MISSING | [X] | [ ] NO. | OTHER - SPECIFY | | |

| INTERIOR | NO | YES | UNK | | NO | YES | UNK | | NO | YES | UNK |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AIR BAG DAMAGED / MISSING | [ ] | [X] | [ ] | IGNITION DAMAGED / PULLED | [ ] | [ ] | [X] | PERSONAL PROPERTY IN VEHICLE | [ ] | [ ] | [X] |
| CUSHIONS / SEATS MISSING | [ ] | [ ] | [X] | INTERIOR DAMAGED | [ ] | [X] | [ ] | INVENTORY NO.(S) | | | |
| GLOVE BOX LOCKED | [ ] | [ ] | [X] | RADIO/AUDIO/VIDEO EQUIP. MISSING | [ ] | [ ] | [X] | MILEAGE | | | |

**27. NARRATIVE (DESCRIBE THE CIRCUMSTANCES THAT SUPPORT THE VEHICLE TOW AND ANY VEHICLE CONDITION ITEMS (BOX 26) THAT REQUIRE FURTHER EXPLANATION.)**

EVENT #16884. ABOVE VEHICLE IN AGG ASSAULT RESULTING IN ABOVE VEHICLE STRIKING A POLE AND CAUGHT ON FIRE. INJURY ~~TO~~ VICTIM CAUSED BY ACCIDENT. SEE (RD JF145715. VEHICLE ORDERED TO TOW BY ZONE13 UNDER SS # 069738.     FEB 18 2022

| **28. INVESTIGATIVE UNIT (NO.) NOTIFIED** AD DESK | **29. PERSON NOTIFIED** ZONE13 | **STAR NO.** | **DATE/TIME** 15-FEB-21 9130HRS | **30. DATE/TIME TOW ORDERED** 15-FEB-21 2125HRS |
|---|---|---|---|---|

I HEREBY DECLARE AND AFFIRM, UNDER PENALTY OF PERJURY, THAT THE FACTS STATED HEREIN ARE ACCURATE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND/OR BELIEF

| **31. REQUESTING/ATTESTING MEMBER'S NAME (PRINT)** LIANG | **STAR NO.** 18125 | **UNIT NO.** 069 | **UNIT PHONE NUMBER** 312-742-8227 | **PAX** | **32. DATE/TIME INVESTIGATION COMPLETED** 15-FEB-21 2206HR |
|---|---|---|---|---|---|
| **33. REQUESTING/ATTESTING MEMBER'S SIGNATURE** | **34. APPROVING SUPERVISOR'S SIGNATURE** | | **STAR NO.** | **DATE/TIME** 15FEB21 |

| **35. TOW DRIVER'S SIGNATURE** | **TRUCK NO.** 35 | **DATE/TIME** 02/18/22 | GONE ON ARRIVAL (GOA) I AM BY SIGNING MY NAME IN BOX 35 AND CHECKING THIS BOX, I HEREBY DECLARE AND AFFIRM UNDER PENALTY OF PERJURY, THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND/OR BELIEF, THE VEHICLE WAS GONE UPON MY ARRIVAL TO THE TOW VEHICLE. |
|---|---|---|---|

CPD-11.413 (REV. 3/15)     Distribution: Tow Truck Driver (White) - Respondent (Yellow) - Requesting Unit (Pink)

TO: KIMBERLY M. FOXX.

AFFIDAVIT OF FACT ADAM ANTHONY LUJANO

ON THIS DAY CAME BEFORE ME THE AFFIANT
A LIVING FLESH AND BLOOD MAN TO OATH
THE UNDERSIGNED ADAM ANTHONY LUJANO A
NATIVE STATE CITIZEN AND NATURAL PERSON.
HEREIN AFTER AFFIANT DOES HERE WITH
ASSERT AND DECLARE ON AFFIANT(S) UNLIMITED
LIABILITY THAT AFFIANT ISSUES THIS
AFFIDAVIT OF ADAM ANTHONY LUJANO WITH
SINCERE INTENT, THAT AFFIANT IS
COMPETENT TO TESTIFY AND STATE THE
MATTER(S) SET FORTH HEREIN AND IS
WILLING TO TESTIFY WITH FIRST
HAND KNOWLEDGE ALL CONTENTS HEREIN
ARE TRUE CORRECT AND COMPLETE IN
ACCORDANCE WITH AFFIANT(S) KNOWLEDGE
UNDERSTANDING AND INTENT AFFIANT IS
OF SOUND MIND, AND OVER THE AGE OF
TWENTY ONE AFFIANT RESERVES ALL RIGHT(S)
AFFIANT BEING UNSCHOOLED IN LAW
AND WHO HAS NO BAR ATTORNEY WITHOUT
AN ATTORNEY AND DOES NOT WAIVE
COUNSEL KNOWINGLY AND WILLINGLY DECLARES
AND DULY AFFIRM

RESPECTFULLY
SUBMITTED

WITHOUT PREJUDICE
U.C.C 1-308

VERIFICATION BY CERTIFICATION
PURSUANT ON BY CERTIFICATION
UNDER PENALTIES PROSCRIBED
BY LAW ALL HEREIN IS TRUE

OFFICIAL SEAL
M GAUTHIER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 5/10/2025

WOULD CHARGE ME BECAUSE I SUED
C.P.D. (2) TIME(S) FOR BEATING ME
BUT IF THE STATE(S) ATTORNEY
WOULD OF READ THESE REPORT(S)
SHE WOULD OF SEEN THIS
IS NOT TRUE BUT SHE TOOK
"HIS WORD" ON THIS THAT
I HAD SOME THING TO DO
WITH THIS WHEN THIS IS
ALL A LIE I PRAY YOU REALLY
LOOK THIS OVER AND SEE THE
TRUTH IN THIS MATTER I WAS
CHARGED FOR SOME THING I
"DID NOT" DO AND I WAS TOOK
FROM MY KID(S) AND FAMILY.

RESPECTFULLY
SUBMITTED

NOTARY

WITHOUT PREJUDICE
U.C.C. 1-308

**OFFICIAL SEAL**
**M GAUTHIER**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 5/10/2025

NOW THESE POLICE FROM 51ST AND WENTHWORTH ARE FALSIFING POLICE REPORT(S) ON US A NEW WAY OF LOCKING US UP AND NOT BEATING US UP AS MUCH.

I WAS WACHING VIDEO(S) WITH THE STATE(S) ATTORNEY(S) OFFICE INVESTIGATOR "JILL BURKE #431 SHE AS WELL SEEN "NO HOLES" IN THIS CAR AND "NO" WINDOW(S) BROKEN ON THIS CAR, THIS PERSON COULD NOT GOT SHOT "AT ALL"

AS WELL SHE SEE E M T STATE NO ONE SHOT AT ALL THAT THIS PERSON HAD A CUT ON HER BUT DON'T KNOW WHERE IT CAME FROM

IF YOU CAN "PLEASE" LOOK OVER THIS IT WILL SHOW YOU I'M TELLING THE TRUTH EVERYTHING IS IN BLACK & WHITE ON EVERY REPORT I'M SENDING YOU THIS OFFICER/DET EDWARD VILLALOBOS MANUFACTURE FALSE EVIDENCE SO THE STATE



THE REASON I'm WRITING YOU
IS BECAUSE THIS IS ALL FABRICATED
FALSE REPORT(S) FALSE TESTIMONY TO CHICAGO
POLICE BY THIS PERSON DOMINIQUE COLE
AND HER BOYFRIEND CEDRIC DARDEN THAT
IS A REGISTERED GUN OFFENDER.

AS WELL A OFFICER/DETECTIVE K, KILROY #21054
WHO TOLD THE HEAD DET ON THIS CASE IT
WAS ME IN THE PICTURE OF A OFFICER
SAFETY ALERT BECAUSE, I SUED HIM
FOR BEATING ME IN "2015"
HIM AND OTHER OFFICER(S) FROM
"51ST AND WENTWORTH" NOW IT(S) GET BACK
IF YOU LOOK AT THESE REPORT(S) YOU WILL
SEE FIRST HAND THIS IS NOT TRUE
AT ALL

THIS IS WHY I'm PUTTING YOU ON
NOTICE ABOUT THIS MATTER IN HAND
BECAUSE THIS WOULD BE PROSECUTOR
MISCONDUCT ON YOUR BEHALF IF YOU CAN
"PLEASE" LOOK AT THIS THIS FALS UNDER
A BRADY CLAIM

AND THERE WAS NEVER "NO" PICTURE(S) TOOK

EXHIBIT (1 D)

only: TO KIMBERLY FOXX

MY NAME IS ADAM ANTHONY LUJANO

I'M WRITTING YOU BECAUSE I, WAS CHARGED FOR A CRIME THAT HAPPENED" FEB 15 2022 AND WAS CHARGED SEP 7 2022"..

YOUR A.S.A. DEVITT WAS PRESENTED THE EVIDENCE TO "REVIEW" FROM OFFICER/DETECTIVE EDWARD VILLALOBOS "BUT" IF SHE SEEN THE EVIDENCE IN HAND SHE WOULD OF SEEN THIS CASE WAS NOT ATTEMPT MURDER/AGGRAVATED BATTERY PERMANENT DISFIGUREMENT(OR) A CASE AT ALL...
"ALL REPORT(S) STATE"

INJURY CAUSED BY ACCIDENT

E.M.T., ALL HER MEDICAL REPORT(S) FROM HER DOCTOR(S) STATE LACERATION FROM MOTOR VEHICLE CRASH AS WELL 911, REPORT(S) E.M.T. STATE NO ONE SHOOT AT ALL AND BODY CAM FROM C.P.D. SHOW

NO BULLT HOLE(S) IN HER CAR WINDOW(S) ARE ALL UP YOU CAN SEE THE BODY CAM UNDER #X6039ATIK #X6039ABE3 SIDE OF CAR AND BACK ALL

EXHIBIT 6

JF145715
DETECTIVE SUP. APPROVAL COMPLETE

photo lineup to DARDEN, Cedric.

R/D received the Photo Array from Det. Villalobos #21241. R/D was assigned to be the Photo Array Independent Administrator for an investigation recorded under Record Division Number JF-145715. R/D met with DARDEN in the Conference Room located within Area Central, located at 5101 S. Wentworth. R/D explained to the victim, that R/D was an independent administrator who had no investigative knowledge of this investigation.

HE LIED

The victim was presented with a photo lineup advisory form prior to viewing the photo array. R/D read the form to him. The victim stated that he understood the photo array advisory form instructions that were read to him by R/D.

The victim signed the advisory form and also stated that he elected to consent to having the lineup audio recorded. Victim/Witness signed the appropriate lines indicating the same.

Upon viewing the photo array the victim looked at the photographs and made an immediate identification of the photo located in position #3, LUJANO, Adam. DARDEN stated, "That's the motherfucker right there, I'll never forget that face. He shot my girl." R/D had DARDEN circle the photo and initial it.

R/D informed Det. Villalobos #21211 of her findings. R/D inventoried the photo line-up, photo lineup advisory form signed by Victim/Witness and photo line-up demographic sheet in ICLEAR under Inventory #15070557.

Report By:
Detective D'Aguanno #20550
Area 1 Bureau of Detectives

EXHIBIT 5

JF145715

DETECTIVE SUP. APPROVAL COMPLETE



Criminal History: 14 arrests (6 Felony, 5 Misdemeanor)
Total convictions: 1
Gang Affiliation: None

IN CUSTODY:
LUJANO, Adam
M/4/39
DOB: 05 Mar 1983
320 N Johnson
Rankin IL
IR#: 1293602
Criminal History: 27 arrests (10 Felony, 12 Misdemeanor)
Total convictions: 3
Gang Affiliation: Unk

ARRESTING OFFICERS:
P.O. RYAN #12351
P.O. CALDWELL #16952

DATE, TIME, LOCATION OF ARREST:
07 Sep 2022, 09:08 at 2650 S California Ave

CHARGE(S):
720 ILCS 5/12-3.05-E-1 Aggravated Battery Handgun-
720 ILCS 5/24-1.2-A-2 Aggravated Discharge of a Firearm
720 ILCS 5/8-4 Attempt-Murder-First Degree

WANTED:
M/4/30-40, long black hair black hooded jacket

INJURIES:
COLE, Dominique
(1) GSW to the lower left arm

TAKEN TO:
UIC Hospital

WEAPON:
Unk firearm capable of firing .40 Cal ammunition

LOCATION:
3617 S Ashland Ave.

DATE & TIME:

EXHIBIT 6

JF145715
DETECTIVE SUP. APPROVAL COMPLETE

photo lineup to DARDEN, Cedric.

R/D received the Photo Array from Det. Villalobos #21241. R/D was assigned to be the Photo Array Independent Administrator for an investigation recorded under Record Division Number JF-145715. R/D met with DARDEN in the "Conference Room" located within Area Central, located at 5101 S. Wentworth. R/D explained to the victim, that R/D was an independent administrator who had no investigative knowledge of this investigation.

*HE LIED*

The victim was presented with a photo lineup advisory form prior to viewing the photo array. R/D read the form to him. The victim stated that he understood the photo array advisory form instructions that were read to him by R/D.

The victim signed the advisory form and also stated that he elected to consent to having the lineup audio recorded. Victim/Witness signed the appropriate lines indicating the same.

Upon viewing the photo array the victim looked at the photographs and made an immediate identification of the photo located in position #3, LUJANO, Adam. DARDEN stated, "That's the motherfucker right there, I'll never forget that face. He shot my girl." R/D had DARDEN circle the photo and initial it.

R/D informed Det. Villalobos #21211 of her findings. R/D inventoried the photo line-up, photo lineup advisory form signed by Victim/Witness and photo line-up demographic sheet in ICLEAR under Inventory #15070557.

Report By:
Detective D'Aguanno #20550
Area 1 Bureau of Detectives

EXHIBIT 5    JF145715
DETECTIVE SUP. APPROVAL COMPLETE



Criminal History: 14 arrests (6 Felony, 5 Misdemeanor)
Total convictions: 1
Gang Affiliation: None

IN CUSTODY:
LUJANO, Adam
M/4/39
DOB: 05 Mar 1983
320 N Johnson
Rankin IL
IR#: 1293602
Criminal History: 27 arrests (10 Felony, 12 Misdemeanor)
Total convictions: 3
Gang Affiliation: Unk

ARRESTING OFFICERS:
P.O. RYAN #12351
P.O. CALDWELL #16952

DATE, TIME, LOCATION OF ARREST:
07 Sep 2022, 09:08 at 2650 S California Ave

CHARGE(S):
720 ILCS 5/12-3.05-E-1 Aggravated Battery Handgun-
720 ILCS 5/24-1.2-A-2 Aggravated Discharge of a Firearm
720 ILCS 5/8-4 Attempt-Murder-First Degree

WANTED:
M/4/30-40, long black hair black hooded jacket

INJURIES:
COLE, Dominique
(1) GSW to the lower left arm

TAKEN TO:
UIC Hospital

WEAPON:
Unk firearm capable of firing .40 Cal ammunition

LOCATION:
3617 S Ashland Ave.

DATE & TIME:

This report is in summary and not a verbatim account unless punctuated with quotation marks. This report should be read in conjunction with all other reports generated under this RD# JF145715.

On 24MAR2022, R/D was assigned to act as an Independent Administrator and conduct a Photo Array with Dominique COLE. Detective Edward Villalobos#21211 generated and provided R/D with the Photo Array. R/D met with COLE at 5101 S Wentworth Area 1 Detective HQ. COLE consented to be video recorded but understood she was going to be audio recorded if she refused video recording. R/D recorded the array under ERI recording in the Area 1 witness room. R/D, having no knowledge of the suspect's identity, presented COLE with a Photo/Live Advisory Form. R/D explained the photo array instructions to COLE. R/D also had COLE read and signed the form indicating she understood the instructions.

R/D provided COLE with the Photo Array. COLE carefully reviewed the array and took a few minutes and then pointed at the subject in box #5 box and said "I?m gonna go with this one, he shot at me and then I crashed my car. COLE circled, initialed, and dated the subject in box #5, identifying Adam Lujano.

The Photo Array Advisory Form, Photo Array, Demographic Sheet were all subsequently inventoried under INV#15071646.

Report of:
Detective Chris Dingle #20890
Bureau of Detectives Area 1 (unit 610)
Violent Crimes

*EXHIBIT 8* (handwritten)

(1) GSW to the lower left arm

WEAPON:
Unk firearm capable of firing .40 Cal ammunition

LOCATION:
3617 S Ashland Ave.    *Z2 ASHLAND ?* (handwritten)

DATE & TIME:
15 FEB 2022 at 21:07 Hrs.

INVESTIGATION:

R/D requested the POD video footage related to this incident under POD request #66985. A review of that footage revealed the following:

POD 2408H-Offender?s vehicle turns south on Ashland Ave. from 35th St. at 9:07:08. Victim?s vehicle north on Ashland Ave. at 9:07:45. Offender?s vehicle north on Ashland Ave. at approximately 9:07:55.

POD 2407H- Victim vehicle North on Ashland Ave. at 9:07:59. Offender?s vehicle north on Ashland Ave. at approximately 9:08:05.

POD 2406H- Offender?s vehicle north on Ashland Ave. at approximately 9:08:10.

2405H- Offender?s vehicle north on Ashland Ave. then west on Archer Ave. at approximately 9:08:20. Victim?s vehicle on fire.

POD 7707W- Offender?s vehicle north on Wentworth Ave. at 9:24:20.

POD 6316W- Offender?s vehicle west on 18th St. at 9:25:22.

POD 6236W- Offender?s vehicle south on Union St. at 9:26:26.

On 17 Feb 2022, the Area 1 ATC recovered surveillance video from the BP gas station located at 3269 S Archer Ave which is where the victims first encountered the offender. They also recovered video surveillance from the Shell gas station located at 3510 S Ashland Ave. which is where the victims last encountered the offender before the shooting.

R/D used snapshots from the video footage to issue a Seeking to Identify alert under #2022-OSA-~~10~~. R/D was contacted by Det. ~~Xxxx~~ ~~#xxxx~~ ~~22 June~~ who identified the offender as Adam LUJANO (IR#1293602). Det. KILROY (#1034) had prior contact with the offender including an arrest.

*I SUED HIM IN 2018)* (handwritten, over struck-through text)

R/D utilized this information and created Photo Lineups for the victims to view. R/D contacted the victims and they agreed to come to Area 1 Detective Division to view the Photo Lineups.

On 24 MAR 2022 the victims, Dominique COLE and Cedric DARDEN, came to Area 1 Detective

Patient ID:[U.1T] Dominique Cole[U.2T] ███[U.1T] ███[.2T],[U.1T]  EXHIBIT 

1

MSBTY FAMILY MEDICINE[U.3T]

**Chief Complaint**
Patient presents with

- Follow-up
  *Suture removal*

**Subjective**[U.2T]
**HPI:**[U.1T]

Dominique Cole is a ███ y.o. female who obtained a laceration[U.1C] 1 week[U.1M] ago, which required closure with[U.1C] suture[U.1M]. Mechanism of injury.[U.1C] Patient sustained laceration in a motor vehicle accident[U.1M]. She denies pair redness, or drainage from the wound.[U.1C] She denies fevers.[U.1M] Her last tetanus was[U.1C] 1 week ago at the time hospitalization. Patient denies further injury since the motor vehicle accident. Patient also would like treatment for yeast infection. She was being treated at the time of the accident and per report, her medication was in the car tha was damaged in the incident.

Patient endorses white thick vaginal discharge and itching.

Review of Systems[U.1M]

ROS
Constitutional: Denies fevers, weight loss, headache, weakness, or pain.
Eyes: Denies change in vision
ENT: Denies ear pain, congestion, rhinorrhea, changes/loss of hearing, sore throat, dysphagia
Cardiovascular: Denies chest pain, palpitations, irregular heart beat
Respiratory: Denies SOB, DOE, or cough
Gastrointestinal: Denies Nausea, vomiting, diarrhea, abdominal pains or changes in bowel habits
Genitourinary: Denies Dysuria, hematuria, incontinence, or genital lesions[U.1T], endorses white cottage cheese vaginal discharge.[U.1M]
Musculoskeletal: Denies joint pain, immobility or loss of function
Integumentary: Denies rash, easy bruisability, masses, or skin lesions
Neurological: Denies dizziness, weakness, parasthesias, loss of sensation
Psychiatric: Denies feelings of anxiety, depression, or mood swings

**Health Status**
  Allergies[U.1T]
No Known Allergies[U.2T]

EXHIBIT 15

**CHICAGO POLICE DEPARTMENT**
**CRIME SCENE PROCESSING REPORT**
3510 South Michigan Avenue
Chicago, Illinois 60653
(for use by Chicago Police Department Personnel Only)



Report No.: **503555**
Incident: **RD JF145715**
Event No.:
Status: **APPROVED**

---

Report No.: **503555** Incident: **RD JF145715** Event No.: Unit Assigned (Beat): **5808** ME No.:

IUCR: **041A BATTERY AGGRAVATED - HANDGUN**

Assignment Type: **FIREARMS EXAMINATION-EVALUATION** Requested By **CPD FIREARMS LAB**

No Service: **NO** ERT Assignment: **NO** Secured: **NO**

Date / Time Received: **18-FEB-2022 08:28** Arrived: **01-MAR-2023 12:36** Completed: **01-MAR-2023 13:05**

Address of Service **3340 W FILLMORE ST CHICAGO, IL BEAT: 1134**

Address of Incident **3617 S ASHLAND AVE CHICAGO, IL 60609 BEAT: 0912**

Associated Incidents

**Investigating Officers and Technicians**

Evidence Technician **BRYANT, SCOTT** Star No: **14010** Unit: **177**

**Involved People**
None

**Inventories**
None

**Inventory Items**
None

**Firearms**
None

**Crime Scene Photos**

Crime Scene Video Exists **NO**

**No photos exist**

**Involved Vehicles**
None

**Narrative**

The Chicago Police Department Forensic Firearms Lab received the following inventory under the above listed Incident/Records Division Number.
Per Chicago Police Forensic Firearms Laboratory Guidelines, a preliminary evaluation of the below listed fired cartridge cases was completed for entry into the National Integrated Ballistic Information Network (NIBIN) database. Standard microscope comparison for confirmation must be requested to the Illinois State Police Forensic Science Center.

INVENTORY:

15050664, containing one (1) fired .40 S&W cartridge case, assigned exhibit number A1, and labeled by reporting technician.
Submitted fired cartridge case head was cleaned with Acetone prior to this evaluation.

FINDINGS:
A preliminary evaluation of the cartridge cases was performed and it was determined that exhibit A1 is consistent with having been fired in a firearm capable of firing .40 S&W ammunition.
The fired cartridge case, exhibit A1 has a CIRCULAR type firing pin classification with NIBIN.

EXHIBIT (26 A)

# Rankin man charged with attempted murder in McKinley Park shooting

By FOX 32 Digital Staff | Published September 8, 2022 | McKinley Park | FOX 32 Chicago

**CHICAGO** - A man was charged with attempted murder in a February shooting that wounded a woman in the McKinley Park neighborhood.

Adam Lujano, 39, is accused of opening fire on a woman who was driving black sedan on Feb. 15 in the 3500 block of South Ashland Avenue, police said.

The driver was grazed by gunfire and lost control of her car, striking a light post police said.

She was taken to the University of Chicago Medical Center where she was listed good condition. Another man who was in the car was not injured.

**SUBSCRIBE TO THE FOX 32 YOUTUBE CHANNEL**

Lujano, of Rankin, Illinois, was arrested Wednesday in the 2600 block of South California Avenue, police said.

Court information for Lujano was not immediately available.

FALSE

(911 DISPATCH)

EXHIBIT 20

15-Feb-22/21:29:33 · D108854 PD43
NO POLICE OFFICER WAS SHOT AT / SHOT
FEMALE CUT PER 920

15-Feb-22/21:23:54 D119065 PD42
OS 02152022 2123
STA/VALID VAL/03222021 TTL/17271692582
1440WX-B 042022 ORIG PLT LIC STX/2D9678007
MCELROY BERTRAM W
4280 W FORD CITY DR APT B2502 CHICAGO IL 60652-1487
M246-0794-7076
1FTEW1EG0HKD57145 BLK/BLK 2017 FORD PICKUP
VEHICLE WEIGHT/08000
STATUS UNAVAILABLE REF PLT/1440WX-B EXP/042021
REC UPDATED 031821---
REGISTRATION IS FROM THE VEHICLE MASTER FILE

15-Feb-22/21:21:21 D119065 PD42
per 920 female victim isn't shot, just cut
no one shot on scene

15-Feb-22/21:20:25 D119065 PD42
per 920 shots not fired at the police, police were in the area and ov
incident
disregard over 10-1 button

15-Feb-22/21:14:49 D119065 PD42
OS 02152022 2111
STA/VALID VAL/06042021 TTL/18191696157
AV48299 062022 ORIG PLT LIC STX/2F9710385
COLE DOMINIQUE
8756 S BURLEY AVE CHICAGO IL 60617-3339
C400-1768-5714
2G1WG5E32D1110587 GRY/GRY 2013 CHEVROLET SEDAN
STATUS UNAVAILABLE REF PLT/AV48299 EXP/062021
REC UPDATED 060221---
REGISTRATION IS FROM THE VEHICLE MASTER FILE

15-Feb-22/21:14:38 D119065 PD42
Following remarks copied from DUP event #CPD2204616873
Type: SST - SHOT SPOTTER
Loc: 3617 S ASHLAND AV

15-Feb-22/21:12:32 D119065 PD42
Following remarks copied from DUP event #CPD2204616907
Type: SHOTSF - SHOTS FIRED
Loc: 3100 S ASHLAND AV

833 S Wood St, Suite B52
CHiCAGO IL 60612-7232

Cole, Dominique
MRN: ███████ DOB: ██████ Sex: F
Adm: 2/16/2022, D/C: 2/16/2022

02/16/2022 - ED in EMERGENCY (continued)

**ED Provider Note (continued)**

- Drug use: ✗ Yes ★
  Types: Marijuana
  Comment: Daily MJ use

EXHIBIT 19

### Review of Systems[SY.1T]

Ten point ROS (Skin, constitutional, Eyes, ENT, CV, Pulm, GI, GU, Neuro, MSK) Neg except per HPI

Skin: No rashes, no bruising

Constitutional: No generalized weakness, no malaise

Eyes: No eye pain, no discharge

ENT: No sore throat, no runny nose

CV: No chest pain, no palpitations

Pulm: No shortness of breath, no cough

GI: No abdominal pain, no vomiting, no diarrhea

GU: No dysuria, no hematuria

Neuro: No focal weakness, no confusion

MSK:[SY.2T] Endorses left forearm pain, right ankle pain and swelling.[SY.2M] No myalgias, no swelling[SY.2T] elsewhere.[SY.2M]

### Physical Exam[SY.1T]

ED Triage Vitals [02/15/22 2202]

| Temp | Heart Rate | Resp | BP |
|---|---|---|---|
| 36.6 °C (97.9 °F) | (!) 121 | 18 | 126/74 |

| SpO2 | Temp Source | Heart Rate Source | Patient Position |
|---|---|---|---|
| 100 % | Tympanic | Monitor | Sitting |

| BP Location | FiO2 (%) |
|---|---|
| Right arm | -- |

Gen: WDWN, in NAD

Skin: Warm, dry.

Head: Normocephalic, atraumatic.[SY.2T] CN II-XII intact.[SY.2M]

Neck: Supple, no tenderness.

Eye: Extraocular movements are intact, normal conjunctiva.

Ears, nose, mouth and throat: Oral mucosa moist, no pharyngeal erythema or exudate.

Cardiovascular:[SY.2T] Regular[SY.2M] rate, regular rhythm, No murmur,

Arterial pulses: Bilateral radial 2+

Capillary refill: Bilateral upper extremity < 2 seconds.

Respiratory: Lungs are clear to auscultation, respirations are non-labored, breath sounds are equal.

Gastrointestinal: Soft, No tenderness to palpation, Non distended

Back: No midline[SY.2T] cervical/thoracic/lumbar[SY.2M] Tenderness, no bony stepoffs,

Musculoskeletal:[SY.2T] Notable for superficial 2 cm gaping laceration to dorsal left mid forearm. Right ankle notable for mild swelling and tenderness over the lateral malleolus. Left hip tender to palpation without obvious





ᴜᴜᴜ ᴜ ᴠᴠᴏᴏᴅ ᴜᴛ, ᴜᴜᴜᴇ ᴜᴜᴢ
CHICAGO IL 60612-7232

MRN: ▓▓▓▓▓ DOB: ▓▓▓▓ Sex: F
Visit date: 2/23/2022

**02/23/2022 - Office Visit in Mile Square-Back of the Yards (continued)**

**Clinical Notes (continued)**



[ʯ.1M]

Comments:[ʯ.1T] **4 sutures removed from left forearm laceration. mild erythema and edema noted prior to removal. No discharge. Right little finger with abrasion on the knuckle sustained at the time of incident. No discharge or erythema. Scabbed over. Small right wrist laceration. No discharge or erythema scabbing present**[ʯ.1M]

**GENERAL:** Alert
**SKIN:** no cyanosis, no rashes[ʯ.1T], left forearm laceration site sutured. **Mild erythema, no discharge. Right little finger with abrasion on the knuckle sustained at the time of incident. No discharge or erythema. Scabbed ov Small right wrist laceration. No discharge or erythema scabbing present** .
**HEAD:** Normocephalic, atraumatic
**EENT:** Neck supple; moist mucous membranes, no pharyngeal erythema or exudates, Normal TM BL
**RESP:** Clear to auscultation bilaterally; no flaring/grunting/retractions; no stridor/wheezes/crackles
**HEART:** RRR, normal S1/S2, no murmurs.
**ABDOMEN:** soft, non-tender; not distended, no HSM, normal active bowel sounds
**GU/ ANUS:** Deferred
**EXTREMITES/ HIPS:** full range of motion; no swelling
**NEUROLOGIC:** Alert, oriented[ʯ.1M]

| Diagnosis | Plan |
|---|---|
| 1. **Visit for suture removal** | |
| 2. Vaginal discharge | fluconazole (DIFLUCAN) 150 MG tablet[ʯ.2T] |

Discussed signs and symptoms of infection that would warrant a return for further evaluation. Teaching included monitoring for increased, redness, swelling, new drainage and fevers. Patient told to follow up if any of these symptoms are present in over the next couple weeks. Patient given a new prescription for fluconazole for untreate yeast infection.[ʯ.4M]

833 S Wood St, Suite B52
CHICAGO IL 60612-7232

Cole, Dominique
MRN: ████████ DOB: ███████ Sex: F
Adm: 2/16/2022, D/C: 2/16/2022

02/16/2022 - ED in EMERGENCY (continued)

Clinical Notes (continued)





### Consent for Treatment and Authorization

**Sharing my information in the UI Health Patient Directory**

I am aware that UI Health may use and share specific information about me in the UI Health patient directory. This information includes my name, the location where I am receiving care, my condition in general terms, and my religious affiliation. I further understand that this information, except for religious affiliation, will be shared with people that ask for me. This includes the media. UI Health will only provide my religious affiliation to clergy, even if they do not ask for me by name.

I am aware that if I do not want my information listed in the patient directory, I need to initial below.
_____ I am exercising my right to keep my health information out of the UI Health patient directory. I am aware that this means florists and other visitors may not be able to find my room or contact me. These visitors may include family members.

**Patient complaints**

UI Health hopes that every patient's visit goes smoothly.
If yours doesn't, it is important to share your concerns with us. We will take the appropriate steps to address them. Every patient has the right to share a complaint or concern regarding any aspect of his or her visit and expect a timely response. This includes concerns about medical care, service, conditions and billing. You can share your concerns in writing or speaking in person.

**If you have comments, questions or concerns, we suggest that you or someone on your behalf takes steps.**
Discuss your concerns with a member of your care team. Or speak to the manager of the clinic or unit where you are receiving care.

**If you don't believe your questions or concerns have been reasonably addressed.**
You may request a review. Contact the Patient & Guest Experience Office by phone at (312) 355-0101. You can also contact them by writing to the address below:

Patient & Guest Experience Office
University of Illinois Hospital & Clinics
1740 West Taylor Suite 1170
Chicago, Illinois 60612

**This consent may be revoked in writing by me at any time**
Revoking this consent will not change actions that have been taken while the consent was in place.

*Cole Dominique*      *Verbal Consent*
PATIENT NAME (PLEASE PRINT)      PATIENT SIGNATURE

*10:00pm*      *2/15/22*
TIME      DATE

STREET ADDRESS      CITY      STATE      ZIP

**IF PATIENT IS UNABLE TO CONSENT OR IS A MINOR, PLEASE COMPLETE**

Patient named above is a minor, _____ years of age.
Patient named above is unable to sign because: *Medical Condition*

☐ Mother _____ Date/Time __/__/__ : __ AM PM
☐ Father _____ Date/Time __/__/__ : __ AM PM
☐ Legal Guardian _____ Date/Time __/__/__ : __ AM PM

☐ Telephone Consent    Consent Witnessed By: _____
☐ Administrative Consent    Hospital Administrator (needed with Administrative Consent): _____

Attending MD (needed with Administrative Consent): _____

Page 4 of 4      UI-3448-E Rev 08-20

## Attribution Key

Attribution information is not available for this note.

## Progress Notes

**Boman Bognet at 2/16/2022 0555**



UI HOSPITAL
833 S Wood St, Suite B52
CHICAGO IL 60612-7232

Cole, Dominique
MRN: ████████ DOB: ████████, Sex: F
Adm: 2/16/2022, D/C: 2/16/2022

02/16/2022 - ED in EMERGENCY (continued)

## Medication List (continued)

Discontinued by: Jenny Marie Aniciete-Cuellar, LPN
Discontinued on: 7/27/2022
Instructions: Administer 2 sprays into each nostril 1 (one) time each day. Shake gently. Before first use, prime pump. After use, clean tip and replace cap.
Authorized by: Liliana Alvarez, APRN-FPA
Start date: 9/14/2021
Refill: 2 refills by 12/8/2022
Ordered on: 9/14/2021
Quantity: 16 g

### ferrous sulfate 325 (65 Fe) MG tablet

Discontinued by: Jenny Marie Aniciete-Cuellar, LPN
Discontinued on: 7/27/2022
Instructions: Take 1 tablet (325 mg total) by mouth 1 (one) time each day with breakfast.
Authorized by: Liliana Alvarez, APRN-FPA
Start date: 11/10/2021
Refill: 3 refills by 2/3/2023
Ordered on: 11/10/2021
Quantity: 30 tablet

### ALPRAZolam (XANAX) 2 MG tablet

Discontinued by: Allegra Connors, APRN
Reason for discontinuation: Reorder
Discontinued on: 2/23/2022
Instructions: Take 1 tablet (2 mg total) by mouth 1 (one) time each day. May also take 1 tablet (2 mg total) 1 (one) time each day if needed for anxiety. Do all this for 7 days. Actavis brand only please..
Authorized by: Allegra Connors, APRN
Start date: 2/16/2022
Quantity: 10 tablet
Ordered on: 2/14/2022
End date: 2/23/2022
Refill: No refils remaining

### Stopped in Visit

None

---

## ED Provider Note

### ED Provider Notes by Samir Yassin, MD at 2/16/2022 0324

Author: Samir Yassin, MD
Filed: 2/16/2022 5:54 AM
Editor: Samir Yassin, MD (Resident)

Service: Emergency Medicine
Date of Service: 2/16/2022 3:24 AM

Author Type: Resident
Status: Attested
Cosigner: Timothy Meehan, MD, MPH at 2/16/2022 5:54 AM

Attestation signed by Timothy Meehan, MD, MPH at 2/16/2022 5:54 AM

See below; thanks!
-T. Meehan, MD/MPH

Summary; ED Note

## Chief Complaint

Patient presents with
• Laceration
• Motor Vehicle Crash

## HPI

Dominique Cole[SY.1T] ████████ [SY.1T] with[SY.2T] history of iron deficiency anemia, anxiety, depression
presenting for evaluation after MVC. Patient reports she was at the gas station, when another vehicle pulled up next

Document (below)

*EXHIBIT 17*

# AFTER VISIT SUMMARY

**Dominique Cole** MRN:⬛⬛⬛

✦ UI Health ●

📅 2/16/2022  📍 UIH EMERGENCY 866-600-2273

### Instructions

Use Tylenol/Suburban for pain at home. Please ensure you follow-up with your PCP for suture removal in 7-10 days time. Look out for any signs of infection in the area including redness, or pus, or fevers/chills. If you experience any of those return to the emergency department.



Read the attached information
1. MVA (Motor Vehicle Accident) (English)
2. Lacerations (English)
3. Lacerations: Stitches (English)



Schedule an appointment with UI Health - Mile Square Health Center - Main Location as soon as possible for a visit
Why: In 7-10 days for suture removal if unable to see your regular physician
Contact: 1220 S Wood St.
Chicago Illinois 60608
312-996-2000

### Today's Visit

You were seen by Timothy Meehan, MD, MPH

Reason for Visit
• Laceration
• Motor Vehicle Crash

Diagnoses
• MVA unrestrained driver, initial encounter
• Multiple bruises
• Laceration of skin of left forearm, initial encounter

🔬 Lab Tests Completed
POCT pregnancy, urine manually resulted

🖼 Imaging Tests
XR Chest 2 Views Frontal/Lat
XR Hip 2 Or 3 Views Left
XR ankle 3+ views right
XR forearm 2 views left

Dominique Cole (MRN: 200109149) • Printed at 2/16/22 5:59 AM

Page 1 of 10  Epic

UI HOSPITAL
833 S Wood St, Suite B52
CHICAGO IL 60612-7232

Cole, Dominique
Adm: 2/16/2022, D/C: 2/16/2022

**02/16/2022   ED in EMERGENCY**

**ED Provider Note**

ED Provider Notes by Samir Yassin, MD at 2/16/2022 0324

Attestation signed by Timothy Meehan, MD, MPH at 2/16/2022  5:54 AM

See below; thanks!
-T: Meehan, MD/MPH

**Summary:** ED Note

## Chief Complaint
Patient presents with:
- Laceration
- Motor Vehicle Crash

## HPI
Dominique Cole is a 36 y.o. female with history of iron deficiency anemia, anxiety, depression presenting for evaluatio after MVC. Patient reports she was at the gas station, when another vehicle pulled up next to her and begin firing gunshots. She immediately made a U-turn, stroke up embankment, intent to flee the scene. Patient notes she hit a pole, low-speed, notable for airbag deployment without significant damage to her vehicle. Patient notes she did not lose consciousness, is not on blood thinners. She arrives endorsing left forearm laceration, right hand abrasions, denies headache, visual changes, numbness, weakness, tingling. She denies any chest pain, pain into the back, or shortness of breath. Patient endorses mild pain and swelling of her right ankle, no she was able to ambulate on the scene. She denies alcohol use, or drug use today. Patient denies injuries elsewhere. Last tetanus unknown.

## Patient History

**Past Medical History:**
Diagnosis                          Date
- Anxiety
- Depression
- Iron deficiency anemia

**Patient Active Problem List**
Diagnosis:
- Generalized anxiety disorder with panic attacks
- Benzodiazepine dependence (CMS/HCC)

**Past Surgical History:**
Procedure          Laterality      Date
- CESAREAN SECTION, CLASSIC
- ENDOMETRIAL ABLATION

Family History

*EXHIBIT 15*

**CHICAGO POLICE DEPARTMENT**
**CRIME SCENE PROCESSING REPORT**
3510 South Michigan Avenue
Chicago, Illinois 60653
(for use by Chicago Police Department Personnel Only)



Report No.: **503555**
Incident: **RD JF145715**
Event No.:
Status: **APPROVED**

Report No.: **503555** Incident: **RD JF145715** Event No.: Unit Assigned (Beat): **5808** ME No.:

IUCR: **041A BATTERY AGGRAVATED - HANDGUN**

Assignment Type: **FIREARMS EXAMINATION-EVALUATION** Requested By **CPD FIREARMS LAB**

No Service: **NO** ERT Assignment: **NO** Secured: **NO**

Date / Time Received: **18-FEB-2022 08:28** Arrived: **01-MAR-2023 12:36** Completed: **01-MAR-2023 13:05**

Address of Service **3340 W FILLMORE ST CHICAGO, IL BEAT: 1134**

Address of Incident **3617 S ASHLAND AVE CHICAGO, IL 60609 BEAT: 0912**

Associated Incidents

### Investigating Officers and Technicians

Evidence Technician **BRYANT, SCOTT** Star No: **14010** Unit: **177**

### Involved People
None

### Inventories
None

### Inventory Items
None

### Firearms
None

### Crime Scene Photos
Crime Scene Video Exists **NO**
**No photos exist**

### Involved Vehicles
None

### Narrative

The Chicago Police Department Forensic Firearms Lab received the following inventory under the above listed Incident/Records Division Number.

Per Chicago Police Forensic Firearms Laboratory Guidelines, a preliminary evaluation of the below listed fired cartridge cases was completed for entry into the National Integrated Ballistic Information Network (NIBIN) database. Standard microscope comparison for confirmation must be requested to the Illinois State Police Forensic Science Center.

INVENTORY:

15050664, containing one (1) fired .40 S&W cartridge case, assigned exhibit number A1, and labeled by reporting technician.
Submitted fired cartridge case head was cleaned with Acetone prior to this evaluation.

FINDINGS:

A preliminary evaluation of the cartridge cases was performed and it was determined that exhibit A1 is consistent with having been fired in a firearm capable of firing .40 S&W ammunition.
The fired cartridge case, exhibit A1 has a CIRCULAR type firing pin classification with NIBIN.

**Clinical Notes (continued)**

Patient ID:[U,1T] Dominique Cole[U,2T] ███ [U,1T] ███ [U,2T] [U,1T]

EXHIBIT 1 

## MSBTY FAMILY MEDICINE[U,3T]

### Chief Complaint
Patient presents with

- Follow-up
  *Suture removal*

### Subjective[U,2T]
### HPI:[U,1T]

Dominique Cole is a ██ y.o. female who obtained a laceration[U,1C] 1 week[U,1M] ago, which required closure with[U,1C] suture[U,1M]. Mechanism of injury:[U,1C] Patient sustained laceration in a motor vehicle accident[U,1M]. She denies pain, redness, or drainage from the wound.[U,1C] She denies fevers.[U,1M] Her last tetanus was[U,1C] 1 week ago at the time o█ hospitalization. Patient denies further injury since the motor vehicle accident. Patient also would like treatment for a yeast infection. She was being treated at the time of the accident and per report, her medication was in the car that was damaged in the incident.

Patient endorses white thick vaginal discharge and itching.

### Review of Systems[U,1M]

**ROS**
Constitutional: Denies fevers, weight loss, headache, weakness, or pain.
Eyes: Denies change in vision
ENT: Denies ear pain, congestion, rhinorrhea, changes/loss of hearing, sore throat, dysphagia
Cardiovascular: Denies chest pain, palpitations, irregular heart beat
Respiratory: Denies SOB, DOE, or cough
Gastrointestinal: Denies Nausea, vomiting, diarrhea, abdominal pains or changes in bowel habits
Genitourinary: Denies Dysuria, hematuria, incontinence, or genital lesions[U,1T], **endorses white cottage cheese vaginal discharge.**[U,1M]
Musculoskeletal: Denies joint pain, immobility or loss of function
Integumentary: Denies rash, easy bruisability, masses, or skin lesions
Neurological: Denies dizziness, weakness, parasthesias, loss of sensation
Psychiatric: Denies feelings of anxiety, depression, or mood swings

### Health Status
Allergies[U,1T]
No Known Allergies[U,2T]

I N D E X

IN RE: People vs. Adam Lujano
CASE NO: 22 CR 09181
DATE: July 17, 2023
PAGES: 1-180
COURT REPORTER LISA COLLINS, CSR

5 WITNESSES:

6 DETECTIVE EDWARD VILLALOBOS

7      By Ms. Williams, PPS. 8, 55

8      By The Defendant, PPS. 24, 60

9 DEFENDANT ADAM LUJANO

10      By The Defendant, P. 69

11      By Ms. Williams, P. 73

12 OFFICER ERIC LIANG

13      By Mr. Burke, P. 83

14      By The Defendant, P. 87

15 DETECTIVE EDWARD VILLALOBOS

16      By Ms. Williams, P. 102

17      By The Defendant, P. 114

18 ARGUMENTS:

19      By Mr. Burke, P. 118

20      By The Defendant, P. 137

21      By Ms. Williams, P. 141

22 VERDICT: P. 173

23

24 REPORTER'S CERTIFICATE: P. 180

1 | STATE OF ILLINOIS )
                    ) SS:
2 | COUNTY OF C O O K )

3 |       IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT - CRIMINAL DIVISION

4 |

5 | THE PEOPLE OF THE )
   STATE OF ILLINOIS, )
               Plaintiff, )

6 |                      )

7 |         -vs-         ) No. 22 CR 09181
                     )

8 | ADAM LUJANO, )
             Defendant. )

9 |             JURY TRIAL

10 |       REPORT OF PROCEEDINGS had before the

11 | HONORABLE THOMAS BYRNE, Judge of the Criminal Division,

12 | heard on the 17th day of July, 2023.

13 |    APPEARANCES:

14 |         HON. KIMBERLY M. FOXX,
        State's Attorney of Cook County, by:
15 |         MS. ANDREA WILLIAMS and
        MR. BRIAN BURKE,
16 |         Assistant State's Attorneys,
           Appeared for the People;

17 |

18 |         DEFENDANT ADAM LUJANO,
           Appeared Pro Se.

19 |

20 | Lisa Collins, CSR
   Official Court Reporter
21 | 2650 South California, Room 4C02
   Chicago, Illinois 60608
22 | License No. 084-004240

23 |

24 |

-1-

1  the advisory form, but I'll send back the photo array.

2  Do you have any objection to that?

3      THE DEFENDANT:  Yes, I do object, your Honor.  That

4  photo was altered.  I was beaten by Chicago Police.

5  They altered that picture.  I had blood running down my

6  face in the original picture.  It don't show that in

7  that.

8      THE COURT:  All right.  Over your objection, I'm

9  going to allow the photo array which is People's Exhibit

10  9 with Mr. Darden and People's 22 which was

11  Ms. Dominique Cole's photo array.

12          Now, any objection to People's 10 through

13  13, the video from gas station?  If you have no

14  objection --

15      THE DEFENDANT:  No objection.

16      THE COURT:  I'll allow it.

17          Then the photos, the stills from those,

18  People's 14 through 17, any objection?

19      THE DEFENDANT:  I don't remember which one stills

20  it was.

21      THE COURT:  It was stills inside that gas station

22  when Ms. Cole was inside with the person who was talking

23  to the clerk.

24      THE DEFENDANT:  That's fine.

1    THE COURT:  Those photos will be given to the jury
2  during the course of the deliberations.
3            People's 18 is a video after the crash and
4  Video 19 is inside the ambulance.  Any objection to
5  that?
6    THE DEFENDANT:  Inside of the ambulance?
7    THE COURT:  Yes.  There was a video recorded inside
8  the ambulance with Ms. Cole in there with her daughter.
9  She identified her daughter inside that ambulance with
10  her.
11    THE DEFENDANT:  No objection.
12    THE COURT:  Those will come in.
13            The photo of the jacket is People's 20.
14  Any objection?
15    THE DEFENDANT:  No.  Well, I do object, your Honor,
16  but that jacket was brought in from home.  It was never
17  even submitted into evidence.
18    THE COURT:  Right.  They are going to have the
19  jacket to look at because I'm sending it back at your
20  request.  The photo of the jacket I'm going to allow
21  also, People's 20.  21, the State is not asking the
22  advisory form go back, but the photo array 22 will go
23  back.
24            Then there is a photograph of the injury

—94—

EXHIBIT (FREE)

1    Q.    The police reports -- or specifically initial

2    police reports, are police reports generated to include

3    verbatim everything that had occurred?

4    A.    No.    They are written in summary.

5    Q.    You testified earlier that after Mr. Lujano had

6    been charged shortly after the photo arrays in March of

7    2022, at that time, that you had reviewed all reports

8    available to you; is that right?

9    A.    You said when he was charged?

10    Q.    Yes.    During your investigation until the time

11    Mr. Lujano was charged with the crime, you stated on

12    cross-examination that you reviewed all reports

13    available to you; is that correct?

14    A.    Correct.

15    Q.    Is that still true today?

16    A.    Yes.

17    Q.    Prior to this incident, Detective, did you know

18    Mr. Lujano?

19    A.    No.

20    Q.    Do you have any vendetta against Mr. Lujano?

21    A.    No.

22    Q.    When you compile a photo array, Detective, you

23    are able to use all photos that are available to you; is

24    that correct?

1     Q.   But you did recover video, pod video from that

2 second gas station along the route of Ashland; is that

3 right?

4     A.   That is correct.

5     Q.   From the pod video from that second gas

6 station, you are able to see a vehicle following another

7 vehicle; is that correct?

8     A.   That is correct.

9     Q.   That is the pickup truck following the victim's

10 vehicle from that second gas station; is that true?

11    A.   Correct.

12    Q.   Mr. Lujano asked you a couple questions about

13 the vehicle itself and whether or not you looked at that

14 burnt up vehicle.  Do you recall those questions?

15    A.   Yes.

16    Q.   As part of your entire investigation of this

17 shooting, did you have any information or evidence that

18 indicated to you that there would be shell casings

19 inside of that burnt up vehicle?

20    A.   No.

21    Q.   Mr. Lujano asked you about all of the police

22 reports that you had looked over or reviewed as part of

23 your investigation.  Do you recall those questions?

24    A.   Yes.

REDIRECT EXAMINATION

BY MS. WILLIAMS:

    Q.   Detective, Mr. Lujano asked you several
questions about Chicago Police Department procedures.
Do you recall those?

    A.   Yes.

    Q.   To the best of your ability and knowledge, did
you follow all protocol and procedures aligned with the
Chicago Police Department?

    A.   Yes.

    Q.   When you were assigned the case on February 16,
2022, you said you responded to the crime scene, but at
that point, there was no crime scene blocked off; is
that correct?

    A.   Correct.

    Q.   So you just walked the area that was described
to you where the incident had occurred; is that correct?

    A.   Correct.

    Q.   By the time that you had been assigned the case
the next day, there was -- the car had already been
taken away?

    A.   Correct.

    Q.   The crime scene that had been previously marked
off, the crime scene markers were no longer there; is

1 that right?

2     A.  Correct.

3     Q.  To the best of your knowledge, the Chicago

4 Police Department procedures and protocols, does every

5 single crime within the City of Chicago call for an

6 evidence technician to respond to the scene?

7     A.  No.

8     Q.  Does every single crime within the City of

9 Chicago call for somebody to come out and take

10 photographs of everything in the area?

11    A.  No.

12    Q.  To the best of your knowledge, the car had been

13 on fire and had been destroyed to the best of your

14 knowledge from the night before?

15    A.  Correct.

16    Q.  Now, Mr. Lujano asked you questions about

17 whether or not you saw from the videos a vehicle -- any

18 vehicles following from the first gas station to the

19 second gas station.  Do you recall those questions?

20    A.  Yes.

21    Q.  We don't have -- you didn't review any video

22 that shows the route from the first gas station to the

23 second gas station, did you?

24    A.  No.

1        MS. WILLIAMS:  Objection.

2    BY THE DEFENDANT:

3        Q.   To see if there were shell casings in this car?

4        MS. WILLIAMS:  Objection, your Honor.

5        THE COURT:  All right.  Do you understand the

6    question?

7        THE WITNESS:  No.

8        THE COURT:  The question, he had time to check that

9    car because it was a long period of time before it was

10   destroyed?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  All right.

13       THE WITNESS:  Yes.

14       THE COURT:  The answer is yes.

15   BY THE DEFENDANT:

16       Q.   But you didn't do it.  Why?

17       A.   The car was burnt out.  I didn't think there

18   was anything of evidentiary value.

19       Q.   The car is metal, correct?

20       THE COURT:  I think we did this already.  I allowed

21   you to come back to something that was asked and

22   answered.  But move on.

23   BY THE DEFENDANT:

24       Q.   So you wrote in your reports that the offender

—44—

```
 1   the Grand Jury you did investigate, to speak with

 2   relevant officers, relevant existing videotapes,

 3   interview witnesses, and relevant police reports?

 4        MS. WILLIAMS:  Objection, your Honor.

 5        THE COURT:  Sustained.  That's not impeaching.

 6   BY THE DEFENDANT:

 7        Q.   You know this car was destroyed?

 8        A.   What is that?

 9        Q.   Do you know that this car was destroyed?

10        A.   Not particularly.

11        Q.   Because you didn't investigate; is that

12   correct?

13        A.   I don't know the inner workings of how the

14   pound works.

15        Q.   They hold a car up to so long especially, if it

16   is a hazard?

17        MS. WILLIAMS:  Objection.

18        THE COURT:  Let me hear the question.  What is the

19   question?

20   BY THE DEFENDANT:

21        Q.   You had just enough time -- this case happened

22   in February.  This car wasn't destroyed until April.  So

23   you had enough time to go check this car and see if

24   there was bullet holes in it?
```

1     A.   Yes.

2     Q.   Did you know that the person in the car has

3  several gun charges on them?

4     MS. WILLIAMS:  Objection, your Honor.

5     THE COURT:  Sustained.

6  BY THE DEFENDANT:

7     Q.   By you not knowing all this stuff, did you go

8  to the Grand Jury?

9     A.   Yes, I was at the Grand Jury.

10     Q.   So you went to the Grand Jury and told them a

11  person been shot not knowing nothing; is that correct?

12     MS. WILLIAMS:  Objection, hearsay, and what is

13  contained in the Grand Jury.

14     THE COURT:  First of all, the objection is

15  sustained.

16          As, a different question.

17  BY THE DEFENDANT:

18     Q.   When you went to the Grand Jury to bring

19  charges upon somebody, did you tell the Grand Jury that

20  somebody was shot?

21     MS. WILLIAMS:  Objection, your Honor.

22     THE COURT:  Sustained, not impeaching.

23  BY THE DEFENDANT:

24     Q.   Did you go to the Grand Jury and said -- tell

BY THE DEFENDANT:

    Q.   You just took it upon yourself to review it as an aggravated battery?

    A.   No, I spoke with the victim.  She said she was shot.  That makes it an aggravated battery.

    Q.   When did you speak to this victim?

    A.   On the 16th of February.

    Q.   16th of February.  Did she call you?

    A.   She did not call me, no.

    Q.   So she came in and told you she was shot?

    A.   She did not come in and tell me she was shot. My sergeant assigned me this job to go investigate the aggravated battery.

    Q.   You never sent nobody out, you never went to 103rd and Doty to see if this car contained shell casings inside of it?

    MS. WILLIAMS:  Objection, asked and answered.

    THE COURT:  Overruled.

BY THE DEFENDANT:

    Q.   Or if there was bullet holes in it or send forensics out there or anybody out there to check this?

    A.   I did not.

    Q.   But you still said it is an aggravated battery not knowing this?

```
 1      Q.  You didn't see any EMT reports?  You want me to
 2   show you one?
 3      MS. WILLIAMS:  Objection, your Honor.
 4      THE COURT:  Sustained.
 5   BY THE DEFENDANT:
 6      Q.  So in order for you to investigate -- properly
 7   investigate a case, you would have to look at all these
 8   reports; am I correct?  That's your job?
 9      A.  What's the question?
10      Q.  It's your job to look at the EMT reports; is
11   that correct?
12      A.  During my investigation, I'm looking at
13   everything that's available to me.
14      Q.  So you didn't do it; you side-stepped your job?
15      A.  I didn't review any EMT reports.
16      Q.  Did you believe this was maybe a motor vehicle
17   accident?
18      A.  I was assigned a person shot investigation.  I
19   spoke with the victim.  She said she was shot.  I viewed
20   it as an aggravated battery.
21      Q.  You viewed it as an aggravated battery?
22      A.  Uh-huh.
23      THE COURT:  Is that a yes?
24
```

1       THE COURT:  Sustained.

2   BY THE DEFENDANT:

3       Q.   You charged me in September.  Why did it take

4   so long to charge me?

5       A.   Again, I would have to see my notes on when

6   exactly you were charged.  As soon as the photo arrays

7   were done, shortly thereafter I spoke with our area HITS

8   (phonetic) team who goes and looks for suspects.  I gave

9   them the information, and they were out to look for you.

10              You were arrested later, and you were in

11  custody.  I was on furlough and whatnot.  By the time I

12  got back, interviewed you, and then I presented the case

13  to the State.

14      Q.   As you are doing all these reports, how did you

15  come to the conclusion a person been shot or a person

16  been hurt?

17      A.   I spoke with the victims.  They told me they

16  were shot.

19      Q.   You spoke to the victims, but you didn't speak

20  to EMT's or doctors?

21      A.   I did not.

22      Q.   You didn't look at doctor reports, EMT reports?

23      A.   I didn't see any EMT reports, but medical

24  reports I'm sure I reviewed.

1          It appears to me that this is a question
2   the jurors have regarding the law of attempt
3   first-degree murder.  I suggest that I should answer
4   this question.  I'm going to write back to the jurors,
5   and this is my suggestion:
6          You have the instructions on the law.
7   Please continue your deliberations.
8          Is that agreeable?
9      MS. WILLIAMS:  It is agreeable to the State, your
10  Honor.
11     THE COURT:  Mr. Lujano?
12         I could include you have the instructions
13  on the law regarding the charges of attempt first-degree
14  murder or just leave it general, whatever you like.
15         Do you have a position, State?  Do you
16  want it specific towards attempt first-degree murder or
17  just on the law?
18         Do you have any input, Mr. Lujano?
19     THE DEFENDANT:  Attempt murder, I would think you
20  have to shoot somebody or have a gun with you to be an
21  attempt murder.  Wouldn't it?
22     THE COURT:  You are asking me?
23     THE DEFENDANT:  I believe you need a weapon to try
24  to kill somebody.

1     THE COURT: If you think about it, that is not
2 necessarily true in all situations. You can try to kill
3 someone with a knife, a baseball bat, a car.

4     THE DEFENDANT: But this is not the situation, your
5 Honor.

6     THE COURT: That is why I'm suggesting since they
7 heard all the evidence, that they refer to the law that
8 we instructed the jury on. I'm not going to tell them
9 how to interpret the facts in the case. I think that is
10 part of the question.

11     I would be inclined to direct them look at
12 those instructions that you have and refer to those
13 instructions and continue to deliberate.

14     THE DEFENDANT: How about for the attempt murder,
15 there has to be something in the law saying what attempt
16 murder is.

17     THE COURT: Yes, that is in the instructions, and
18 that is why -- that is exactly why I'm going to refer
19 them to those instructions. I think you are absolutely
20 right, Mr. Lujano.

21     MS. WILLIAMS: I know you asked the question
22 earlier. Our opinion would be to be specific as they
23 are specific to the attempt murder charge, that they
24 have the law regarding the attempt murder charge.

1      MS. WILLIAMS: Yes, Judge.

2      THE COURT: So you are not going to bring back to

3   the jury the certified copies of the conviction, the

4   inventory report of the officer, or the photo array

5   advisory forms for Ms. Cole or Mr. Darden. Otherwise,

6   all the exhibits for both sides will go back for their

7   consideration.

8      MS. WILLIAMS: Yes, your Honor.

9      THE COURT: Is there anything else from the

10  parties?

11            Nothing from the State? Nothing from

12  Mr. Lujano?

13     MS. WILLIAMS: No, your Honor.

14     THE COURT: We will be in recess until we hear

15  something from the jury.

16            (A recess was taken.)

17     THE COURT: This is the matter of People versus

18  Adam Lujano.

19            Mr. Lujano is present in court

20  representing himself. State is also present.

21            At 4:42, we received a note from -- the

22  deputy sheriff received a note from the jurors that

23  reads as follows: Is the attempt first-degree murder

24  charge dependent upon a gun being fired?



1   should they be needed.

2              Is that agreeable with both sides?

3       THE DEFENDANT:  That's fine.

4       MS. WILLIAMS:  Yes, your Honor.

5       THE COURT:  State, you have the jury instructions,

6   clean copy?

7       MS. WILLIAMS:  Yes, your Honor.

8       THE COURT:  When I was reviewing it, I did see that

9   there was a verdict form that was missing.  Did you see

10  that?

11      MS. WILLIAMS:  I did send it to Angie, see if she

12  could print it for me.

13      THE COURT:  The instructions were proper in the

14  marked copies.  But in the clean copy, there was a jury

15  instruction for the additional allegation that the

16  defendant in connection with the attempt first-degree

17  murder of Dominique Cole was armed with a firearm and

18  personally discharged the firearm was proven.

19              Did you insert that?

20      MS. WILLIAMS:  I did, Judge.

21      THE COURT:  Did you see that was missing?

22      MS. WILLIAMS:  I did, Judge.

23      THE COURT:  That is for the deputy.  You can give

24  her the exhibits also.

 1 | finished with the trial.  I am going to take a short
 2 | recess now and have you back out here in about ten
 3 | minutes or so.
 4 | During the break, don't discuss the
 5 | testimony that you have heard or anything about the case
 6 | with one another.  Please don't let anyone discuss the
 7 | case with you.
 8 | All rise for the jury.
 9 | (The following proceedings were had in
10 | open court out of the presence and
11 | hearing of the jury:)
12 | THE COURT:  State has rested their case.
13 | Mr. Lujano, do you have anything?
14 | THE DEFENDANT:  I would like to put a motion in for
15 | a directed verdict of not guilty, your Honor.
16 | THE COURT:  All right.  As to the motion for a
17 | directed finding at the close of the State's case, do
18 | you have any argument, anything in particular you would
19 | like me to consider?
20 | THE DEFENDANT:  Your Honor, I would like to
21 | consider that the victim was never shot or grazed in
22 | this matter.  There were several reports.  EMT's stated
23 | that nobody was ever shot.  No signs of gunshot wounds.
24 | Medical records stated laceration from motor vehicle

1 | accident, your Honor.

2 | The victim lied several times about being
3 | grazed. There was no photo arrays. There ain't no
4 | pictures. Forensics has no knowledge of a crime ever
5 | being committed on this case, your Honor.

6 | There was a shell casing found with no
7 | proper chain of custody. Forensics don't have any
8 | knowledge of it. Nobody in this case saw anybody being
9 | shot or shot at.

10 | 911 dispatch said no one shot. Female
11 | victim isn't shot, just cut. No one shot on the scene.

12 | The police officer failed to investigate
13 | this crime in the proper manner that policies and
14 | procedures of the City of Chicago they supposed to
15 | follow. They did not send a forensic out there to check
16 | this car to see if there were shell casings before they
17 | destroyed it.

18 | They had several months for them to send
19 | somebody out there and see if this car had shell casings
20 | in it, if this man was shooting a gun at somebody or if
21 | there was even a crime being committed in this matter.
22 | Your Honor, there is no pictures of the accused in the
23 | gas station with any weapons in his hand.

24 | Your Honor, this is why I'm moving for a

```
 1  directed verdict of not guilty, your Honor.

 2       THE COURT:  Mr. Lujano, after considering the

 3  testimony of Ms. Cole, Mr. Darden, the exhibits that

 4  were received during the course of the trial,

 5  considering the actual evidence that was admitted

 6  properly to the jury, and after reviewing that evidence

 7  that I heard during the course of the State's case and

 8  viewing that evidence in the light most favorable to the

 9  prosecution, which is the burden at this juncture in the

10  proceedings, it is my finding that any rational trier of

11  fact could have found the essential elements of the

12  crime beyond a reasonable doubt.  Therefore, your motion

13  is denied.

14       THE DEFENDANT:  I object to that, your Honor.

15       THE COURT:  I'll note the objection to my ruling.

16            Do you have any evidence?

17       THE DEFENDANT:  Excuse me?

18       THE COURT:  Do you have any evidence that you would

19  like to present in your case?

20       THE DEFENDANT:  Have I had who?

21       THE COURT:  Do you have any witnesses that you

22  would like to call, any stipulations?

23       THE DEFENDANT:  It makes no sense in me calling

24  Kilroy.  There is another officer that never seen the
```

1  crime ever being committed.

2      THE COURT:  I'm asking if you have someone.

3      THE DEFENDANT:  I wanted the EMT's, the doctors,

4  but they said they were too busy, which we live in

5  Chicago.  There is several doctors.  We did subpoena

6  them.  The state's attorneys subpoenaed them several

7  times.

8      THE COURT:  Let me ask you this:  Do you have any

9  witnesses that you would like to call or stipulations

10 that you would like to enter at this time, any

11 agreements with the State that you want to put on the

12 record?

13     THE DEFENDANT:  I don't agree to anything.

14     THE COURT:  I can't hear you.

15     THE DEFENDANT:  No, sir.

16     THE COURT:  Would you like the opportunity to

17 testify yourself in this case or not?  That's a decision

18 of course that belongs to you.

19     THE DEFENDANT:  Yes, I would like to testify.

20     THE COURT:  Are you ready to do that right now?

21     THE DEFENDANT:  Not at this moment.  I would like

22 something to drink.  I'm really thirsty.

23     THE COURT:  We will take about five more minutes,

24 get something to drink.  I'm going to have you testify

1   armed with a firearm and personally discharged a firearm

2   was not proven.

3         We, the jury, find the allegation that

4   during the commission of the offense of attempt

5   first-degree murder of Cedric Darden, the defendant was

6   armed with a firearm and personally discharged a firearm

7   was not proven.

8         We, the jury, find the allegation that

9   during the commission of the offense of attempt

10   first-degree murder of Dominique Cole, the defendant was

11   armed with a firearm and personally discharged a firearm

12   that proximately caused permanent disfigurement was not

13   proven.

14         We, the jury, find the defendant Adam

15   Lujano not guilty of aggravated discharge of a firearm

16   for Cedric Darden.

17         We, the jury, find the defendant Adam

18   Lujano not guilty of aggravated discharge of a firearm

19   for Dominique Cole.

20   THE COURT:  Thank you, Madam Clerk.

21         Mr. Lujano, would you like the jury polled

22   in this matter regarding their verdicts?

23   THE DEFENDANT:  What do you mean?

24   THE COURT:  Individually asked if those were their

```
 1      THE COURT:  Bring the jury out.
 2                  (The following proceedings were had in
 3                  open court in the presence and hearing
 4                  of the jury:)
 5      THE COURT:  Ma'am, are you the foreperson of the
 6   jury?
 7      THE FOREPERSON:  Yes, sir.
 8      THE COURT:  Has the jury reached verdicts in the
 9   case?
10      THE FOREPERSON:  Yes.
11      THE COURT:  Could you please hand those verdict
12   forms to the deputy sheriff.
13                  The jury verdict forms are in order.
14                  Madam Clerk, would you please publish the
15   jury's verdicts.
16      THE CLERK:  We, the jury, find the defendant Adam
17   Lujano guilty of attempt first-degree murder of
18   Dominique Cole.
19                  We, the jury, find the defendant Adam
20   Lujano guilty of attempt first-degree murder of Cedric
21   Darden.
22                  We, the jury, find the allegation that
23   during the commission of the offense of attempt
24   first-degree murder of Dominique Cole, the defendant was
```

WAS IT A DIFFERENT
TRUCK?

1  vehicle near the location of the shooting on the date

2  of the incident?

3      A.  Yes.

4      Q.  That the defendant was over the age of 18 at

5  the time of the occurrence?

6      A.  Yes.

7      Q.  That all events occurred within Cook County,

8  Illinois?

9      A.  Yes.

10     MR. KALLIANTASIS:  Any questions?

11             (No response.)

12     MR. KALLIANTASIS:  Nothing further.  You may step

13  down.

14  NO MINUTES    (Witness excused.)

15             (Whereupon, the Grand Jury was left
               alone to deliberate after which the
16             following proceedings were had:)

17     SERGEANT AT ARMS:  True Bill.

18             (Whereupon, the above-entitled cause
               was continued for arraignment
19             before the Presiding Judge of the
               Criminal Division.)

20

21

22

23

24

7

725 ILCS 5/32-2
720 PERJURY (A) IS A CLASS (3)
FELONY

1    Q.  That Chicago police and emergency medical
LIED 2  services eventually arrived on the scene?

3    A.  Yes.

4    Q.  That Victim Cole suffered a gunshot wound to

5    the left arm? DIDN'T YOU SEE HER MEDICAL RECORDS?
                    IN THOSE RECORDS DID IT SAY E??
6    A.  Yes.       WHAT HER WOUNDS WAS??

7    Q.  That surveillance video from the first gas

8    station was recovered and captured the defendant and

9    the defendant's face? 2.

10   A.  Yes.

2.
11   Q.  That investigating detectives used the

12   surveillance still from that gas station and sent out

13   an alert?

14   A.  Yes.

15   Q.  That investigating detectives learned the

16   defendant's identifying information through that alert

17   and generated a photo array? WHO ID HIM?

18   A.  Yes.

19   Q.  That both Victim Cole and Victim Darden

20   positively identified the defendant as the offender in

21   this case?
                    DID THEY
22   A.  Yes.        REALY POSITIVELY
                     I.D ME

23   Q.  That POD camera video surveillance also
WHAT
WAS  24  captures the defendant's vehicle and the victim's
SEEN
                DID YOU LOOK UP
                IN THE DMV TO SEE

DIDN'T CALL
COPS WHY?

DID YOU
SEE
ON VIDEO
THIS
HAPPEN?

NEVER
SEEN FACE

1      Q.  That Victim Darden and Victim Cole eventually

2   entered the gas station Subway store, and the defendant

3   left the scene in a vehicle?

4      A.  Yes.

5      Q.  That Victim Darden and Victim Cole eventually

6   returned to their car and left the gas station with

7   Victim Cole driving?

8      A.  Yes.

9      Q.  That the victims drove away from the gas

10  station?

11     A.  Yes.

12     Q.  That the defendant then drove by the victim's

13  vehicle and then fired multiple shots at the victim's

14  vehicle?

15     A.  Yes.

16     Q.  And, for the record, it's multiple gunshots,

17  correct?

18     A.  Correct.

19     Q.  That the victims observed the defendant's face

20  inside of the offending vehicle?

21     A.  Yes.

22     Q.  That the victim's vehicle crashed into a pole

23  and caught fire?

24     A.  Yes.

5

1    Q. That the victims observed the defendant, Adam

2    Lujano, inside the store arguing with one of the

3    clerks?

4    A. Yes.

5    Q. That the victims observed the defendant leave

6    the gas station?

7    A. Yes.

8    Q. That the victims eventually left the gas

9    station themselves and relocated to another gas station

10   that had a Subway attached?

11   A. Yes.

12   Q. That upon arriving, Victim Darden and Victim

13   Cole exited their vehicle and began walking into the

14   Subway store? SHELL

15   A. Yes.

16   Q. That the victims observed the defendant at that

17   same gas station outside of his vehicle?

18   A. Yes.

19   Q. That the defendant spoke to Victim Darden, but

20   Victim Darden ignored him at first?

21   A. Yes.

22   Q. That the defendant then brandished a firearm at

23   Victim Darden and Victim Cole and made verbal threats?

24   A. Yes.

*Handwritten annotations:*
ON THE POLICE REPORTS STATES DIFFRONT?
WITH WE HAD WORD REPORT STATES
HE STATED HE SEEN A VIDEO IN GAS STATION NEVER SEON A GUN?

```
 1                    EXAMINATION

 2              BY MR. KALLIANTASIS:

 3      Q.  Detective, have you been sworn today?

 4      A.  Yes.

 5      Q.  Can you please state your name, star number,

 6  and unit of assignment.

 7      A.  Detective Villalobos, V-i-l-l-a-l-o-b-o-s,

 8  Star No. 212, Unit 610.

 9      Q.  Were you assigned to investigate a crime

10  committed on or about February 15th, 2022, in the area

11  of 3502 South Ashland Avenue in Chicago, Cook County,

12  Illinois?          How ABOUT 33AND WOOD ?

13      A.  Yes.

14      Q.  As part of your investigation, did you speak

15  with relevant officers, review existing videos,      SEEN

16  interview witnesses, and review police reports?      NO
                                                         GUN
17      A.  Yes.

18      Q.  Did your investigation reveal that on

19  February 15th, 2022, victim, Dominique,

20  D-o-m-i-n-i-q-u-e, last name C-o-l-e, and victim,

21  Sedrec Darden, S-e-d-r-e-c, last name D-a-r-d-e-n,

22  arrived at a gas station at Archer and Wood in Chicago,

23  Illinois?

24      A.  Yes.
```

```
 1                    EXAMINATION

 2              BY MR. KALLIANTASIS:

 3     Q.  Detective, have you been sworn today?

 4     A.  Yes.

 5     Q.  Can you please state your name, star number,

 6  and unit of assignment.

 7     A.  Detective Villalobos, V-i-l-l-a-l-o-b-o-s,

 8  Star No. 212, Unit 610.

 9     Q.  Were you assigned to investigate a crime

10  committed on or about February 15th, 2022, in the area

11  of 3502 South Ashland Avenue in Chicago, Cook County,

12  Illinois?

13     A.  Yes.

14     Q.  As part of your investigation, did you speak

15  with relevant officers, review existing videos,

16  interview witnesses, and review police reports?

17     A.  Yes.

18     Q.  Did your investigation reveal that on

19  February 15th, 2022, victim, Dominique,

20  D-o-m-i-n-i-q-u-e, last name C-o-l-e, and victim,

21  Sedrec Darden, S-e-d-r-e-c, last name D-a-r-d-e-n,

22  arrived at a gas station at Archer and Wood in Chicago,

23  Illinois?

24     A.  Yes.
```

1     THE FOREPERSON:  Would you raise your right hand,
2   please.

3                     (Witness duly sworn.)

4     MR. KALLIANTASIS:  For the record, this is Grand
5   Jury No. June 1070.  I am Assistant State's Attorney
6   Loukas Kalliantasis from the Preliminary Hearing Grand
7   Jury Unit.

8            Today the People are seeking a true bill of
9   indictment against Adam Lujano for the offenses of
10   attempt murder, aggravated battery with a firearm, and
11   aggravated discharge of a firearm.

12           The Grand Jury has the right to subpoena and
13   question any person against whom the State's Attorney
14   is seeking a bill of indictment or any other person and
15   to obtain and examine any documents or transcripts
16   relevant to the matter being prosecuted by the State's
17   Attorney.

18           At this time the People call Detective
19   Villalobos.

20                     DETECTIVE VILLALOBOS,
21   called on behalf of the People of the State of
22   Illinois, after having been first duly sworn, was
23   examined and testified as follows:

24

                              2

EXHIBIT (B2)

```
 1      IN RE:  PEOPLE VS. ADAM LUJANO

 2                  GJ# JUN 1070

 3                  22-CR-0918101

 4              ARR. DATE - AUGUST 23, 2022

 5

 6

 7          BEFORE THE GRAND JURY OF COOK COUNTY

 8                    JUNE 2022

 9

10           REPORT OF GRAND JURY PROCEEDINGS on

11     August 9, 2022, at the Cook County Criminal Courts

12     Building, 2600 South California Avenue, Chicago,

13     Illinois 60608.

14

15     PRESENT:
       HONORABLE KIMBERLY M. FOXX
16     State's Attorney of Cook County, Illinois, by:
       MR. LOUKAS KALLIANTASIS:
17     Appeared on behalf of the People
       of the State of Illinois
18

19     WITNESS:  DETECTIVE VILLALOBOS

20

21
       REPORTED BY:
22     GIANNA HRONOPOULOS
       CERTIFIED SHORTHAND REPORTER
23     2650 SOUTH CALIFORNIA AVENUE
       CHICAGO, ILLINOIS 60608
24     ILLINOIS CSR LICENSE NO. 084-004330
```

S.P
HiM

1

AD AM LUJAVO 56855

1300 LANG CT

BARABOO WI 53913

UNITED STATES DISTRICT COURT

219 SOUTH DEARBORN ST

CHICAGO IL 60604

24-cv-865
Judge Kendall
Magistrate Judge McShain
PC 6 RANDOM

US POSTAGE
PAID MI
01/23/2024
From 53913
1 lbs 4 ozs
Zone 3

Pitney Bowes
CommPrice
NO SURCHARGE

028W0002310118

9052293645

USPS PRIORITY MAIL®

Expected Delivery Date: 01-25-2024

0003

C005

SAUK COUNTY BUILDING SVCS
505 Broadway St. Rm B-04
Baraboo WI 53913-2404

UNITED STATES DISTRICT COURT
219 S DEARBORN ST
CHICAGO IL 60604-1702

USPS TRACKING #

9405 5091 0515 6059 0878 16







01/30/2024-13

RECEIVED

THOMAS
CLERK US DISTRICT COURT